UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

MUSI INC.,

    Plaintiff,

v.

APPLE INC.,

    Defendant.

Case No. 5-24-cv-06920

**DECLARATION OF MICHAEL S. ELKIN IN SUPPORT OF PLAINTIFF MUSI INC.'S MOTION FOR PRELIMINARY INJUNCTION**

I, Michael S. Elkin, declare as follows:

1. I am an attorney at law duly licensed to practice before the courts of the State of New York, and a partner at the law firm of Winston & Strawn LLP. I have served as outside counsel to Musi Inc. in its sporadic communications with YouTube Inc.

2. In April 2021, YouTube's outside counsel raised several questions regarding the Musi app's functionality. I promptly responded to those questions on behalf of Musi as outside counsel; yet YouTube never replied.

3. In March 2023, YouTube sent a complaint notification to Apple about the Musi app, stating only "YouTube TOS Violations." After I promptly responded, YouTube again failed to reply.

4. On August 8, 2024, Apple—via representatives of its App Store—emailed Musi, stating that it had received a notice from "YouTube Legal" on July 29, 2024 "that Claimant believes" the Musi app "infringes its intellectual property rights. In particular, Claimant believes [the Musi app] infring[es] its terms of use," and directed Musi to "see their comments below." The referenced "comments" only stated: "violating YouTube Terms of Service." The email did not provide any other details about the basis for Complainant's assertions. Neither the nature of Complainant's intellectual property nor the specific sections of Complainant's Terms of Service allegedly violated were referenced. A copy of that correspondence is attached as Exhibit A.

5. As Musi's outside counsel, I promptly responded on August 12, 2024, and explained

to Apple that Complainant's accusations were "unsubstantiated" and that Musi had previously contacted Complainant directly to resolve the dispute. A copy of that correspondence is attached as Exhibit B.

6. On September 6, 2024, Complainant emailed Apple again, inaccurately claiming that Musi had failed to initiate contact to resolve the matter. In doing so, Complainant carbon copied—without explanation—several third parties that have no apparent relation to the matter. I responded to correct the record and reiterated that the Musi app did not infringe Complainant's intellectual property or violate Complainant's terms of service. I also invited Complainant to discuss its concerns. But again, I did not receive a response from Complainant. My correspondence with Apple can be found in Exhibit B. And my separate correspondence with Complainant—where I invited Complainant to discuss its concerns—is attached as Exhibit C.

7. Having heard nothing from Complainant or Apple, I followed up with Apple on September 19 and again on September 24. Both follow-up communications are attached as Exhibit D.

8. Apple responded by simply stating: "your app will be removed from the App Store on the basis of intellectual property infringement." That correspondence is attached as Exhibit E.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on October 9, 2024 in San Francisco, California.

          /s/ Michael S. Elkin
          Michael S. Elkin

"I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document."