Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
chris.johnstone@wilmerhale.com

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
jennifer.milici@wilmerhale.com

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
mark.ford@wilmerhale.com

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 5:24-cv-06920 <br><br> **DECLARATION OF VIOLET EVAN-KARIMIAN IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO MUSI INC.'S MOTION FOR A PRELIMINARY INJUNCTION** <br><br> Judge: The Honorable Eumi K. Lee <br> Hearing Date: January 9, 2025 <br> Hearing Time: 12:00 p.m. <br> Courtroom: 7 |

Case No. 5:24-cv-06920

DECLARATION OF VIOLET EVAN-KARIMIAN
ISO OPPOSITION TO MUSI'S PI MOTION

Pursuant to Civil Local Rule 7-5, I, Violet Evan-Karimian, declare as follows:

1. I am employed as Senior Legal Counsel for Apple Media Services at Apple Inc. ("Apple"). I have worked at Apple since 2012 and was promoted to my current role in or around September 2022. In my role as Senior Legal Counsel, I am responsible for, among other things, third-party complaints made to Apple regarding apps distributed through Apple's App Store. The facts stated below are based on my personal knowledge as well as on company records maintained in the ordinary course of Apple's business. If called as a witness, I could and would testify competently to the facts herein. I submit this declaration in support of Defendant Apple Inc.'s Opposition to Musi Inc.'s ("Musi") Motion for Preliminary Injunction.

2. Apple is committed to making App Store a safe and trusted place for users to download apps and a platform that respects the rights of third-party content creators. As part of this commitment, Apple maintains a process through which third parties can submit complaints to Apple if they have concerns about an app made available on App Store. Among other things, Apple makes available an on-line form for individuals and entities to formally submit an "App Store Content Dispute" if they believe their intellectual property rights are violated by an app. Apple receives, on average, more than ten thousand third-party complaints about App Store apps each year.

3. Apple has received over a dozen third-party complaints concerning Musi's app titled "Musi – Simple Music Streaming" (the "Musi app"), including complaints that the Musi app violates the intellectual property rights of those third parties. Among the organizations that have submitted third-party complaints about the Musi app are Universal Music Group ("UMG"); the Recording Industry Association of America ("RIAA"); Sony Music Entertainment ("SME"); and the International Federation of the Phonographic Industry ("IFPI").

4. Many of the third-party complaints against the Musi app concern allegations of copyright infringement. By way of recent example, the IFPI complaint submitted to Apple on July 27, 2023, asserted that the Musi app was communicating; making available to the public; reproducing; enabling others to reproduce; and/or distributing the works of IFPI members made

available on YouTube (the "IFPI Member Content") in violation of their copyrights. IFPI articulated the bases for its complaint in further communications with Musi and with Apple. Attached hereto as **Exhibit 1** is a true and correct copy of the email communications between IFPI, Musi, and Apple taking place between July 27, 2023 and May 7, 2024. Specifically, in email communications dated October 31, 2023; January 17, 2024; February 27, 2024; April 15, 2024; and May 7, 2024, IFPI outlined its position that the Musi app circumvents certain technical protection measures ("TPMs") implemented by YouTube to ensure that content made available on YouTube—including IFPI Member Content—is used only as authorized by the copyright holder. In its April 15, 2024 email to Apple, IFPI stated that "[i]n light of this explanation and our continued correspondence with you regarding this app more generally, please note that we consider that Apple has the requisite knowledge of this illegal activity as referred to in Article 6 of the EU Digital Services Act." In its email of May 7, 2024, IFPI reiterated its "good faith belief that these activities are not authorised by the relevant copyright holders" and asked that Apple "please remove the Musi App from the app Store without any further delay."

5. In the course of the email communications between IFPI, Musi, and Apple described above, both IFPI and Musi shared additional correspondence from counsel for both companies with Apple. Each of those communications discussed the specific legal objections raised by IFPI. Attached hereto as **Exhibit 2** is a true and correct copy of an October 25, 2023 letter from IFPI to counsel for Musi, shared with Apple on October 31, 2023. Attached hereto as **Exhibit 3** is a true and correct copy of a December 20, 2023 letter from IFPI to counsel for Musi, shared with Apple on February 27, 2024. Attached hereto as **Exhibit 4** is a true and correct copy of an April 17, 2024 letter from counsel for Musi to Apple, attached to Musi's email correspondence of April 17, 2024. Attached hereto as **Exhibit 5** is a May 7, 2024 letter from IFPI to counsel for Musi, shared with Apple on May 7, 2024.

6. In April 2024, a representative from IFPI member SME reached out to Apple to follow up on SME's own complaint against the Musi app submitted on July 31, 2023. The SME complaint, like the IFPI complaint, alleged that the Musi app was engaging in the unauthorized

distribution of its members' works in violation of their copyrights. In its April 2024 outreach to Apple, SME stated its belief that the Musi app sources SME music content by circumventing YouTube's Technical Protection Measures ("TPMs").

7. Following the complaints and outreach from IFPI, SME, and others, on July 15, 2024, I participated in a phone call with Apple's relationship contact at YouTube, along with in-house counsel from both YouTube and Apple, to follow up on earlier complaints YouTube itself had submitted regarding the Musi app. During this phone call, YouTube confirmed its position that the Musi app violates YouTube's Terms of Service, including by misusing YouTube's Application Programming Interface ("API"). YouTube also requested the removal of the Musi app from App Store.

8. Following the July 15 phone call, on July 29, 2024, YouTube emailed Apple reiterating its position that the Musi app was violating YouTube's Terms of Service. We promptly notified Musi of the YouTube complaint, provided Musi contact information for YouTube Legal, and stated that Apple awaited either confirmation that the complaint had been resolved or that the parties were taking steps to resolve the complaint.

9. On September 11, 2024, Apple received a letter from the National Music Publishers Association ("NMPA") submitted in support of YouTube's July 2024 complaint against the Musi app. Attached hereto as **Exhibit 6** is a true and correct copy of the September 11, 2024 letter Apple received from the NMPA. The NMPA letter described the Musi app, detailed the purported violations of the YouTube Terms of Service, and the harm NMPA's members claimed to suffer as a result.

10. Apple has periodically followed up with both YouTube and Musi. To date, however, YouTube has not confirmed to Apple that its complaint about the Musi app has been resolved.

11. Apple removed the Musi app from App Store in September 2024 following the concerns raised by YouTube as to Musi's alleged violations of the YouTube Terms of Service and misuse of YouTube's API and the objections raised by IFPI, SME, NMPA, and the other third-

party complainants within the music industry.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of November 2024 in Cupertino, California.

By: /s/ Violet Evan-Karimian
Violet Evan-Karimian