# Exhibit 1



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

May 5, 2021

**Via Electronic Email**

Anthony Weibell, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

      Re:    **Your April 22, 2021 Correspondence on Behalf of YouTube re: Musi Inc. – Apple Inc. – Reference No. APP44644-F**

Dear Mr. Weibell:

      As you know, Winston & Strawn LLP represents Musi Inc. ("Musi") in connection with this dispute. Please correspond with me directly on this matter going forward. I write in response to your correspondence on behalf of YouTube LLC ("YouTube") dated April 22, 2021 ("Your April 22 Letter"). Your letter claims that Musi's app breaches YouTube's Terms of Service. For the reasons discussed below, we respectfully disagree.

      As your client knows, Musi has been in dialogue with YouTube for more than five years now—since at least 2015—and has repeatedly expressed its commitment to offer an app that fully complies with YouTube's Terms of Service. Whenever YouTube has raised an issue with an aspect of Musi's app functionality, Musi has in good faith endeavored to either a) adjust its app functionality, or b) explain why its app is fully compliant. In this same spirit, Musi addresses in detail below each of the claims in your April 22 Letter.

      Your April 22 Letter makes a series of claims that appear to be based on a misunderstanding of how the Musi app works and interfaces with YouTube. I address them each in turn.[1]

---

[1] You also speculate that Musi is distributing a Musi Free App APK for Android, offered at https://baixarapk.gratis/en/app/591560124/musi-simple-music-streaming ("Musi APK"). Musi has no connection with this Android app. Musi has *only* ever offered its app through the Apple App Store; any "Musi" apps advertised for Android / APK are not developed or distributed by Musi Inc. Musi has explained this to YouTube's representatives on multiple occasions.


May 5, 2021
Page 2

    First you claim that "it appears that the Musi App is accessing and using YouTube's non-public interfaces not intended for use by third parties and is using such unauthorized interfaces to access and display YouTube content and data. . . ." April 22 Letter at 1. That is not accurate. At no point does the Musi app access YouTube's non-public interfaces. Web requests are made directly from user devices to the publicly facing YouTube website. Once the website returns a response, that response is parsed by the app, on the user device, and the resulting data is either played (in the case of a video) or displayed (in the case of a search/playlist page). This is by no means a novel way of accessing the YouTube website; and is identical to the manner in which any web browser would access the YouTube website.

    Thus, your claim that the Musi app violates YouTube's Terms of Service on the basis that it is accessing YouTube's non-public interfaces without authorization is unfounded. Similarly, at no point does Musi circumvent, disable, or otherwise interfere with any security measures implemented by YouTube. Musi also does not use automated means (like bots or scrapers). Rather, the Musi app allows a user to directly access the YouTube site to interact with content selected by the user. Musi does not "alter" or "modify" such content. The Musi app merely provides a user with enhanced functionality to interact with publicly available content on YouTube's website that the user is otherwise entitled to access. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 1003 (9th Cir. 2019) (while hiQ's website scraping is distinguishable from how the Musi app operates, this case makes the important distinction between content available on "public websites" like LinkedIn and "non-public or 'restricted' websites"). YouTube videos are not stored on Musi's servers, and Musi does not otherwise modify the YouTube content streamed to users.

    For similar reasons, your claim that Musi violates YouTube's prohibition on use of its service for "other than personal, noncommercial use," April 26 Letter at 2, is not well founded as it is Musi's users who access YouTube. The Musi app merely allows users to access YouTube's publicly available website through a functional interface.

    Finally, your claim that Musi violates YouTube's prohibition on the sale of advertising "on any page of any website or application that only contains Content from the Service or where Content from the Service is the primary basis for such sales," April 22 Letter at 2, lacks merit. Musi has addressed this point several times in past correspondence with YouTube. The functionality offered by the Musi app is of sufficient value to justify Musi's advertisement sales. The Musi application is not a static video viewing application, or a bald replication of YouTube's interface. Instead, Musi offers significant functionality with an augmentative interface. A sufficient amount of information *not* obtained from YouTube—specifically, Musi's proprietary user interface components and proprietary organizational functionality/metadata such that YouTube content is not the "primary basis" for Musi's advertising. The Musi app also allows users to "mix" or "EQ" the audio output of videos in real time, and even offers equalizer presets (such as "Bass++" or "Acoustic"). In addition, Musi's interface allows users to



May 5, 2021
Page 3

view song lyrics as they stream the videos (with a "lyrics" feature powered by the popular lyric aggregator Genius.com).

The Musi app allows users to interact with YouTube's publicly available content with added functionality. Musi's functionality only interacts with public-facing YouTube webpages; the app does not "hack," scrape, or circumvent YouTube's interface, system, or content. It allows users to access YouTube's content without modification, for that user's "personal, non-commercial use," in keeping with YouTube's Terms of Service. Musi does not store YouTube content on its servers, and YouTube content does not pass through Musi's system. Rather, content is streamed directly from YouTube to a user's device per a user's request.

In light of this clarification of how the Musi app works, we respectfully disagree that the use of the app by Musi's users violates YouTube's Terms of Service. For years, Musi has corresponded and engaged with YouTube in good faith, and Musi remains committed to an ongoing dialogue. This letter is without prejudice to any claims or defenses Musi may have, each of which is expressly reserved.

Sincerely,

*/s/ Michael S. Elkin*

Michael S. Elkin
WINSTON & STRAWN LLP
*Attorneys for Musi Inc.*

cc: Musi Inc.