Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Fransisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

*Attorneys for Plaintiff Musi Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 5:24-cv-06920-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: The Honorable Eumi K. Lee<br>Hearing Date: January 9, 2025<br>Hearing Time: 2:00 p.m.<br>Courtroom: 7 |

Pursuant to Federal Rules of Civil Procedure 16 and 26, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Court's Standing Order for Civil Cases, and the Court's Order on December 10, 2024 (Dkt. 32), counsel for Plaintiff Musi Inc. ("Musi") and counsel for Defendant Apple Inc. ("Apple," and collectively with Musi, the "Parties"), have met and conferred on certain issues and respectfully submit this Joint Case Management Statement in advance of the initial case management conference on January 9, 2025, at 2:00 p.m.[1]

## 1.  Jurisdiction and Service

The Parties agree that the Court has subject matter jurisdiction over Musi's claims under 28 U.S.C. §1332(a) (diversity jurisdiction) because Musi is a foreign corporation with citizenship different from Apple, an American corporation.  The Parties further agree that the Court has general personal jurisdiction over Apple because it is headquartered in California, and Apple was properly served with the Complaint on October 4, 2024.  No other parties remain to be served. Venue is appropriate in this District under 28 U.S.C. § 1391(b) because Apple transacts business within this District and participates in interstate trade and commerce in this District.

## 2.  Facts

**Musi's Position:**

Musi is a mobile computing software company that owns and operates the Musi app, an iOS-based mobile application. The Musi app provides users with enhanced functionality to interact with publicly available content on YouTube's website through its own augmentative interface— specifically, Musi's proprietary user interface components and proprietary organizational functionality/metadata. The Musi app does not rely on YouTube's Application Programming Interface ("API"), nor do Musi's servers store, process, or transmit YouTube videos. Instead, the app plays or displays content based on the user's own interactions with YouTube and enhances the user experience via Musi's proprietary technology. Apple's factual claim below that the Musi

---

[1] Musi's motion for a preliminary injunction (Dkt. 10) will also be heard on January 9, 2025. Apple's Motion to Dismiss (Dkt. 31) will be heard on April 16, 2025.

app "replaces" YouTube's advertising content is false. Musi does not interfere with any ads to the extent they are included within the publicly-available video media streamed by a Musi user.

Since at least 2015, from time to time, Musi has engaged in a dialogue with YouTube. Throughout, Musi has repeatedly expressed its commitment to offer the Musi app in a way that complies with YouTube's Terms of Services. Whenever YouTube has raised concerns with the app's functionality, Musi has, in good faith, either (a) adjusted the app's functionality, or (b) provided details about how the app works and explained why it complies with YouTube's Terms of Service.

In April 2021, YouTube's outside counsel raised several questions regarding the Musi app's functionality. Musi promptly responded and answered each question by substantively describing the app's functionality and YouTube never replied to that correspondence. Instead, nearly two years later in March 2023, YouTube sent a complaint notification to Apple about the Musi app, stating only "YouTube TOS Violations." Musi, again, promptly responded, only to be met again with YouTube's silence.

Unbeknownst to Musi until the filing of Apple's opposition to Musi's preliminary injunction motion, Apple and YouTube held a July 15, 2024 telephone conference in which the Musi app was discussed. After that telephone conference, on August 8, 2024, Apple—via representatives of its App Store—emailed Musi, stating that it had received a notice from "YouTube Legal" on July 29, 2024, stating "that Claimant believes" the Musi app "infringes its intellectual property rights. In particular, Claimant believes [the Musi app] infring[es] its terms of use," and directed Musi "to see their comments below." The referenced "comments" were five words: "violating YouTube Terms of Service." Apple's email did not provide any other details. That said, Musi's outside counsel responded to Apple four days later, explaining that Complainant's accusations were "unsubstantiated," and that Musi had previously contacted Complainant directly to resolve the dispute.

On September 6, Complainant YouTube emailed Apple again and inaccurately claimed that Musi failed to initiate contact to resolve the dispute. Musi's outside counsel responded to correct the record and reiterated that the Musi app did not infringe Complainant's intellectual property or violate Complainant's Terms of Service. Musi's counsel again invited YouTube to discuss its concerns. But again, Musi's counsel did not receive a response. Again unbeknownst to Musi until several months later, on September 11, 2023, Apple received a letter from the National Music Publishers' Association ("NMPA"), ostensibly in support of YouTube's claim. The NMPA letter, which was riddled with falsehoods, was never disclosed to Musi during the app dispute process and to date NMPA has never contacted Musi directly or filed any claims against Musi.

