February 20, 2025

<u>VIA CM/ECF</u>

Honorable Nathanael M. Cousins
U.S. District Court for the Northern District of California
280 South 1st Street, Courtroom 5 – 4th Floor
San Jose, CA 95113

**Re:** *Musi Inc. v. Apple Inc.*, Case No. 5:24-cv-06920-EKL (N.D. Cal.)

Dear Judge Cousins:

Musi Inc. ("Musi") files this joint discovery letter to request that Apple Inc. ("Apple") be compelled to produce a privilege log and produce documents from the custodians involved in relevant internal and external discussions about the Musi app responsive to Musi's outstanding Request for Production No. 1 at least 10 days prior to Musi's deadline to amend its complaint, March 10, 2025 (i.e., by February 28, 2025). Should the Court be inclined to hold a hearing, Musi respectfully requests it be held expeditiously in light of the current tight case schedule. The parties' respective positions are as follows.

**<u>Musi's Position:</u>** Musi alleges that Apple breached its contract with Musi, including the implied covenant of good faith and fair dealing, when it removed the Musi app from the Apple App Store based on backchannel discussions with several third parties, including YouTube, who were bent on Musi's destruction. Dkt. 1 ¶¶ 30–42. Musi propounded its first set of written discovery on Apple on December 23, 2024. On January 9, 2025, at a case management hearing, Judge Lee denied Apple's motion to stay discovery. Judge Lee ordered that Musi would have until March 10, 2025 to amend its complaint, and specifically noted she expected staged discovery on a compressed timeline such that Musi could receive sufficient discovery relevant to its amended complaint and to oppose Apple's motion to dismiss. Jan. 9, 2025 Hr'g Tr. 57:7–58:9. Despite Apple's suggestion to the contrary, Judge Lee ordered this *after* announcing her order on the preliminary injunction motion.

Following Judge Lee's guidance, Musi significantly narrowed its discovery requests to address only the most critical issues. Specifically, it withdrew 8 requests for production and significantly narrowed 8 requests for production and 5 interrogatories. This motion relates to Musi's narrowed Request for Production No. 1, which addresses the most fundamental issues in this case: "All Documents and Communications concerning Musi and/or the Musi app related to third party or internal complaints, intellectual property, or infringement or potential infringement of intellectual property, Terms of Service and Agreements of Apple or any third-party including Google or YouTube, or violations or potential violations thereof, and/or consideration of or the decision to remove the Musi app from the App Store on September 24, 2024." Despite the clear relevance of this request to amendment however, Apple has employed a number of tactics aimed to ensure that Musi does not have all relevant discovery prior to its amendment deadline.

<u>Apple's privilege claims</u>: By its terms, RFP 1 seeks both communications internal to Apple and external communications with relevant third parties. With respect to internal communications,

February 20, 2025<br>Page 2

Apple's positions during meet and confers have been a moving target. Apple first suggested that *all* responsive internal communications are privileged because App Store disputes are handled only by in-house lawyers and thus all such communications would be withheld. When Musi pressed on this, Apple changed its tune: it would now agree to produce any documents and communications it located that were not privileged, if any existed. Concerned with Apple's overly broad statement, Musi requested that Apple represent in writing that all individuals at Apple who were involved in internal discussions about relevant complaints about Musi were barred lawyers, acting in such capacity. Apple did not respond. And Apple's recent interrogatory responses have made clear that, in fact, many of the individuals included on relevant communications were *not* lawyers. Regardless, a communication is not privileged merely because a lawyer is present, and this is especially so where in-house counsel is operating in a business capacity. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) ("[T]here is no presumption that communications with in-house counsel are protected by attorney-client privilege."). Indeed, if Apple's app dispute operations are entirely handled by in-house counsel or their staff, this begs the question of whether such counsel are truly operating in a legal rather than business capacity.

Musi thus requested that, in light of Apple's broad claim as to the privileged nature of the internal communications at issue, Apple promptly produce a privilege log so that Musi could assess its claims with sufficient time to raise the dispute with the Court, if necessary. Apple claimed great burden in doing so (though it claimed that it had only discovered about 1,500 emails). Though it doubted this burden claim, Musi offered to accept an automated privilege log produced using non-privileged data that could be automatically exported from any modern document review platform. Apple has declined even this. But Musi is entitled to information to evaluate Apple's claim of privilege over its internal communications. And Judge Lee expressly expected that Musi would receive sufficient discovery to amend its complaint, which necessitates Musi being able to assess these wholesale privilege claims over communications at the heart of this case at least 10 days in advance of its deadline to amend. Apple's assertion that a privilege log is not relevant to amending the complaint is wrong. First, a privilege log may show that Apple is overwithholding documents, which would then be discovered. Second, nonprivileged information such as the date, time, and subject even of truly privileged emails may be relevant.

