Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Fransisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

*Attorneys for Plaintiff Musi Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 5:24-cv-06920-EKL (NC)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED PROTECTIVE ORDER**
**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Plaintiff Musi Inc. ("Plaintiff") and Defendant Apple Inc. ("Defendant") hereby submit this Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"), which is not based on the Northern District of California's model order.

The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order.

1.      **PURPOSES AND LIMITATIONS**

(a)      Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)      This Order does not address the production of source code.  Should source code become relevant in this case, the parties will negotiate a separate protocol to address it.

2.    **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.    **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.    DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States). For clarity, a Party, or an expert or consultant that is otherwise permitted to view Protected Material under the terms of the Order, may view Protected Material hosted in the United States in a secure manner via screen-sharing or similar technological means even if located outside the

1    United States, and this will not constitute "export" of the documents or "release" to a foreign

2    national as those terms are used in this paragraph.

3          (c)    <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order

4    shall be construed to prevent counsel from advising their clients with respect to this case based in

5    whole or in part upon Protected Materials, provided counsel does not disclose the Protected

6    Material itself except as provided in this Order.

7          (d)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing

8    Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

9    way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become

10   publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

11   to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed

12   and/or provided by the Producing Party to the Receiving Party or a non-party without an

13   obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the

14   Producing Party; or (v) pursuant to order of the Court.

15   **7.    DESIGNATING PROTECTED MATERIAL**

16         (a)    <u>Available Designations</u>.  Any Producing Party may designate Discovery

17   Material with any of the following designations, provided that it meets the requirements for such

18   designations as provided for herein:  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

19   EYES ONLY."

20         (b)    <u>Written Discovery and Documents and Tangible Things</u>.    Written

21   discovery, documents (which include "electronically stored information," as that phrase is used in

22   Federal Rule of Procedure 34), and tangible things that meet the requirements for the

23   confidentiality designations listed in Paragraph 7(a) may be so designated by placing the

24   appropriate designation on every page of the written material prior to production.  For digital files

25   being produced, the Producing Party may mark each viewable page or image with the appropriate

26   designation, and mark the medium, container, and/or communication in which the digital files were

27   contained.    In the event that original documents are produced for inspection, the original

28

documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

        (c)    <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

        (d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the

transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.  DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved

objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(iv)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction (provided that the screen-sharing contemplated in paragraph 6(b) shall not violate this condition); and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(v)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)     Any other person with the prior written consent of the Producing Party.

**9.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is highly sensitive private material, including but not limited to information that is highly confidential and/or sensitive in nature, and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to create a substantial risk of serious harm to the Designating Party's business.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     With respect to Discovery Material produced by the Plaintiff, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction (provided that the screen-sharing contemplated in paragraph 6(b) shall not violate this condition); and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)    Any other person with the prior written consent of the Producing Party.

(ix)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(x)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**10.    NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iv), 9(b)(ii), or 9(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person; and

(ii)    the present employer and title of the Person.

(b)    Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

**11.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection

of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 12.  **DATA SECURITY**

(a)     Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with at least one of the then-current versions of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Parties shall implement multi-factor authentication[1] for any access to Protected Materials and implement encryption of all Protected Materials (i) in transit outside of network(s) covered by the Party's ISMS (except as necessary to submit documents to the court in accordance with Section 13 below) and (ii) at rest where reasonably practical.

