Chris Johnstone, SBN 242152
Wilmer Cutler Pickering
   Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
Wilmer Cutler Pickering
   Hale and Dorr LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Fransisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

*Attorneys for Plaintiff Musi Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No. 5:24-cv-06920-EKL (NC)<br><br>**ESI STIPULATION<br>AND ORDER** |

Plaintiff Musi Inc. ("Musi") and Defendant Apple Inc. ("Apple") hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1.     This ESI Stipulation supplements all other discovery rules and orders. It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Rule 1 of the Federal Rules of Civil Procedure.

2.     Except as specifically set forth herein, this Order does not alter or affect the applicability of the Federal Rules of Civil Procedure ("Federal Rules") or any Local Rules of this U.S. District Court ("Local Rules"), as applicable.

3.     This ESI Stipulation may be modified for good cause. The parties may agree to modifications, and if so agreed to, shall jointly submit any modifications to the Court. If the parties cannot reach an agreement regarding proposed modifications, the parties shall submit their competing proposals and a summary of their dispute to the Court.

4.     The parties reserve their rights under the Federal Rules of Civil Procedure, including Rule 26, in connection with this ESI Stipulation and the parties' respective productions made pursuant thereto.

5.     The Parties acknowledge their duty to meet and confer in good faith to try to resolve discovery disputes.

6.     By stipulating to this Order and agreeing to produce documents, generally, in a particular form or forms, neither the party producing documents (the "Producing Party") nor the party receiving documents (the "Receiving Party") waives any objection to producing any particular document or category of documents on any grounds whatsoever.

7.     Nothing in this Order prevents either Party from reviewing documents or information for responsiveness, privilege and confidentiality prior to production.

8.     To the extent that a technical term is not defined herein, those technical terms shall be defined by "The Sedona Conference Glossary: E-Discovery and Digital Information Management," Fifth Ed., February 2020.

**DEFINITIONS**

1. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rules 26 and 34(a) of the Federal Rules of Civil Procedure.

2. "Electronically stored information" or "ESI" is to be interpreted broadly, as used in Federal Rules of Civil Procedure 26 and 34.

3. "Hard Copy Document(s)" means Documents existing in paper form at the time of collection.

4. "Hash Value" is a mathematical algorithm that calculates a unique value for a given set of data, similar to a digital footprint, representing the binary content of the data to assist in subsequently ensuring that data has not been modified and to facilitate duplicate identification. Unless otherwise specified, hash values shall be calculated using the MD5 hash algorithm.

5. "Load File(s)" are electronic files containing information identifying a set of paper scanned (static) images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends. Load Files also contain data relevant to individual Documents, including extracted and user-created metadata, coded data, as well as OCR or Extracted Text. A load file linking corresponding images is used for productions of static images (e.g., TIFFs).

6. "Metadata" is the term used to describe the application and system information of a file that contains data about the file, as opposed to describing the content of a file, as the term is described and used in the "The Sedona Conference Glossary: E-Discovery and Digital Information Management," Fifth Ed., February 2020.

7. "Native Format" means and refers to an electronic document's associated file structure defined by the original creating application and as collected from custodians. For example, the native format of an Excel workbook is an .xls or .xlsx file.

8. "Optical Character Recognition" or "OCR" means the process of recognizing, and creating a file containing, visible text within an image.

9. "Searchable Text" means the native text extracted from ESI and any Optical Character Recognition text ("OCR text") generated from a Hard Copy Document or electronic image.

**ESI PROVISIONS**

1. **Search.** The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

2. **Cooperation**. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in either multiple page, searchable PDF format or single-page TIFF format with accompanying extracted text files and .dat and .opt load files for image and metadata loading. The searchable PDF format or single-page TIFF format must be at a resolution of at least 300 dpi in accordance with the following:

    A. PDF or TIFF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document, along with additional Metadata fields as described in Exhibit A to this Protocol.

