1   Chris Johnstone, SBN 242152
    WILMER CUTLER PICKERING
2       HALE AND DORR LLP
    2600 El Camino Real, Suite 400
3   Palo Alto, CA 94306
    Telephone: (650) 858-6000
4   chris.johnstone@wilmerhale.com

5   Jennifer Milici (*pro hac vice*)
    WILMER CUTLER PICKERING
6       HALE AND DORR LLP
    2100 Pennsylvania Avenue, NW
7   Washington, DC 20037
    Telephone: (202) 663-6000
8   jennifer.milici@wilmerhale.com

9   Mark A. Ford (*pro hac vice*)
    WILMER CUTLER PICKERING
10      HALE AND DORR LLP
    60 State Street
11  Boston, MA 02109
    Telephone: (617) 526-6000
12  mark.ford@wilmerhale.com

13  *Attorneys for Defendant Apple Inc.*

14

15                  UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                      SAN JOSE DIVISION

18
    MUSI INC.,                          Case No. 5:24-cv-06920-EKL (NC)
19
                    Plaintiff,          **DEFENDANT'S STATEMENT IN**
20                                       **RESPONSE TO PLAINTIFF'S**
                                         **ADMINISTRATIVE MOTION TO**
21          v.                           **CONSIDER WHETHER ANOTHER**
                                         **PARTY'S MATERIAL SHOULD BE**
22  APPLE INC.,                          **SEALED PURSUANT TO LOCAL RULE**
                                         **79-5(f)**
23
                    Defendant.
24

25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendant Apple Inc. ("Apple") respectfully submits this Statement in Response to Plaintiff Musi Inc.'s ("Musi") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed.  *See* Dkt. 62.  For the reasons set forth below, there is no basis to seal any portion of Musi's First Amended Complaint ("FAC").

Musi's motion seeks to add a veneer of credibility to its wholly meritless claims by falsely suggesting to the Court that the provisionally sealed portions of the FAC describe confidential information received from Apple during discovery.  They do not.  The substance redacted is fiction and is not tethered in any way to the documents, testimony, and other responses Apple provided during discovery.  In fact, discovery in this matter has only confirmed what both parties have known all along:  Apple exercised its contractual right to remove the Musi app based on an assessment of its own legal risks and following years of consistent, unresolved complaints from multiple third parties.

Particularly egregious among these misrepresentations are numerous allegations to the effect that, somehow, Apple based its decision to remove Musi's app solely on complaints that it "knew" were baseless.  *See, e.g.*, FAC ¶¶ 1, 9, 11, 44-45, 48, 52, 58-59, 63-64.  This allegation is not only false, it is directly contradicted by the thousands of documents Apple produced, which include consistent complaints about Musi's app, and Musi's ineffective and frequently dishonest responses to those complaints.  Moreover, the discovery record shows that Musi never denied the core facts of the repeated complaints about its app, including that the app allows background play of YouTube content, that users of Musi's app do not see the advertising they would see if they had accessed the same content directly from YouTube, that Musi has placed its own advertising on that content, and that Musi has never shared any of the revenue it received from advertising with the artists and publishers whose copyrighted materials are viewed by users of Musi's app.  The discovery record also includes YouTube's cease and desist letter to Musi, incorporated by Musi into its Amended Complaint, which explains that Musi's app violates the terms of service applicable to *all* users, not just the API Terms of Service.  And the record includes multiple complaints that Musi was evading YouTube's technical protective measures in order to access copyrighted materials for commercial purposes without authorization.  Because the

allegation that Apple "knew" that the complaints about Musi's app were "false" is entirely fabricated, Apple does not request the sealing of the allegation.

Other fabricated allegations that Musi provisionally redacted include, but are not limited to, allegations that Apple "has since admitted" that it "*knew*" evidence cited by complainants against Musi was false (FAC ¶ 1); that Apple engaged in "a months-long campaign of backchannel discussions with the goal of creating the appearance of a legitimate basis to pull the Musi app" (*id.* ¶ 45); that Apple removed Musi's app to "appease" a third party (*id.* ¶¶ 1, 8); and that Apple "orchestrated, in bad faith and for the benefit of its friends in the music industry, a basis for removing the Musi app under false pretenses" (*id.* ¶ 11).  These and other redacted allegations are fictional, are not supported by any evidence, could not possibly reveal confidential information, and therefore should not be sealed.

