Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
chris.johnstone@wilmerhale.com

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
jennifer.milici@wilmerhale.com

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
mark.ford@wilmerhale.com

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No. 5:24-cv-06920-EKL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: The Honorable Eumi K. Lee<br>Hearing Date: April 30, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 7 |

Defendant Apple Inc. ("Apple") respectfully requests that the Court take judicial notice of the documents attached as Exhibits 1 through 5 to the Declaration of Jennifer Milici in Support of Apple's Motion to Dismiss ("Milici Decl.").

In resolving a motion to dismiss, a court may consider "matters of which [it] can take judicial notice," *Langham v. City of Union City*, 2024 WL 459071, at *2 (N.D. Cal. Feb. 6, 2024) (citing *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009)), as well as documents "incorporated by reference" in the complaint, *Kim v. Allakos Inc.*, 2022 WL 976974, at *3 (N.D. Cal. Mar. 31, 2022) (noting that the doctrine of incorporation by reference "is a tool to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims" (citing *Khoja v. Orezigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018))). The Court may consider the exhibits attached to the Milici Declaration under these doctrines.

*First*, Federal Rule of Evidence 201 permits judicial notice of "fact[s] … not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Exhibit 1 to the Milici Declaration—the Apple Developer Agreement ("ADA")—is a document published on Apple's website, and its contents are not subject to reasonable dispute. *See* Milici Decl. ¶ 2; *see also Arroyo v. AJU Hotel Silicon Valley LLC*, 2021 WL 2350813, at *2 (N.D. Cal. Mar. 16, 2021) ("Courts may take judicial notice of websites and their contents." (citing *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases)); *Margolis v. Apple Inc.*, 743 F. Supp. 3d 1124, 1132-33 (N.D. Cal. 2024) (granting Apple's request for judicial notice of "the existence and content of" the iOS 15 Software License Agreement available on Apple's website in part because it was "available from a source whose accuracy cannot be reasonably questioned"). Similarly, Exhibit 5 to the Milici Declaration—the YouTube Terms of Service—is a document published on YouTube's website, and its contents are not subject to reasonable dispute. *See* Milici Decl. ¶ 6; *see also Lacoste v. Keem*, 2020 WL 5239110, at *2 n.2 (C.D. Cal. June 23, 2020) (taking judicial notice of YouTube's Terms of Service under Fed. R. Evid. 201).

*Second*, courts may incorporate documents by reference if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"). Musi claims that Apple acted in bad faith because it removed Musi's app from the App Store based on complaints that Musi violated YouTube's API Terms of Service, which Apple "knew" were false, in order to "appease music-industry players." FAC ¶ 1; *see also id.* ¶¶ 63-64. Musi relies on Exhibit 2 to the Milici Declaration—an April 11, 2024 email from Sony Music Entertainment ("SME") to Apple, *see* Milici Decl. ¶ 3—as the basis for its allegation that Apple "knew months before the removal" that Musi was not using YouTube's API, FAC ¶ 1, and Musi refers to it repeatedly throughout the First Amended Complaint. *See, e.g.*, *id.* ¶¶ 1 ("Apple … had learned from the very music-industry players it was acting to appease [] that Musi was *not* using YouTube's API."); 8 ("In or around April 2024 … music-industry players … came directly to Apple to demand Musi's removal."); 11 ("Apple … had been told several months prior by music-industry players[] that Musi did not and could not use YouTube's API"); 44 ("In April 2024 … Apple was approached by a major music company, which complained that its attempts to run Musi off the App Store via Apple's app dispute process had been repeatedly unsuccessful. The music company also made it known to Apple that, years earlier, Musi had ceased use of YouTube's API."). The Court may therefore properly consider Exhibit 2 to the Milici Declaration under the doctrine of incorporation by reference.

Exhibits 3 and 4 to the Milici Declaration are also incorporated by reference as documents that are referred to extensively in the First Amended Complaint and that form the basis of Musi's claims. Exhibit 3 to the Milici Declaration is an April 22, 2021 cease and desist letter from YouTube's outside counsel to Musi's outside counsel, *see* Milici Decl. ¶ 4, which Musi describes in detail in the First Amended Complaint and relies on for the assertion that Musi had resolved YouTube's concerns about the functionality of the Musi app, *see* FAC ¶¶ 4, 40-43. Exhibit 4 to

the Milici Declaration is a September 11, 2024 letter from the National Music Publishers Association ("NMPA") to Apple, *see* Milici Decl. ¶ 5, which Musi alleges Apple "solicited" from the NMPA and "includes factual claims that Apple *knew* to be false," FAC ¶ 9; *see also* ¶¶ 51 (identifying September 11, 2024 NMPA letter), 52 (alleging the NMPA letter "could not provide any reasonable basis to remove the Musi app, and … contains several false claims, including claims that Apple knew to be untrue").  Because Musi has specifically identified and described these documents in numerous allegations forming the basis of its claim that Apple removed the Musi app from the App Store in bad faith, they are incorporated by reference and the Court may properly consider them on Apple's motion to dismiss.  *See Kim*, 2022 WL 976974, at *3 ("When a court incorporates a document by reference, it may assume all contents of the document are true for the purposes of a motion to dismiss under 12(b)(6)." (citing *Khoja*, 899 F.3d at 1003)).

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits 1 through 5 to the Declaration of Jennifer Milici in Support of Apple's Motion to Dismiss.

Dated:  March 25, 2025

WILMER CUTLER PICKERING
   HALE AND DORR LLP

By: /s/ Jennifer Milici
Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
jennifer.milici@wilmerhale.com

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
chris.johnstone@wilmerhale.com

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*