1  Chris Johnstone, SBN 242152
   WILMER CUTLER PICKERING
2    HALE AND DORR LLP
   2600 El Camino Real, Suite 400
3  Palo Alto, CA 94306
   Telephone: (650) 858-6000
4  chris.johnstone@wilmerhale.com

5  Jennifer Milici (*pro hac vice*)
   WILMER CUTLER PICKERING
6    HALE AND DORR LLP
   2100 Pennsylvania Avenue, NW
7  Washington, DC 20037
   Telephone: (202) 663-6000
8  jennifer.milici@wilmerhale.com

9  Mark A. Ford (*pro hac vice*)
   WILMER CUTLER PICKERING
10   HALE AND DORR LLP
   60 State Street
11 Boston, MA 02109
   Telephone: (617) 526-6000
12 mark.ford@wilmerhale.com

13 *Attorneys for Defendant Apple Inc.*

14                **UNITED STATES DISTRICT COURT**

15            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16                         **SAN JOSE DIVISION**

17 | MUSI INC.,               | Case No. 5:24-cv-06920-EKL
18 |       Plaintiff,         | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**
19 |   v.                     |
20 | APPLE INC.,              |
21 |       Defendant.         | Judge: The Honorable Eumi K. Lee
                                Hearing Date: July 30, 2025
22                              Hearing Time: 10:00 a.m.
                                Courtroom: 7

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................... 1

II. ARGUMENT ...................................................................................................................... 2

    A. Legal Standard ........................................................................................................ 2

    B. The FAC's Factual Allegations Are False Or Misleading ..................................... 4

        1. The FAC makes numerous false allegations about Apple's July 2024 call with YouTube. ........................................................................................ 4

        2. The FAC falsely alleges that Apple "admitted" that it "knew" that evidence submitted by NMPA was "false". ................................................ 7

        3. The FAC misleadingly omits reference to pending complaints, as well as the history of dishonest, and even fraudulent, conduct in the app dispute process by Musi and its counsel. ................................................... 8

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ................................................................................................3

*G. C. and K. B. Investments, Inc. v. Wilson*,
  326 F.3d 1096 (9th Cir. 2003) ................................................................................................3

*Hall v. Hamilton Family Center*,
  2014 WL 1410555 (N.D. Cal. April 11, 2014) .......................................................................3

*Lake v. Gates,*
  130 F.4th 1064 (9th Cir. 2025) ............................................................................................3, 9

*Montrose Chemical Corp. of California v. American Motorists Insurance Co.*,
  117 F.3d 1128 (9th Cir. 1997) ................................................................................................3

*Rattagan v. Uber Technologies, Inc.*,
  2019 WL 3891714 (N.D. Cal. Aug. 19, 2019) .......................................................................3

*Truesdell v. Southern California Permanente Medical Group*,
  293 F.3d 1146 (9th Cir. 2002) ............................................................................................3, 4

*United National Insurance Co. v. R&D Latex Corp.*,
  242 F.3d 1102 (9th Cir. 2001) ................................................................................................1

**Federal Rules**

Fed. R. Civ. P. 11 ................................................................................................................ *passim*

## I.   INTRODUCTION

Apple requests that the Court enter an order pursuant to Fed. R. Civ. P. 11 ("Rule 11") sanctioning Plaintiff Musi Inc. ("Musi") and its counsel, Winston & Strawn LLP ("Winston") for filing a First Amended Complaint ("FAC") making false and misleading allegations.  Rule 11 is designed to "deter baseless filings in district court," and reflects the principle that "on occasion attorneys engage in litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system, and that neither the other part[y] nor the court[] should have to abide such behavior or waste time and money coping with it."  *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001).  This is such an occasion.

The parties conducted targeted discovery before Musi filed its FAC, and that discovery thoroughly disproved Musi's baseless conspiracy theory that Apple schemed to eliminate the Musi app from the App Store to benefit "friends" in the music industry.  FAC ¶ 8.  Apple attempted to resolve this matter without the Court's intervention and sent Musi a March 11, 2025 letter explaining that "discovery has now conclusively demonstrated that Apple did not act in bad faith [and that] Musi *knew* that Apple did not act in bad faith when Musi filed its original complaint, when it expanded upon its allegations in its preliminary injunction briefing, and when it sought burdensome, wasteful discovery from Apple."  Ex. 1 at 1.[1]  Far from resolving Apple's concerns, Musi's March 31, 2025 responsive letter ████████████████████████████████████████████████████████████████  *See* Ex. 2.