Having heard nothing further from either YouTube or Apple, Musi's counsel followed up with Apple on September 19, and again, on September 24, updating Apple that Musi had yet to receive any communication from YouTube in response to Musi's September 6 correspondence. Apple responded by stating, without acknowledging Musi's prior communications, "your app will be removed from the App Store on the basis of intellectual property infringement." Apple removed the Musi app that same day. Apple justified its decision by citing Schedule 1 § 6.3, Schedule 2 § 7.3, and Schedule 3 § 7.3 of its own Developer Agreement, which Musi entered into when it made the Musi app available on the App Store platform.  But, as set forth in Musi's Complaint initiating this lawsuit, Apple did not comply with the Developer Agreement's requirements.

Thus, on October 2, 2024, Musi filed its Complaint, raising claims for breach of contract and breach of the covenant of good faith and fair dealing against Apple. Then, on October 9, 2024, Musi filed a motion for preliminary injunction. Apple filed its opposition to Musi's preliminary-injunction motion on November 15, 2024. The opposition attached various exhibits revealing that Apple used its powers over the App Store as part of a backchannel scheme with music-industry conglomerates bent on Musi's destruction, and even without informing Musi of the discussions that led to the Musi app's removal. Musi filed a reply stating as much on December 6, 2024. In particular, Apple's references to complaints from the International Federation of the Phonographic

Industry ("IFPI"), Sony Music Entertainment ("SME"), Universal Music Group ("UMG"), and the Recording Industry Association of America ("RIAA") are misleading. For starters, none of those entities has ever filed a legal action against Musi, and each of the app store disputes resulted in no adverse action against Musi. In particular, the IFPI's complaint disavowed any copyright claim under United States law, and Musi's UK solicitor repeatedly explained why the IFPI's European claims were baseless. Additionally, the referenced SME complaint did not come actually from SME – Apple is aware that SME disclaimed any association and revealed the complaint stemmed from the IFPI.

Musi's motion for a preliminary injunction is therefore fully briefed. On December 11, 2024, Apple filed a motion to dismiss which echoes the arguments discussed in the preliminary injunction briefing.

**Apple's Position:**

Apple licenses certain technology and tools to third-party developers, to allow them to develop native applications ("apps") for iOS, Apple's proprietary mobile operating system, and to distribute those apps on Apple's App Store. Apple's agreements with third-party app developers expressly provide that Apple reserves the right to remove an app from App Store at any time in its sole discretion. Apple's contractual right to remove apps from App Store is essential to its ability to ensure that App Store remains a safe and trusted environment for both its users and developers.

Musi owns and operates the Musi – Simple Music Streaming app (the "Musi app"). The Musi app allows users to access content from YouTube through Musi's own augmented interface, which replaces YouTube's advertising content with Musi's own advertisements to generate revenue. While the Musi app was on App Store, the app was free to download, though users could also pay a one-time fee for ad-free streaming. Since launching in or around 2013, the app has amassed millions of users.

Musi has been in conversation with YouTube about the Musi app and its compliance with YouTube's Terms of Service since at least 2015. In April 2021, outside counsel for YouTube

identified several specific concerns YouTube had with the Musi app's functionality, including the Musi app's use of YouTube content for commercial purposes, and in connection with paid advertising. Musi disputed YouTube's understanding of the Musi app's functionality, but Musi and YouTube did not reach a final resolution regarding YouTube's concerns. In March 2023, Apple received a complaint from YouTube that the Musi app infringes YouTube's intellectual property rights—specifically, its Terms of Service. Apple shared this complaint with Musi, and Musi responded that the complaint was unsubstantiated, but the complaint otherwise went unresolved. On July 29, 2024, YouTube contacted Apple to reiterate its position in the March 2023 complaint that the Musi app violates YouTube's Terms of Service. This came after a July 15, 2024 phone call between Apple and YouTube, during which YouTube asserted that Musi's use of YouTube's Application Programming Interface ("API") violated YouTube's Terms of Service. Apple notified Musi of YouTube's complaint on August 8, 2024, informing Musi that failure to resolve the complaint directly with YouTube could result in removal of the Musi app from App Store. While Musi repeated its position that YouTube's complaint was unsubstantiated, the complaint remained unresolved even after multiple follow-ups from Apple.