*Apple's refusal to produce documents from relevant custodians:* The scope of Apple's agreement to produce both internal and external communications responsive to Request for Production No. 1 is also at issue. Apple has represented to Musi that it is searching for responsive documents across just three custodians: a shared email inbox accessed by the app dispute team, an in-house lawyer, Violet Evan-Karimian, and a YouTube relationship manager, Arun Singh. But when Musi asked whether Apple was aware of, and refusing to search the files of, any other custodians who had engaged in communications regarding alleged complaints about Musi outside the shared email box and the two individual custodians previously identified, Apple stated that it "did not know" of any such individuals or, alternatively, that any relevant communications would have eventually been forwarded to Ms. Evan-Karimian and thus Apple had no obligation to search the inboxes of additional custodians. That is not a defensible position. And indeed, Apple's recent discovery responses show that several other individuals were likely involved in responsive communications—many of whom are not lawyers, which is critical given Apple's position on privilege. These include Brian Law, Joshua Case, Andra Jungles, Bradley Hagmann, Mickie

McGhee, Alayna Koh, Sean Cameron, and Elizabeth Miles. Apple cannot declare that these additional custodians would not have unique documents if it has not even done a cursory search of their files. *See, e.g.*, *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (Ordering search of executive's files because "[t]he idea that responsive documents will necessarily be found in other custodians' records is not sufficient to defeat a search of his files. It is always possible that one custodian will have a document or documents that other custodians have not retained, or even that one custodian may have created a document, such as handwritten notes, that no other custodian possesses."). Thus, Apple should conduct a reasonable search into the files of custodians who discussed the Musi app, both internally and externally, in order to determine whether they have unique, responsive documents. And if responsive documents are found, Apple should be ordered to produce those documents by February 28, 2025. Apple's statement that Musi did not confer with Apple on custodial issues is false. Musi repeatedly conferred with Apple and asked specific questions about custodians that were not being searched, only to be met with equivocation and non-answers. And Apple's unsupported claim that these custodians would produce only duplicative or irrelevant communications is easily addressed by using appropriate search terms and the deduplication features available on all modern discovery platforms.

**Apple's Position:** By demanding expedited treatment of two meritless discovery disputes, Musi is implicitly admitting that it remains unable to file a pleading that satisfies Rule 8. To be clear, Apple is willing to provide a privilege log in the ordinary course and anticipates negotiating an appropriate set of custodians when full discovery opens. But a privilege log will not assist Musi in amending its complaint and there is no authority for Musi's position that the production of a privilege log must *precede* the deadline for a plaintiff's amended pleading. Likewise, Musi fails to explain why a burdensome search of the custodial files of lawyers and legal administrative staff, including *temporary employees* and *an intern*, must be completed before it amends its complaint. None of these custodians made the decision to remove Musi's app, some were not employed by Apple when Musi's app was removed, and most only communicated externally using an account that Apple has already agreed to search. Musi would have known this if it had met and conferred with Apple. Musi's contention that it did not need to meet and confer about these custodians before filing a letter brief because Apple somehow "equivocat[ed]" is demonstrably false, as each of the proposed custodians was named by Apple in a timely interrogatory response. Apple has not only responded to Musi's written discovery requests, it is producing documents from key custodians on an expedited basis. But discovery "is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014). Judge Lee allowed narrow, targeted discovery prior to Musi's filing of its amended complaint, not the unfocused, scattershot, and wasteful discovery that Musi seeks.

*Background*: On January 30, 2025, Judge Lee denied Musi's motion for a preliminary injunction to reinstate the Musi app to Apple's App Store. Dkt. 44. Musi's app had been removed from the App Store following complaints that the app violates YouTube's terms of service and infringes artists' copyrights, and following multiple demands that Apple remove the app. *Id*. at 5. Judge Lee ruled that Musi "fail[ed] to demonstrate serious questions going to the merits of its claims, let alone a likelihood of success." *Id*. at 8. Most importantly, the Court determined that the Apple

Developer Program License Agreement ("DPLA") gives Apple broad discretion to remove apps "at any time, with or without cause," and is "clear and explicit" and "unambiguous" in allowing Apple to cease offering Musi's app. *Id*. at 10, 12. Judge Lee specifically rejected Musi's interpretation of the DPLA, relying on this Court's ruling in *Intango, LTD v. Mozilla Corporation*, 2020 WL 12584274, at *1 (N.D. Cal. Aug. 25, 2020) (Cousins, J.). *See* Dkt. 44 at 11 & n.6 (describing *Intango* as "instructive" and Musi's summary of it as "inaccurate").

Immediately following the preliminary injunction hearing, Musi abandoned its original complaint and was given a March 10, 2025 deadline to file an amended complaint. Dkt. 38. The Court allowed limited discovery to proceed, but repeatedly cautioned Musi that any discovery prior to March 10 must be narrowly targeted to Musi's efforts to rehabilitate its complaint and must be reasonable in scope given the amount of time available. The Court noted that it had "concerns" with the requests Musi had served and warned Musi that if its discovery is "drawn this broadly, you're going to end up just in discovery fights the whole time[.]" Jan. 9, 2025 Hr'g Tr. 53: 20-24; 73:7-9. While Musi has not heeded Judge Lee's instructions, Apple has: it conferred with Musi on three separate occasions and is producing documents on an expedited basis. Those documents will include communications between Apple and the *many* third parties that complained to Apple that Musi's app violates their legal rights. And, while Apple had explained that reviewing its in-house lawyer's internal communications is disproportionately burdensome for this stage of the case, given that most are privileged, Apple ultimately agreed to review those communications and produce non-privileged documents if any are found. Apple even added a custodian, the relationship manager for YouTube, to respond to Musi's baseless conspiracy theory about "backchannel" communications. Apple undertook all of these efforts despite Judge Lee's holding that Apple had a clear and unambiguous contractual right to remove the Musi app at any time with or without cause.