(b)     If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"),

---

[1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; *see also* NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations.  For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

(c)     Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access.  Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach.  For the avoidance of doubt, nothing in this Section 11 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d)     If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach.  Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

(e)     In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within 10 business days shall provide a copy

of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

(f)     Receiving Party shall comply with this Section 11 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law").  If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section 9, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

(g)     Receiving Parties must take reasonable precautions to safeguard Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

(i)     Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to the application of access control rights to only those persons entitled to access Protected Material under this order;

(ii)     Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptops, network drives, virtual private networks, servers, secure, access-controlled, file share platforms, cloud databases, document management systems, tablets, smartphones, thumb drives, portable hard drives) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order;

(iii)     Absent express written permission by the Producing Party, the Receiving Party, and any person or entity authorized to have access to Protected Material under the terms of this Order, shall not input, upload, or otherwise disclose documents or information received during discovery to any generative AI tool (including, by way of example but not limitation, ChatGPT, Google Gemini, Harvey AI, Clearbrief, Co-Counsel) without first confirming that the license agreement guarantees secure storage as set forth above. This provision

1  does not apply to a commercialized litigation support system (e.g., Relativity, iPro, Reveal,
2  Everlaw, Disco, Logikcull).

3  **13.    SUBPOENAS OR COURT ORDERS**

4         (a)    If at any time Protected Material is subpoenaed by any court, arbitral,
5  administrative, or legislative body, the Party to whom the subpoena or other request is directed
6  shall immediately give prompt written notice thereof to every Party who has produced such
7  Discovery Material and to its counsel and shall provide each such Party with an opportunity to
8  move for a protective order regarding the production of Protected Materials implicated by the
9  subpoena.

10  **14.    FILING PROTECTED MATERIAL**

11         (a)    Absent written permission from the Producing Party or a court Order
12  secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose
13  in the public record any Protected Material.

14         (b)    Any Party is authorized under Civil Local Rule 79-5 to file under seal with
15  the Court any brief, document or materials that are designated as Protected Material under this
16  Order.

17  **15.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

18         (a)    Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a
19  privileged or work product protected document, is not a waiver of privilege or protection from
20  discovery in this case or in any other federal or state proceeding. For example, the mere production
21  of a privileged or work product protected document in this case as part of a production is not itself
22  a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information
23  or relevant information protected by the attorney-client privilege, work product doctrine, or any
24  other applicable privilege or immunity. The parties do not waive any objections as to the
25  production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover,
26  nothing in this Order shall be interpreted to require disclosure of information subject to privacy
27  protections as set forth in law or regulation, including information that may need to be produced
28  from outside of the United States and/or may be subject to foreign laws.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 16.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

1

2    **17.**   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

3    (a)     In the event of a disclosure of any Discovery Material pursuant to this Order

to any person or persons not authorized to receive such disclosure under this Protective Order, the

Party responsible for having made such disclosure, and each Party with knowledge thereof, shall

immediately notify counsel for the Producing Party whose Discovery Material has been disclosed

and provide to such counsel all known relevant information concerning the nature and

circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all

reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no

further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of

Discovery Material or waive the right to hold the disclosed document or information as Protected.

**18.**   **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each

Party shall return all Discovery Material of a Producing Party to the respective outside counsel of

the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes

of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating

the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in

writing that all such materials have been returned to the respective outside counsel of the Producing

Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside

counsel may retain one set of pleadings, correspondence and attorney and consultant work product

(but not document productions) for archival purposes.

**19.**   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and

other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing

Paragraph shall be treated as attorney work product for the purposes of this case and Protective

Order.

1    **20.    <u>MISCELLANEOUS</u>**

2    (a)    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

3 person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties

4 do not waive the right to argue that certain material may require additional or different

5 confidentiality protections than those set forth herein.

6    (b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that

7 the terms of this Protective Order shall survive and remain in effect after the Final Determination

8 of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this

9 matter to hear and resolve any disputes arising out of this Protective Order.

10    (c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their

11 attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

12 representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

13 experts, and any persons or organizations over which they have direct control.

14    (d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

15 Protective Order, no Party waives any right it otherwise would have to object to disclosing or

16 producing any information or item.  Similarly, no Party waives any right to object on any ground

17 to use in evidence of any of the material covered by this Protective Order.  This Order shall not

18 constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery

19 Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible

20 in evidence in this action or any other proceeding.