    B. For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

    C. **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the

original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

D. **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

4. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, including making reasonable efforts to render the documents searchable.

5. **Source code.** This Stipulation does not govern the format for production of source code.

6. **Parent and child emails.** The parties shall produce responsive and not privileged email attachments sequentially after the parent email.

7. **Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

8. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties agree to meet and confer on acceptable format for production of information from databases and other structured data sources. The parties agree to identify the

specific databases, by name, that contain the relevant and responsive information that parties produce.

9. **Short Message Discovery.** To the extent short messages from mobile devices or collaboration tools such as Microsoft Teams, Slack, etc. are responsive and not privileged, the parties agree to meet and confer regarding their production format.

10. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

11. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

12. **Document preservation.** The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI shall be consistent with their obligations set forth in Rule 26 of the Federal Rules of Civil Procedure. The parties represent that they have issued litigation hold notices to individuals whom they reasonably believe to possess relevant documents. To the extent required, the parties represent that they have

taken reasonable and proportionate steps to suspend or modify regular or automatic policies or practices that would result in the loss of relevant documents. The parties shall have a continuing obligation to take reasonable and proportionate steps to identify sources of relevant documents and preserve such documents.

13. **Inadvertent disclosure of privileged material.** Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

14. **Modification**. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

| | | |
|---|---|---|
|1| Dated: February 27, 2025 | Dated: February 27, 2025 |
|2| WINSTON & STRAWN LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
|3| By: */s/ Jennifer A. Golinveaux* | |
|4| | By: */s/ Chris Johnstone* |
|5| Jennifer A. Golinveaux, SBN 203056<br>Samantha K. Looker, SBN 340564 | Chris Johnstone, SBN 242152 |
|6| WINSTON & STRAWN LLP<br>101 California Street, 35th Floor | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
|7| San Fransisco, CA 94111<br>Telephone: (415) 591-1000 | 2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306 |
|8| *jgolinveaux@winston.com*<br>*slooker@winston.com* | Telephone: (650) 858-6000<br>*chris.johnstone@wilmerhale.com* |
|9| | |
|10| Jeff Wilkerson, SBN 284044<br>WINSTON & STRAWN LLP | Jennifer Milici (*pro hac vice*)<br>WILMER CUTLER PICKERING |
|11| 300 South Tryon Street, 16th Floor<br>Charlotte, NC 28202 |   HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW |
|12| Telephone: (704) 350-7700<br>*jwilkerson@winston.com* | Washington, DC 20037<br>Telephone: (202) 663-6000 |
|13| | *jennifer.milici@wilmerhale.com* |
|14| *Attorneys for Plaintiff Musi Inc.* | Mark Ford (*pro hac vice*) |
|15| | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
|16| | 60 State Street<br>Boston, MA 02109 |
|17| | Telephone: (617) 526-6000<br>*mark.ford@wilmerhale.com* |
|18| | |
|19| | *Attorneys for Defendant Apple Inc.* |
|20| | |
|21| | |
|22| | |
|23| | |
|24| | |
|25| | |
|26| | |
|27| | |
|28| | |

**SIGNATURE ATTESTATION**

I, Chris Johnstone, am the CM/ECF user whose ID and password are being used to file this ESI Stipulation and Proposed Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: February 27, 2025

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By: */s/ Chris Johnstone*
Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

*Attorney for Defendant Apple Inc.*

<u>**ORDER**</u>

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: February, 27, 2025          By: _____
                                         Hon. Nathanael M. Cousins
                                         United States Magistrate Judge

*[GRANTED stamp — Judge Nathanael M. Cousins, United States District Court, Northern District of California]*

# EXHIBIT A

# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |

| | | | | |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Filename | Filename | Paragraph | | Original file name of the file, including file extension. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| All Custodians | All Custodians | Paragraph | All custodians who were in possession of a deduplicated email. | All custodians who were in possession of a deduplicated document. |
| Hash Value | Hash Value | Paragraph | The hash value of an email. | The hash value of a document. |