Musi does incorporate into its Amended Complaint a number of identifiable communications on which it relies for its claims.  But Musi's allegations so grossly misrepresent the content of those communications that, even if the communications themselves are confidential, Musi's false descriptions could not be.  The materials Musi incorporates by reference and for which it provisionally sealed its misrepresentations about the content include, at the least:

- An email from Sony in April 2024, in which Sony raised concerns that the complaints of its industry association, the International Federation of the Phonographic Industry, had not been resolved after more than a year of communications with Musi.  *See* FAC ¶¶ 8, 44.  Among other things, the email does not state that "years earlier, Musi had ceased use of YouTube's API." *Id.* ¶ 44.  The email also does not support the allegation that Apple "had been told several months prior by music-industry players, that Musi did not and could not use YouTube's API." *Id.* ¶ 11.  Nor do any communications with Sony support the inflammatory allegations that Musi makes on "information and belief."  *See id.* ¶ 44.  Musi provisionally redacted these allegations to falsely suggest they have an evidentiary basis, when they do not.

- Documents and testimony related to a September 11, 2024 email from the National Music Publishers' Association ("NMPA") to Apple in support of YouTube's complaint against the Musi app, including preceding communications between NMPA and Apple.  *See* FAC ¶ 50

1    (misrepresenting, "on information and belief," that "Apple solicited a letter of support from the

2    NMPA for YouTube's complaint," when nothing in the relevant documents and testimony

3    suggests that Apple solicited the letter of support from NMPA); *see also id.* ¶ 9 (alleging Apple

4    "also solicited a letter of support for YouTube's supposed complaint from the NMPA" but

5    without the qualifying "on information and belief"). There is no evidence that supports that

6    allegation, and so no confidential evidence could possibly be implicated.

7    • Documents and testimony related to a July 15, 2024 call between YouTube and Apple. *See*

8    FAC ¶ 1 (falsely stating that Apple "purposefully cooked up" the 2024 YouTube complaint).

9    Among other things, Musi provisionally redacted the baseless allegation that "YouTube,

10    however, apparently could not be bothered even to look up its prior complaint and respond on

11    the thread." *Id.* ¶ 47. Not only does the record not support this statement, it affirmatively

12    contradicts it. Contemporaneous notes and witness testimony similarly do not support the core

13    allegation of Musi's bad faith claim, that "[i]t was on this call that YouTube supposedly stated

14    to Apple that its complaint with Musi was not a violation of its user Terms of Service (which

15    Musi had repeatedly countered with factual and legal argument), but rather an unspecified

16    violation of YouTube's API Terms of Service." *Id.* ¶ 46. There is no testimony, document, or

17    discovery material that supports the allegation that YouTube limited its complaint about Musi's

18    app to an API Terms of Service violation on that call or at any other time.

19    Apple does not seek the sealing of these allegations, which, because they are untrue, cannot possibly

20    disclose any Apple confidential material.

21                                              ***

22    For the foregoing reasons, Apple respectfully requests that the Court order the unsealing of

23    Musi's FAC and redlined FAC, Dkt. Nos. 62-2, 62-3, in their entirety.

24

25

26

27

28

1    Dated:  March 19, 2025                    /s/ Chris Johnstone

2                                              Chris Johnstone, SBN 242152
                                               WILMER CUTLER PICKERING
3                                                HALE AND DORR LLP
                                               2600 El Camino Real, Suite 400
4                                              Palo Alto, CA 94306
                                               Telephone: (650) 858-6000
5                                              chris.johnstone@wilmerhale.com

6                                              Jennifer Milici (pro hac vice)
                                               WILMER CUTLER PICKERING
7                                                HALE AND DORR LLP
                                               2100 Pennsylvania Avenue, NW
8                                              Washington, DC 20037
                                               Telephone: (202) 663-6000
9                                              jennifer.milici@wilmerhale.com

10                                             Mark A. Ford (pro hac vice)
                                               WILMER CUTLER PICKERING
11                                               HALE AND DORR LLP
                                               60 State Street
12                                             Boston, MA 02109
                                               Telephone: (617) 526-6000
13                                             mark.ford@wilmerhale.com

14                                             Attorneys for Defendant Apple Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on March 19, 2025, on all attorneys of record by email.


Dated: March 19, 2025                          /s/ *Chris Johnstone*
                                                Chris Johnstone