Despite having received notice that filing an amended complaint that again seeks to mislead the Court would draw a meritorious sanctions motion, *see* Ex. 1 at 2, Musi, through its counsel, filed its FAC containing numerous false and misleading statements, including falsely describing identifiable communications.  *See* Dkts. 63, 67.  To make matters worse, Musi attempted to give its falsehoods a veneer of truth by provisionally redacting many allegations and misrepresenting to the Court that those allegations reflected information Apple produced in discovery*, see* Dkts.

---

[1] Citations to "Ex.__" refer to exhibits to the concurrently filed Declaration of Jennifer Milici in Support of Motion for Sanctions.

62, 65.

As the Court warns in its Civil Standing Order, "[m]isrepresentations of … fact, however subtle, may result in sanctions and a referral to the District's Standing Committee on Professional Conduct." Standing Order for Civil Cases Before Judge Eumi K. Lee, Section VIII.F. There is nothing "subtle" about Musi and its counsel's egregious misrepresentations of the record in its FAC, as the following examples amply demonstrate. *First*, the FAC baselessly alleges that a July 15, 2024 phone call between Apple and YouTube was part of a "backchannel scheme to cook up a supposed reason to remove the Musi app" from the App Store. FAC ¶ 8; *see also id.* ¶¶ 1, 46, 49. But Musi is well aware that Apple had the contractual right to remove the app at its discretion and had no need to "cook up" any complaint from YouTube. Moreover, multiple complaints were *already* pending against Musi's app, including, among others, unresolved complaints from YouTube that the Musi app violated YouTube's user Terms of Service. *See, e.g.*, *id.* ¶¶ 5, 42, 44, 46. *Second*, Musi alleges in the FAC that Apple "admitted" that it "*knew*" that "evidence" Apple allegedly relied on in removing the Musi app from the App Store was false. *Id.* ¶ 1 (citing evidence from the National Music Publishers' Association ("NMPA")); *see also id.* ¶¶ 9, 11, 46, 48, 52, 57-59, 64. Apple made no such admission, and Musi has no good-faith basis for its assertion. *Third*, the FAC deliberately seeks to deceive the Court by omitting key information, including about the many consistent complaints levied against the Musi app by rightsholders, and the repeated dishonesty of Musi and its counsel when responding to complaints. Indeed, Apple previously removed Musi's app from the App Store and Musi only regained access in 2020 by fraudulently impersonating a complainant. *See* Ex. 1 at 7-9; Ex. 2 at 3.

For these reasons, as detailed below, Musi and its counsel should be sanctioned, and the FAC should be struck with prejudice.

II.     ARGUMENT

    A.     **Legal Standard**

"Rule 11(b) states that, by 'signing, filing, submitting or later advocating' for a 'pleading, written motion, or other paper,' an attorney certifies that:"

>(1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

*Lake v. Gates*, 130 F.4th 1064, 1067 (9th Cir. 2025) (quoting Fed. R. Civ. P. 11(b)). A complaint that violates any one of these requirements gives grounds for sanctions. *Id.* at 1068.

"Filing a complaint in federal court is no trifling undertaking. An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' ...." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). "Where ... the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id.*; *see also Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997). A district court may impose sanctions if a filing is either "legally frivolous" or "factually misleading," *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). Misleading "omi[ssions of] critical information" that "directly contradict[]" a party's allegations "are sufficient grounds for Rule 11 sanctions." *Hall v. Hamilton Family Ctr.*, 2014 WL 1410555, at *10 (N.D. Cal. April 11, 2014) (citing *United Nat'l Ins. Co.*, 242 F.3d at 1117). Subjective bad faith is not required under Rule 11; the inquiry is objective. *See G. C. and K. B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). "Where Rule 11 is violated, 'the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.'" *Rattagan v. Uber Techs., Inc.*, 2019 WL 3891714, at *2 (N.D. Cal. Aug. 19, 2019).

A motion for sanctions "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R.

1  Civ. P. 11(c)(2). Apple complied with this safe harbor provision by serving Musi's counsel with
2  a copy of its anticipated motion for sanctions on April 7, 2025.

### B. The FAC's Factual Allegations Are False Or Misleading

Musi's allegations described above are plainly false and misleading and thus could not have been the product of a reasonable and competent inquiry. Musi has taken discovery on these points, and that discovery has conclusively proven Musi's claims false. No reasonable lawyer or litigant could conclude otherwise. By filing the factually insufficient FAC and continuing to assert baseless allegations in the face of unambiguous evidence to the contrary, Musi and its counsel have violated Rule 11. *See Truesdell*, 293 F.3d at 1153-54 (upholding sanctions where complaint stated allegations that counsel "must have known were false").