In addition to YouTube's complaints, Apple has received multiple complaints from other third parties regarding the Musi app's functionality, including complaints from organizations within the music industry that the app's streaming practices infringe the copyrights of these organizations and their members. Apple has received such complaints from, among others, the International Federation of the Phonographic Industry ("IFPI"), Universal Music Group ("UMG"), Sony Music Entertainment ("SME"), and the Recording Industry Association of America ("RIAA"). IFPI's formal complaint, in particular, resulted in extensive correspondence among IFPI, Musi, and Apple over several months, culminating in IFPI stating its position that "Apple has the requisite knowledge of [Musi's] illegal activity" and requesting that "the [Musi] app be removed the App Store without further delay." Dkt. 30 at 6. In September 2024, the National Music Publishers Association ("NMPA") submitted a letter to Apple in support of YouTube's July

2024 complaint, which included what NMPA described as evidence of Musi's violations of YouTube's Terms of Service and its impact on the licensing rights of NMPA's members, claiming that the Musi app "leeches its content offerings from YouTube's [API] to avoid paying copyright licensing fees" and thus "diverts royalties from music publishers and songwriters to itself." *Id.* at 7-8.

Apple removed the Musi app from App Store on September 24, 2024, following Musi's failure to resolve the July 2024 YouTube complaint, and following the numerous additional complaints from the music industry outlining Musi's potential copyright violations.

### 3.  Legal Issues

**Musi's Position:**

Musi's complaint asserts two claims against Apple: (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. At this stage of the litigation, Musi expects the legal issues in dispute to focus on Apple's obligations under the Developer Agreement, specifically whether Apple had sole discretion to remove the Musi app in light of § 6.3's language requiring Apple to "reasonably believe[]" an app infringes intellectual property before removing such app from the App Store, including whether Apple must follow the app dispute process it laid out for itself before removing an app from its App Store, the scope of Apple's obligation to engage in good faith and fair dealing, and whether Apple breached its obligations under the Developer Agreement.

**Apple's Position:**

Apple denies that it violated any laws and maintains that it acted fully within the scope of its contractual rights when it removed Musi's music streaming app from App Store.  Musi has moved for a preliminary injunction (Dkt. 10) that would force Apple to reinstate Musi's music streaming app to Apple's App Store notwithstanding Apple's express contractual right to remove the app from App Store "at any time, with or without cause." *See* Apple's Developer Program License Agreement, Schedule 1, § 6.3.  Apple has moved to dismiss Musi's Complaint (Dkt. 33)

on the grounds that Musi has failed to state any claim for relief.  The disputed points of law in this case include at least:

- Whether Apple's Developer Program License Agreement grants Apple complete discretion to remove Apps from App Store;

- Whether Musi has adequately stated a claim for breach of contract;

- Whether Musi has adequately stated a claim for breach of the covenant of good faith and fair dealing;

- Whether Musi has demonstrated a likelihood of success on the merits of its claims for breach of contract or breach of the covenant of good faith and fair dealing;

- Whether Musi is likely to suffer irreparable harm absent a preliminary injunction;

- Whether the balance of the equities favors Apple;

- Whether a preliminary injunction is in the public interest;

- Whether Musi is entitled to a permanent injunction to have the Musi app restored to App Store; and

- Whether Musi is entitled to any other form of relief as a result of Apple's alleged conduct.

### 4.  Motions

***Motion for a Preliminary Injunction.***  On October 9, 2024, Musi filed a motion for a preliminary injunction.  Dkt. 10.  Apple filed its opposition on November 15, 2024, Dkt. 30, and Musi replied on December 6, 2024.  Dkt. 31.  The hearing on Musi's motion for a preliminary injunction is currently set for January 9, 2025.  Dkt. 27.

***Motion to Dismiss.***  On December 11, 2024, Apple filed a motion to dismiss Musi's Complaint with prejudice.  Dkt. 33.  Musi's opposition is due January 22, 2025, and Apple's reply is due February 12, 2025.  Dkt. 26.  The hearing on Apple's motion to dismiss is scheduled for April 16, 2025.

***Motion for Summary Judgment.***   Depending upon determination of Apple's motion to dismiss, both Musi and Apple anticipate moving for summary judgment.

**5.   Amendment of Pleadings**

**Musi's Position**:

Musi anticipates that it may amend its complaint and reserves the right to do so as permitted by the Federal Rules of Civil Procedure or the Court.  Already, Apple's submissions in this lawsuit have revealed highly relevant facts previously unknown to Musi.

**Apple's Position**:

Apple's pending motion to dismiss seeks dismissal of Musi's Complaint with prejudice because the deficiencies in Musi's legal theory cannot be remedied through amendment.  No amendment can cure the fundamental defect at the heart of Musi's claims, which is that Apple acted within its express contractual rights in removing the Musi app from the App Store.