*Accelerated Production of a Privilege Log:* Apple has stated in writing that "it will produce a privilege log" in the regular course and, as a compromise, has also offered to produce a categorical privilege log on an expedited basis. Musi is nonetheless demanding the near-immediate production of a document-by-document privilege log, which is precisely the type of wasteful discovery dispute that Judge Lee warned against. Indeed, it is hard to envision how a privilege log, which needs to contain enough information to "enable other parties to assess the [privilege] claim" "without revealing information itself privileged or protected," *FTC v. Qualcomm Inc.*, 2018 WL 11420853, at *2 (N.D. Cal. Mar. 16, 2018) (Cousins, J.), could possibly aid Musi in amending its complaint. While Musi asserts that having the dates, time, and subject of privileged communications is "relevant," it never says to *what* it is relevant, how that information relates to any claim it might assert, or why it needs that information in advance of the deadline for amending its complaint.

Musi argues that a log "may show that Apple is overwithholding documents" but provides no support for that rank speculation. As Apple has repeatedly made clear, including in its discovery responses, when third parties raise complaints to Apple that an app infringes their legal rights, in-house counsel "make a context-dependent decision on removal based on the history of disputes relating to the app, the candor and diligence of the parties, and *assessment of Apple's legal risks*

*and obligations.*" In other words, "the communications of in-house counsel … [were] made for the purpose of obtaining or providing legal advice." *Qualcomm*, 2018 WL 11420853, at *4 (citing *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)).[1] Indeed, multiple complaints against Musi's app pending at the time of the app's removal were made by attorneys asserting the legal rights of their clients. Musi's *outside counsel* responded to those complaints, making legal points of its own. Musi's suggestion that internal communications involving Apple's lawyers about those complaints, and assessing legal risks to Apple, are not only discoverable but are the proper focus of expedited pre-amendment discovery is meritless.

<u>Additional Custodians:</u> Musi's request for additional custodians is both meritless and unripe, as Musi failed to meet and confer. Apple is conducting a thorough search for documents responsive to RFP No. 1, which seeks documents concerning infringement complaints about Musi's app and Apple's decision to remove Musi's app from the App Store. Apple's reasonable search includes (1) the email account of Violet Evan-Karimian, the in-house lawyer responsible for all third-party infringement complaints about apps on the App Store and the decision to delist Musi's app; (2) the "App Store Notices" email account, used to communicate with complainants and developers regarding complaints; and (3) the emails of Arun Singh, Apple's relationship manager for YouTube. Apple is producing documents to Musi on an accelerated timeline.

Musi's demand that Apple search the files of an additional *eight* custodians and produce documents *within eight days* should be denied. **First**, six of the custodians worked at the direction of an attorney, Ms. Evan-Karimian. Those individuals *all held administrative positions*, some were temporary workers, one was an intern, several were no longer employed when Musi's app was removed, all used the App Store Notices account for external communications, and none had decision-making authority. Musi's cited authority—*Shenwick v. Twitter Inc.*, which involved an order requiring discovery of the files of Twitter's *then-CEO* about Twitter's user engagement metrics, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018)—provides no support for seeking cumulative, burdensome discovery from low-level personnel on an expedited basis. **Second**, as to the remaining two custodians, both of whom are in-house lawyers, Musi fails to present any coherent argument that expedited productions from their files prior to Musi's filing of an amended complaint is reasonable and proportionate. As Apple has explained, any documents relevant to Musi's removal would have been shared with Ms. Evan-Karimian—the person responsible for the decision to remove Musi's app. *See Roblox Corp. v. WowWee Grp. Ltd.*, 2023 WL 5507176, at *3-4 (N.D. Cal. Aug. 25, 2023) (request for additional custodian denied because plaintiffs failed to show he would have relevant information that would not be discoverable through other custodians). In light of Judge Lee's holding that the relevant contract unambiguously gave Apple the right to remove Musi's app with or without cause, and Judge Lee's clear directive that any pre-amendment discovery be narrowly targeted and reasonable in scope, Musi's bare assertion that these lawyers "discussed the Musi app" cannot justify the expedited production Musi demands.

---

[1] Musi's reliance on *Dolby Laboratories Licensing Corporation v. Adobe Inc.* is misplaced. 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). That case involved a blanket in-house-counsel privilege argument and the "thirteen documents in dispute [we]re *communications between non-attorney employees of Adobe.*" *Id*.

February 20, 2025
Page 6

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Fransisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

*Attorneys for Plaintiff Musi Inc.*

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By: */s/ Jennifer Milici*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

February 20, 2025
Page 7

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*