21    (e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing

22 in this Protective Order shall be construed to change the burdens of proof or legal standards

23 applicable in disputes regarding whether particular Discovery Material is confidential, which level

24 of confidentiality is appropriate, whether disclosure should be restricted, and if so, what

25 restrictions should apply.

26    (f)    <u>Modification by Court</u>.  This Order is subject to further court order based

27 upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the

28 interests of justice. The United States District Court for the Northern District of California is

responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

1    Dated:  February 21, 2025                    Dated:  February 21, 2025

2    WINSTON & STRAWN LLP                          WILMER CUTLER PICKERING
                                                     HALE AND DORR LLP
3
     By: /s/ Jennifer A. Golinveaux
4                                                  By: /s/ Chris Johnstone

5    Jennifer A. Golinveaux, SBN 203056
     Samantha K. Looker, SBN 340564               Chris Johnstone, SBN 242152
6    WINSTON & STRAWN LLP                          WILMER CUTLER PICKERING
     101 California Street, 35th Floor               HALE AND DORR LLP
7    San Fransisco, CA 94111                       2600 El Camino Real, Suite 400
     Telephone: (415) 591-1000                     Palo Alto, CA 94306
8    jgolinveaux@winston.com                       Telephone: (650) 858-6000
     slooker@winston.com                           chris.johnstone@wilmerhale.com
9
     Jeff Wilkerson, SBN 284044                    Jennifer Milici (pro hac vice)
10   WINSTON & STRAWN LLP                           WILMER CUTLER PICKERING
     300 South Tryon Street, 16th Floor              HALE AND DORR LLP
11   Charlotte, NC 28202                           2100 Pennsylvania Avenue, NW
     Telephone: (704) 350-7700                     Washington, DC 20037
12   jwilkerson@winston.com                        Telephone: (202) 663-6000
                                                    jennifer.milici@wilmerhale.com
13
     Attorneys for Plaintiff Musi Inc.             Mark Ford (pro hac vice)
14                                                 WILMER CUTLER PICKERING
                                                     HALE AND DORR LLP
15                                                 60 State Street
                                                   Boston, MA 02109
16                                                 Telephone: (617) 526-6000
                                                   mark.ford@wilmerhale.com
17

18                                                 Attorneys for Defendant Apple Inc.

19

20

21

22

23

24

25

26

27

28

1

## <u>SIGNATURE ATTESTATION</u>

2

       I, Chris Johnstone, am the CM/ECF user whose ID and password are being used to file this

3

Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials. In

4

compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document

5

has been obtained from each of the other signatories.

6

7

Dated:  February 21, 2025                           Respectfully submitted,

8

9
                                                      WILMER CUTLER PICKERING

10
                                                       HALE AND DORR LLP

11
                                              By: _/s/ Chris Johnstone_
                                              Chris Johnstone, SBN 242152

12
                                              WILMER CUTLER PICKERING

13
                                              HALE AND DORR LLP
                                              2600 El Camino Real, Suite 400

14
                                              Palo Alto, CA 94306

15
                                              Telephone: (650) 858-6000
                                              _chris.johnstone@wilmerhale.com_

16
                                              _Attorney for Defendant Apple Inc._

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated _____, 2025                By: _____

                                             Hon. Nathanael Cousins
                                             United States Magistrate Judge

1

## **EXHIBIT A**

2      I, _____, acknowledge and declare that I have received a

3  copy of the Protective Order ("Order") in Musi Inc. v. Apple Inc., United States District Court,

4  Northern District of California, San Jose Division, Civil Action No. 24-cv-06820-EKL.  Having

5  read and understood the terms of the Order, I agree to be bound by the terms of the Order and

6  consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of

7  the Order.

8      Name of individual: _____

9      Present occupation/job description: _____

10     _____

11     _____

12     Name of Company or Firm: _____

13     Address:_____

14

15     Dated: _____

16

17                                    _____

18                                    [Signature]

19

20

21

22

23

24

25

26

27

28