#### 1. The FAC makes numerous false allegations about Apple's July 2024 call with YouTube.

Musi's breach of the implied covenant claim is premised on a series of false allegations about Apple's communications with YouTube between May and July 2024, including a July 15, 2024 call between Apple and YouTube's respective legal teams. *See* FAC ¶¶ 1, 8, 10, 46-47, 49, 59. Deposition testimony about the call, which Musi had the opportunity to take before it filed the FAC, and the contemporaneous notes regarding it, entirely contradict the FAC's allegations.

Musi falsely alleges that beginning in May 2024, Apple engaged in outreach to YouTube specifically to "solicit[] YouTube to resurrect" a complaint against Musi in order to "cook up a supposed reason to remove the Musi app." FAC ¶ 8; *see also id.* ¶ 46. But Musi is well aware that there is no factual support for such a claim. While Apple did reach out to YouTube beginning in May 2024, culminating in the July 15 phone call, Apple had no need to "solicit" a complaint from YouTube or to "cook up" a basis for removal. To the contrary, Apple had the right to remove Musi's app "at any time, with or without cause." FAC Ex. A at 84. Moreover, after Apple restored Musi's app to the App Store in 2020, YouTube filed repeated complaints to Apple that the Musi app violated its Terms of Service, including in 2020, 2021 and 2023.[2] And between the date of

---

[2] As described below, Apple restored Musi's app only after Musi fraudulently impersonated a complainant, asserting that the complaint had been resolved. *See infra* Section II.C.

Apple's last communication with YouTube in April 2023 and Apple's outreach to YouTube in May 2024, Apple had received dozens of communications from other complainants alleging that Musi was violating YouTube's Terms of Service and infringing the copyrights of content providers. Multiple complaints about Musi's app were pending at the time of Apple's 2024 outreach to YouTube. *See* Dkt. 30-9 (July 27, 2023 IFPI complaint); Ex. 3 (December 2023 Araldyca complaint); Ex. 4 (February 2024 BHMedia complaint). As an Apple witness explicitly testified, the outreach that culminated in the July 15 phone call was to determine the status of YouTube's *existing* complaint, which it had last raised with Apple in 2023. *See* Ex. 5 at 120:22-121:9 ("What we discussed on the call is that there was a claim from YouTube against the Musi app, that we had received a number of other claims against the Musi app with a consistency of allegations that the Musi app was violating YouTube's Terms of Service, circumventing YouTube's technical protection measures. It was a theme across a number of claims. So we were asking YouTube, ***because that complaint hadn't been resolved and/or closed***, it was sort of stagnant, whether their intention was to pursue that claim[.]" (emphasis added)).

Musi also alleges in connection with Apple's 2024 outreach that YouTube "had no idea what Apple was talking about," FAC ¶ 46, and "could not even be bothered to look up its prior complaint," *id.* ¶ 47. But as an Apple witness explained, YouTube indicated on the July 15 call that there was "an issue with who was getting … [Apple's] emails … to YouTube," and it was possible "they weren't going to the right places." Ex. 5 at 121:4-6, 128:8-11. Contemporaneous notes from the call reflect the same. *See* Ex. 6 ("No intent to abandon or close matter from their side, email may have gone to other channels and they may not have been aware"). Far from being ignorant of it, YouTube expressly reaffirmed its desire to press the complaint. *See id*.

Musi admits that YouTube had complained in 2021 and 2023 that Musi's app violated YouTube's user Terms of Service, but falsely alleges that those complaints had been resolved or closed. *Compare* FAC ¶¶ 5, 42, 44, 46, *with* Ex. 5 at 121:4-5 (Apple's in-house counsel testifying "that complaint hadn't been resolved and/or closed"). As the record unequivocally demonstrates, at the time of Apple's outreach to YouTube, the complaint was "stagnant," *id.* at 121:6, following

*Musi*'s false representation to Apple in 2023 that it was in active discussions with YouTube to resolve the dispute. After YouTube submitted a formal dispute to Apple in March 2023, outside counsel for Musi—specifically, Winston partner Michael Elkin—represented to Apple that "[w]e have been in communication directly with the Complainant on this matter in order to attempt to come to a timely resolution of this dispute." Ex. 7 at 3. On April 4, 2023, Mr. Elkin reiterated this claim. *Id.* at 1-2. In both cases, Mr. Elkin removed YouTube from the email chain. *Id.* On April 19, 2023, Apple wrote YouTube, copying Musi, to inform YouTube that Musi had "advised that they have been in contact with you and that the matter is now resolved." *Id.* at 1. While YouTube did not respond to Apple's April 2023 email, as discussed above, the record reflects that the relevant YouTube team did not receive this or any other communications about the complaint. *See* Ex. 5 at 121:4-6, 128:8-11; Ex. 6.