**6.   Evidence Preservation**

The Parties certify that they have reviewed the Northern District of California's Checklist for ESI Meet and Confer, are aware of their obligations, and have taken reasonable and proportionate steps to preserve potentially relevant evidence.  The Parties confirm that they have met and conferred concerning these obligations.

**7.   Disclosures**

On December 10, 2024, the Court entered an Order requiring the Parties to make initial disclosures by January 2, 2025.  Dkt. 32.

**8.   Discovery**

**Musi's Position**:

Musi served its first set of requests for production of documents, admissions, and interrogatories on Apple on December 23, 2024.

Although Apple advocates for a broad stay of discovery in its Section below, a stay is not appropriate, particularly where, as here, Apple's filings to date disclose a number of previously

undisclosed facts that go to the heart of this dispute and are highly relevant to Musi's claims. "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (citation omitted)). The granting of a stay is the "***exception*** to the ordinary rule that discovery may proceed, even if a dispositive motion is filed." *Serenium, Inc. v. Zhou*, 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (emphasis added). Indeed, Apple carries a "heavy burden" to establish that a stay is warranted here. *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024).

This Court's standing order reflects this basic principle: unless the parties agree to continue the initial case management conference, that conference "generally will not be moved." Standing Order at 2. And one of the conference's key goals is to enter an expeditious discovery schedule. Fed. R. Civ. Proc. 16(a); L.R. 16-10(b).

In this district, a stay of discovery is appropriate only if two prongs are met. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent additional discovery. If the Court answers these two questions in the affirmative, a protective order may issue. ***However, if either prong of this test is not established, discovery proceeds.*** In applying this two-factor test, the court must take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted." *Serenium, Inc.*, 2021 WL 7541379, at *1 (cleaned up) (emphasis added).

Musi does not dispute that Apple's motion to dismiss is *potentially* dispositive should the Court decide all issues in Apple's favor and conclude that amendment is futile, but "those are 'big ifs.'" *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (noting that the first factor is only "superficially satisfied" where dismissal of the entire case is just one of several possible outcomes). But this is not a case in which "the pending motion can be decided absent additional discovery." *Serenium, Inc.*, 2021 WL 7541379, at *1. As an initial

matter, Apple's motion to dismiss will not be fully briefed until February 12, 2025, and Musi reserves the right to amend its complaint. *Cf. Nelson v. F. Hoffmann-La Roche, Inc.*, 2022 WL 19765995, at *2 (N.D. Cal. Nov. 2, 2022) (granting stay and finding that "defendants' motion to dismiss can be decided without further discovery ***because the motion is fully briefed***.") (emphasis added). And Apple is wrong that its motion to dismiss does not raise any factual issues. Stays are disfavored where discovery could assist a plaintiff in crafting a more detailed complaint. *See In re Apple In-App Purchase Litig,*, 2012 U.S. Dist. LEXIS 18970, at *4 (Furthermore . . . even if the court were to grant Defendant's motion to dismiss, it is not unreasonable to assume that it would grant leave to amend pleadings. Thus, the discovery sought by Plaintiffs might allow for a more detailed complaint and assist in expediting the case." (cleaned up); *San Francisco Tech. v. Kraco Enterprises LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (same). Indeed, significant facts relating to this issue were revealed to Musi in connection with Apple's opposition to Musi's motion of preliminary injunction, in particular revelations that Apple had a teleconference with YouTube predating YouTube's complaint, that Apple seemingly relied on several past app disputes that Musi had addressed and which resulted in no adverse actions, and that Apple received a letter from the NMPA in support of YouTube's claim, which is failed to disclose to Musi until filing its opposition. *See* Dkt. 30. The cases cited by Apple are inapposite, because none of the contracts at issue there included language similar to § 6.3's "reasonabl[e] belie[f]" language, which both explicitly required Apple to form such belief prior to removing an app and is evidence that the parties did not contract out the implied covenant of good faith. Even if Apple had sole discretion, the parties' reasonable expectations were that Apple would follow the app dispute process Apple enumerated to Musi. Musi is entitled to discovery on these issues, outside of Apple's selective disclosures in connection with its opposition.