Mr. Elkin's representations to Apple were false. Discovery has revealed that there were *no* communications between Musi or its counsel and YouTube in March or April of 2023. To make matters worse, Musi attempted to conceal Mr. Elkin's fraudulent conduct by making false allegations about it to the Court. In describing Mr. Elkin's two emails, the FAC alleges "Musi, referencing its previous detailed letter from 2021 rebutting any claim of violating YouTube's Terms of Service, noted it had previously been in contact with YouTube to address its concerns." FAC ¶ 5. But the 2023 emails speak for themselves and do not reference a two-year old letter. Instead, the emails falsely claim that Musi was *currently* communicating with YouTube to come to a timely resolution of "this dispute," which was submitted in 2023. Ex. 7 at 3.[3] Musi nonetheless makes the doubly false allegation in the FAC that Apple "closed" YouTube's complaint because of YouTube's "failure to respond," FAC ¶ 44, deliberately concealing that Musi, through Winston, made false representations about its communications with YouTube.

Further, the FAC's theory that Apple solicited a particular complaint from YouTube in

---

[3] Remarkably, despite having no contact with YouTube *since 2021*, on August 12, 2024, Mr. Elkin cut and pasted the content of his deceptive March 27, 2023 email to Apple and resent it, again falsely claiming that "we have been in communication directly with the Complainant on this matter" despite having made no effort to communicate with YouTube. FAC Ex. D at 3.

Case No. 5:24-cv-06920-EKL     6     MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SANCTIONS

2024—that Musi violated YouTube's API Terms of Service—is baseless. Musi alleges that "[i]t was on th[e July 15] call that YouTube supposedly stated to Apple that its complaint with Musi was *not* a violation of its user Terms of Service … but rather an unspecified violation of YouTube's API Terms of Service." FAC ¶ 46. But Musi obtained documents from and deposed two Apple witnesses who participated in the call, and no record evidence supports that allegation. *See, e.g.*, Ex. 5 at 128:25-129:2 (testimony describing call); Ex. 8 at 52:2-53:25 (same); Ex. 6 (contemporaneous call notes); Ex. 9 at 4-5 (interrogatory response describing call). YouTube never said to Apple that Musi's app does *not* violate the user Terms of Service, and no Apple witness has ever testified otherwise. *See* Ex. 2 at 2-3 (citing to testimony reflected in Exs. 5, 8).

### 2. The FAC falsely alleges that Apple "admitted" that it "knew" that evidence submitted by NMPA was "false".

The FAC repeatedly and baselessly alleges that in removing the Musi app from the App Store, Apple relied on "evidence"—specifically, NMPA's September 11, 2024 letter in support of YouTube's complaint—that Apple has "admitted" that it "*knew*" was false. FAC ¶ 1; *see also id.* ¶¶ 9, 11, 46, 48, 52, 57-59, 64. There is no evidence in the record of *any* such admission, as any reasonable and competent inquiry would show.

To the extent its fictions can be followed at all, it seems that Musi's theory is that Apple removed Musi's app solely because of alleged violations of YouTube's API Terms of Service, but that Apple supposedly "knew" Musi was not using YouTube's API, and was not subject to YouTube's API Terms of Service. *See* FAC ¶ 1; *see also* Dkt. 68-8 (NMPA letter alleging, among other things, misuse of YouTube's API and violations of API Terms of Service). Musi's primary basis for Apple's alleged knowledge is an April 11, 2024 email from Sony Music Entertainment ("SME") stating that SME had "worked with YouTube to remove API access from Musi[.]" Dkt. 68-6; *see also* FAC ¶ 1 (alleging Apple "learned" from "music-industry players" that "Musi was *not* using YouTube's API"). Musi blatantly mischaracterizes this email as stating that "*years earlier*, Musi had *ceased use* of YouTube's API." *Id.* ¶ 44 (emphasis added). But nothing in the email supports that characterization.