The discovery Musi seeks directly bears on the factual issues related to Apple's breach of the implied covenant of good faith and fair dealing, including, for example, discovery regarding Apple's undisclosed back-channel discussions leading up to the removal of the Musi app, and the

processes that Apple typically follows when determining whether an app should be removed, particularly where intellectual property infringement has been alleged. *See* Ex. A (Musi's First Set of Requests for Admission), Ex. B (Musi's First Set of Requests for Production), Ex. C (Musi's First Set of Interrogatories); *see also Kelly v. Skytel Commc'ns, Inc.*, 32 F. App'x 283, 287 (9th Cir. 2002) (despite language purporting to grant sole discretion to commission decisions, "a failure by the Excellence Committee to properly investigate Kelly's submission for an over-the-maximum commission would violate the implied covenant of good faith and fair dealing, as would any other arbitrary means of decision making used by the Committee."); *InfoStream Grp., Inc. v. PayPal, Inc.*, 2012 WL 3731517, at *8 (N.D. Cal. Aug. 28, 2012) (denying motion to dismiss implied covenant claim where allegation that "PayPal acted in bad faith by terminating the agreement for the sole purpose of benefitting plaintiffs' competitors" was "sufficient"); *Campbell v. eBay, Inc.*, No. 13-CV-2632 YGR, 2014 WL 3950671, at *2 (N.D. Cal. Aug. 11, 2014) (denying motion to dismiss based on allegation that eBay violated the implied covenant by "failing to investigate the facts of the disputes/claims and has decided in favor of dishonest, deceptive buyers.").

Further, blanket claims of "burdensome" discovery are insufficient to warrant a stay of discovery. *Singh*, 2016 WL 10807598, at *2 (denying stay where Google "fail[ed] to identify any discovery burdens, and offer[ed] no particular or specific facts to support its assertion that a stay would be necessary to spare the parties or the Court from the 'burden' of discovery.") The discovery Musi seeks is targeted and neither overbroad nor unduly burdensome. Apple has not (and cannot) show otherwise. Again, Musi has brought both a claim for breach of contract *and* a claim for breach of the implied covenant of good faith and fair dealing. In support of the former claim, Musi is seeking, among other things, (1) "documents and communications relating to any complaints from iOS developers regarding Apple's management of the app dispute process," (2) "documents and communications relating to app disputes that Apple has received complaining of intellectual property infringements committed by YouTube," and (3) "documents and communications related to the . . . application of the Apple Developer Agreement as it relates to

the removal of apps from the App Store." Ex. B. All of the above is evidence of Apple's past practices in the enforcement of the Developer Agreement, which, under California contract law, may assist in interpreting the Agreement's plainly ambiguous language. *See, e.g.*, *Howard Entm't, Inc. v. Kudrow*, 208 Cal. App. 4th 1102, 1114 Cal. Ct. App. (2012) ("Usage or custom may be looked to, both to explain the meaning of contract language and to imply terms" (quotation omitted)); *Cal. Lettuce Growers v. Union Sugar Co.*, 45 Cal. 2d 474, 482 (1955) ("[E]vidence of usage is always admissible to supply a deficiency or as a means of interpretation where it does not alter or vary the terms of the contract." (quotation omitted)). Similarly, Musi requested that Apple "[i]dentify all Persons involved in the drafting of any portion of the Apple Developer Agreement in place during the time that the Musi app was available through the Apple App Store" because such persons may provide information relating to the intended meaning behind the Agreement's ambiguous language. Ex. C; *see, e.g.*, *Rancho Pauma Mut. Water Co. v. Yuima Mun. Water Dist.*, 239 Cal. App. 4th 109, 115 (2015) ("We may also consider extrinsic evidence where it will assist in determining a contract's meaning").

Apple's attempt to paint Musi's targeted requests as expansive and unconnected to key factual issues related to Musi's implied covenant claim also falls flat. Whether or not Apple violated the implied covenant depends not only on the language of the contract but on the "legitimate expectations" of the parties. *Kelly*, 32 F. App'x at 285. Further, Apple contends that Musi was removed for failure to resolve YouTube's complaint, but it is now clear that these conversations happened without including Musi. Discovery is the only way for Musi to uncover the substance of YouTube's complaint and Apple's actions in response. Thus, there are questions of fact that bear on Musi's implied covenant claim which Musi's discovery is targeted towards. While Apple complains that requests seeking documents about Musi or the Musi app are facially overbroad, such concerns can readily be dealt with in meet and confer as it is unclear what communications Apple would have been having about Musi or the Musi app that are not relevant to Musi's two claims. Additionally, this Court has advised that the parties should complete fact