Incredibly, Musi's counsel now claims that an Apple witness questioned about the email

"unequivocally testified that Apple was aware as of April 2024 that Musi *does not use* the YouTube API," *see* Ex. 2 at 3. But the cited testimony reflects nothing close to an "unequivocal" admission that Apple "knew" Musi was not using YouTube's API and says nothing at all about whether Apple "knew" that Musi was not subject to YouTube's API Terms of Service. *See* Ex. 5 at 111:5-15 ("Q. At this point in time, April 11th, 2024, Apple had been informed that YouTube had removed the API access from Musi, correct? … A. At this point in 2024, individuals at Apple were told that Google had removed the API access from Musi but the app was still somehow using Google's services in a way that was more difficult for Google to action is what [the email from SME] says."). Nor does the record support that Apple *could* have known that Musi was not subject to YouTube's API Terms of Service—given that Musi had repeatedly submitted documentation to Apple purporting to show that it was authorized to use YouTube's API. *See* Ex. 10.

> **3. The FAC misleadingly omits reference to pending complaints, as well as the history of dishonest, and even fraudulent, conduct in the app dispute process by Musi and its counsel.**

In addition to its false allegations about YouTube's complaint, Musi makes false allegations and material omissions, intended to suggest that no other complaints were pending at the time Musi's app was removed from the App Store, and that prior complaints "were ultimately closed when Musi substantively responded, either by making changes to the Musi app or by showing that these complaints were without factual or legal basis." FAC ¶ 7.

Musi's suggestion that all complaints (other than YouTube's "cooked up" complaint) had been resolved at the time of Musi's removal from the App Store in September 2024 plainly conflicts with the factual record, as multiple complaints were still pending. This includes an active complaint submitted by the International Federation of the Phonographic Industry ("IFPI") on July 27, 2023, that Apple attached to its opposition to Musi's motion for preliminary injunction, *see* Dkt. 30-9, and that the Court discussed extensively in its order, *see* Dkt. 44 at 3-4. Winston was, in fact, a party to communications about that complaint. *See* Dkt. 30-9. Also active at the time was a December 19, 2023 complaint by Araldyca alleging that the Musi app "functions, at a basic level, by allowing users to stream, without relevant authorization, copyright-protected sound

1  recordings derived from YouTube." Ex. 3 at 4.  A February 18, 2024, complaint by BHMedia
2  raising similar claims that Musi was "infringing its copyright[s]" by "using many songs, video,
3  and sound recordings without our permission," Ex. 4 at 71, was also still active—indeed, BHMedia
4  was still demanding Musi's removal from the App Store as late as August 22, 2024, *id.* at 2.
5  Despite these active complaints, "[a] reasonable person reading the [FAC] would believe, contrary
6  to the facts," that no complaints against Musi other than YouTube's were pending at the time of
7  its removal.  *Lake*, 130 F.4th at 1069.

8        Further, while Musi contends that prior complaints were closed because they lacked merit,
9  the record shows otherwise.  The FAC misleadingly omits substantial evidence regarding those
10  complaints, including evidence that it was Musi and its counsel—not Apple—that engaged in bad
11  faith conduct in relation to disputes about Musi's app.  In one particularly egregious instance, Musi
12  impersonated a representative from complainant Universal Music Group ("UMG") to regain
13  access to the App Store.  *See* Ex. 1 at 9; *see also* Ex. 11 at 3; Ex. 12 at 1.  On other occasions, ■
14  ■
15  ■.
16  Ex. 1 at 8; *see also, e.g.*, Ex. 13 at 1; Ex. 14 at 7.  While Musi's counsel claims ■
17  ■
18  ■ Ex. 2 at 3, Musi is grasping at straws.  Apple repeatedly informed Musi and its
19  counsel that "[d]evelopers … who misrepresent facts to Apple and/or the Claimant are at risk of
20  termination[.]" FAC Ex. C at 2.

21        Musi also omits the fact that at least one complainant—David Colloff—expressly stated
22  that the closure of his May 17, 2023 complaint alleging that the Musi app was "[h]osting [his]
23  copyrighted musical content without license or compensation" was *not* a resolution on the merits.
24  Ex. 15 at 12.  When closing his complaint in May 2023, *see id.* at 1-2, Mr. Colloff ■
25  ■
26  ■
27  ■
28

Ex. 16 at 1; *see also* Ex. 17 at 1 ███████████████████████████████████
████████

### III.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant Apple's motion for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure.

Dated:  May 5, 2025

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By: */s/ Jennifer Milici*
Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
jennifer.milici@wilmerhale.com

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
chris.johnstone@wilmerhale.com

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
mark.ford@wilmerhale.com

*Attorneys for Defendant Apple Inc.*