discovery within four to eight months of the initial case management conference. Standing Order at 3. Yet Apple proposes a schedule below that calls for fact discovery to close *twelve* months after the initial case management conference. Simply put, delaying critical discovery for four months is "directly at odds with the need for expeditious resolution of litigation." *Serenium, Inc.*, 2021 WL 7541379, at *1 (citation omitted). As established in its motion for preliminary injunction, it is Musi who will be irreparably harmed by further delay in this matter. As each day passes without resolution, Musi's customer base continues to bleed and its business comes ever closer to being extinguished. If Musi's motion for preliminary injunction is unsuccessful, an expeditious case schedule will be critical to Musi's survival. A stay of discovery will only serve to burden Musi, and thus the balance of the equities favors "the ordinary rule" that discovery should go forward. *Id*.

**Apple's Position**:

***Stay of Discovery.***   Discovery in this case should be stayed pending resolution of the dispositive threshold legal issue presented in Apple's motion to dismiss.  "District courts have broad discretion to stay discovery pending resolution of dispositive motions, including motions to dismiss under Rule 12(b)(6)."  *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *2 (N.D. Cal. July 24, 2007).  Indeed, "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without* subjecting themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (emphasis added); *see also id.* ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").  To determine whether a stay of discovery pending resolution of a dispositive motion is warranted, courts in this district consider two factors: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the court can decide the pending dispositive motion absent additional discovery.  *See Cellwitch, Inc. v. Tile, Inc.*, 2019 WL

1   5394848, at *1 (N.D. Cal. Oct. 22, 2019); *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010,

2   at *1 (N.D. Cal. Apr. 28, 2022).  Both elements are easily satisfied here.

3        Apple's motion to dismiss seeks dismissal of the entire Complaint with prejudice based on

4   a purely legal issue—namely, that Musi's claims for breach of contract and breach of the implied

5   covenant of good faith and fair dealing are barred by the express terms of Musi's contractual

6   agreements with Apple.  "It is a bedrock principle of California law that no cause of action will lie

7   where it is based on lawful conduct expressly permitted by a governing contract."  *Sweet v. Google*

8   *Inc.*, 2018 WL 1184777, at *5 (N.D. Cal. Mar. 7, 2018).  As such, courts in this district regularly

9   dismiss with prejudice breach of contract and implied covenant claims where, as here, the

10  governing contract grants the defendant sole discretion to engage in the challenged conduct.  *See,*

11  *e.g.*, *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 884-85 (N.D. Cal. 2015) (dismissing breach

12  of contract and implied covenant claims with prejudice where the YouTube Terms of Service

13  authorized YouTube "to relocate or remove videos in its sole discretion" and to "discontinue any

14  aspect of the Service at any time"); *Intango, LTD v. Mozilla Corp.*, 2020 WL 12584274, at *6-7

15  (N.D. Cal. Aug. 25, 2020) (dismissing breach of contract and implied covenant claims with

16  prejudice where the parties' Distribution Agreement allowed Mozilla to remove plaintiff's add-

17  ons "at any time"); *Sweet*, 2018 WL 1184777, at *10 (dismissing all of plaintiff's claims (including

18  for breach of contract and breach of the implied covenant) with prejudice where "the terms of the

19  agreement [were] clear" that defendant had sole discretion to determine whether to post advertising

20  content alongside plaintiffs' videos); *Prager Univ. v. Google LLC*, 85 Cal. App. 5th 1022, 1037

21  (2022) (affirming dismissal of breach of contract claim where "the parties 'entered into written

22  contracts' granting defendants 'unfettered[] and unilateral discretion to remove, restrict,

23  demonetize, or de-emphasize content as [d]efendants see fit").

24        No discovery is required to resolve the dispositive legal issue presented in Apple's motion,

25  which turns entirely on the language of the Developer Program License Agreement that is already

26  before the Court, and that both parties agree governs Musi's relationship with Apple.  "The

27

28

1    meaning to be ascribed to … any contract, is a question of law.  It is a matter, in the first instance,

2    for the trial court's determination[.]"  *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1,

3    7 (2007).  Because "[d]iscovery is only appropriate where there are factual issues raised by a Rule

4    12(b) motion," and because Musi's complaint "d[oes] not raise factual issues that require discovery

5    for their resolution," a stay of discovery pending resolution of Apple's motion to dismiss is

6    appropriate here.  *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery

7    pending disposition of defendants' motions to dismiss "on the ground that discovery was not

8    required to address the issues raised by defendants' motions to dismiss" (internal quotation marks

9    omitted)).

10          On December 23, 2024, ten days after Apple proposed moving to stay discovery, Musi

11    served 15 requests for production, 8 interrogatories, and 17 requests for admission on Apple.  *See*

12    Exs. A-C.  This discovery reinforces why a short stay of discovery is appropriate in this case.

13    Contrary to Musi's suggestion, this discovery is not "targeted" and certainly is overly broad and

14    unduly burdensome.  For example, Musi has requested "[a]ll documents and Communications

15    related to *any* complaints from iOS developers regarding Apple's management of the app dispute

16    process" (Ex. B, RFP 7 (emphasis added)) and "[a]ll Documents and Communications relating to

17    app disputes that Apple has received complaining of intellectual property infringement committed

18    by YouTube" (*id.*, RFP 8).  Musi also requested "[a]ll Documents and Communications related to

19    the…application of the Apple Developer Agreement as it relates to the removal of apps from the

20    App Store"  (*Id.*, RFP 5) and demands that Apple "[i]dentify all Persons involved in the drafting

21    of any portion of the Apple Developer Agreement in place during the time that the Musi app was

22    available through the Apple App Store" (Ex. ROG 5).  Even the requests purportedly focused on

23    Musi are burdensome and overly broad, including by seeking "[a]ll Documents and

24    Communications concerning Musi and/or the Musi app," an app that has been on App Store for

25    nearly a decade.

26

27

28    

None of this discovery, or any other request that Musi served (or could serve), is necessary for the Court to evaluate the threshold legal issue of whether Musi's claims are barred by contractual language allowing Apple to remove an app from App Store "at any time, with or without cause." Developer Program License Agreement, Schedule 1, § 6.3. Indeed, the burdens these requests impose on Apple (and potentially the Court to the extent the parties cannot reach agreement) are likely only the beginning, as Musi appears poised to serve expansive third-party discovery as well, not to mention additional discovery it may serve on Apple.

Musi's suggestion that it may need discovery to amend its complaint rings hollow for the same reason. Apple has moved to dismiss the complaint with prejudice because no amendment can cure the fundamental defect at the heart of both of Musi's claims, which is that Apple acted within its express contractual rights in removing the Musi app from the App Store. *See* Dkt. 33-1 at 19. Should the Court agree with Apple's interpretation of the plain meaning of the of the relevant contract, as well as the significant body of case law supporting Apple's interpretation of the contract (*see id.* at 6-10), this case can be decided at the pleadings stage without any of the costs or burdens of discovery on the parties or the various third parties who made complaints about the Musi app.

Finally, the court should not credit Musi's argument that a pause in discovery will cause irreparable harm because Musi declined to provide *any* information about its financial condition or revenues (past or present), even in the declarations it submitted in support of its motion for a preliminary injunction. *See* Dkt. 31-1 (declaration of Co-Founder and CEO of Musi). The requested stay of discovery would be for a limited period of time until the Court rules on Apple's pending motion to dismiss. There is an approximately three-month period between the January 9, 2025 initial case management conference and the April 16, 2025 hearing on Apple's motion to dismiss. In the meantime, Apple is willing to negotiate a Protective Order and Order Regarding Electronically Stored Information while the motion to dismiss is pending, such that discovery could begin promptly in the event the Court allows any claim to proceed. Staying discovery for

this limited period of time will also avoid burdening the Court, the Parties, as well as third parties implicated by Musi's claims, with the time and expense of unnecessary discovery in the event that the Court agrees with Apple's interpretation of the relevant contract and grants its motion to dismiss with prejudice.[2]

***Limitations or Modifications of the Discovery Rules.***  In light of Apple's pending motion to dismiss, it is Apple's position that it is premature to commit to deviations from the Federal Rules' default discovery limitations.  The parties can confer regarding the scope of anticipated discovery and any proposed limitations or modifications of the discovery rules if and when any claims proceed to discovery.

As explained above, Musi does not agree that it is premature to formulate a discovery plan and, at this time, does not believe any limitations or modifications to the normal discovery rules are necessary.

**9.  Class Action**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

**Plaintiff's Position:**

Musi seeks preliminary and permanent injunctive relief, an award of direct, actual, compensatory, and/or consequential damages, prejudgment interest at the maximum legal rate, and for such other and further relief that this Court deems just and proper.

**Apple's Position:**

Apple denies that Musi is entitled to any relief, and Apple reserves all of its defenses to liability, damages, and as to claims for injunctive or other equitable relief.

---

[2] In the interest of efficiency, Apple addresses its request to stay discovery as part of this Joint Statement. If the Court, however, believes that additional briefing on the issue would be useful, Apple will certainly file a separate motion to stay.

**12. Settlement and ADR**

It is Apple's position that settlement discussions are premature at least until the Court rules on Musi's preliminary injunction motion and Apple's motion to dismiss. It is Musi's position that it remains open to discussion of early resolution. In compliance with ADR L.R. 3-5, the parties discussed ADR at their December 13, 2024 meet-and-confer. As stated in the parties' respective Certifications, the parties prefer to discuss ADR selection with the Court at the case management conference. The parties have agreed to an ADR deadline as set forth in the proposed case schedule below.

**13. Consent to Magistrate Judge for All Purposes**

The Parties have not consented to have a magistrate judge conduct all further proceedings.

**14. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The Parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**16. Expedited Trial Schedule**

The Parties do not consent to the Expedited Trial Procedure of General Order No. 64.

**17. Scheduling**

The Parties propose the following schedule:

| Event | Apple's Proposed Timeline | Musi Proposed Timeline |
|---|---|---|
| Initial Disclosures | January 2, 2025 | Agreed |
| Initial Case Management Conference | January 9, 2025 | Agreed |
| Deadline to Amend Pleadings or Add Additional Parties | N/A (see Section 5 above) | March 10, 2025 |
| Answer | 30 days after any order allowing claim to proceed | Agreed |

| Event | Apple's Proposed Timeline | Musi Proposed Timeline |
|---|---|---|
| Mid-Discovery Case Management Statement | 4 months before the close of fact discovery. | Agreed |
| Final Case Management Conference | 4 weeks before the close of fact discovery. | Agreed |
| Close of Fact Discovery | 8 months after any order allowing claim to proceed | 8 months after Initial Case Management Conference |
| Deadline to Complete ADR | 8 weeks after any order allowing claim to proceed | Agreed |
| Deadline for Opening Expert Reports on issues for which the party bears the burden of proof | 6 weeks after close of fact discovery | Agreed |
| Deadline for Rebuttal Expert Reports | 6 weeks after service of opening expert reports | Agreed |
| Close of Expert Discovery | 1 month after service of rebuttal expert report | Agreed |
| Deadline to file SJ and *Daubert* motions | 4 weeks after close of expert discovery | Agreed |
| Deadline to file oppositions to SJ and *Daubert* motions | 3 weeks after filing of dispositive and *Daubert* motions | Agreed |
| Deadline to file replies to oppositions to SJ and *Daubert* motions | 3 weeks after filing of oppositions | Agreed |
| Hearing on dispositive and *Daubert* motions | 4 weeks after final brief is submitted | Agreed |
| Final pretrial conference | 4 weeks before trial begins, with a joint pretrial statement due 2 weeks before the conference | Agreed |
| Jury Trial | To be set | Agreed |

## 18. Trial

Musi requests a jury trial.  Apple believes it is premature to estimate the time required for any trial because the scope of the case—and therefore the length of a trial—may change

significantly based on the Court's pretrial rulings. Musi's position is that, based on the current status of the case, it anticipates the trial will require approximately five to seven trial days.

**19. Disclosure of Non-Party Interested Entities or Persons**

The Parties certify they have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. For Apple, other than the named Parties, there are no non-party interested entities or persons to report.

On October 2, 2024, Musi filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. As stated in Musi's Certification, the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

- Aaron Wojnowski
- Christian Lunny

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

None.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 2, 2025

WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Fransisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

*Attorneys for Plaintiff Musi Inc.*

Dated:  January 2, 2025

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By: */s/ Chris Johnstone*

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

1

## SIGNATURE ATTESTATION

2         I, Chris Johnstone, am the CM/ECF user whose ID and password are being used to file this

3  Joint Case Management Statement.  In compliance with Local Rule 5-1(i)(3), I hereby attest that

4  concurrence in the filing of this document has been obtained from each of the other signatories.

5

6  Dated:  January 2, 2025                     Respectfully submitted,

7                                              WILMER CUTLER PICKERING
                                                  HALE AND DORR LLP
8

9                                              By: /s/ Chris Johnstone
                                               Chris Johnstone, SBN 242152
10                                             WILMER CUTLER PICKERING
                                                  HALE AND DORR LLP
11                                             2600 El Camino Real, Suite 400
                                               Palo Alto, CA 94306
12                                             Telephone: (650) 858-6000
                                               chris.johnstone@wilmerhale.com
13

14                                             Attorney for Defendant Apple Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28