# **PUBLIC REDACTED VERSION**

# **EXHIBIT 1**

# WILMERHALE

**CONFIDENTIAL**

March 11, 2025

Jennifer A. Golinveaux
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111
jgolinveaux@winston.com

Jennifer Milici

+1 202 663 6006 (t)
+1 202 663 6363 (f)
jennifer.milici@wilmerhale.com

**Re:**   *Musi Inc. v. Apple Inc.*, No. 5:24-cv-06920 (N.D. Cal.)

Counsel,

You sought discovery in this case purportedly in pursuit of a theory that Apple acted in bad faith when it removed Musi's app from the App Store. As Judge Lee has already held, "[b]ased on the plain language of the DPLA, Apple had the express right to remove the Musi app from the App Store 'at any time, with or without cause,'" and "[t]he covenant of good faith and fair dealing cannot impose an obligation on Apple that contradicts this express term." Dkt. 44 at 14.

Judge Lee's decision forecloses any claim for relief, yet you have continued to demand wasteful and burdensome discovery from Apple, which served no purpose other than harassment and which has already needlessly increased the cost of litigation and burdened the court. *See* Rule 11(b)(1); Rule 26(g)(1)(B).

Not surprisingly, discovery has now conclusively demonstrated that Apple did not act in bad faith. It has also demonstrated that Musi *knew* that Apple did not act in bad faith when Musi filed its original complaint, when it expanded upon its allegations in its preliminary injunction briefing, and when it sought burdensome, wasteful discovery from Apple. Even more concerning, the discovery record demonstrates that *Musi* (and at times its counsel) made repeated false statements during the app dispute process. And in 2019, after Apple had removed Musi's app in response to repeated complaints, Musi gained re-admittance to the App Store by impersonating a complainant and falsely representing that its issues were resolved. APL-MUSI_00009213. Musi thereafter impersonated the same rightsholder to make a false complaint about a competitor. APL-MUSI_000016198. Musi's dishonesty, and the allegations of repeat infringement, easily warrant the termination of Musi's developer account and any developer account associated with Musi or with its co-founders. *See* Dkt. 30-2 (Apple Developer Agreement) at 5. Indeed, the discovery record shows that ████████████████████████████████████████████████████████████████████████████████████████████████████ *See, e.g.*, MUSI-0001346; MUSI-0000861; MUSI-0000910; MUSI-0000923; MUSI-0000929.

WILMERHALE

Page 2
**CONFIDENTIAL**

Apple is willing to let this matter close without bringing these issues to the Court. However, if Musi files an amended complaint that again misrepresents the facts known to Musi and to counsel, Apple reserves all rights to seek sanctions and other relief, including but not limited to its fees and costs, and to bring appropriate counterclaims against Musi.

*Apple Did Not Act in Bad Faith*

Musi claims that Apple failed to inform it of the nature of the complaints against it, depriving it of the opportunity to respond to those complaints, and that Apple's removal decision was based on purported "backchannel" communications with "music-industry conglomerates" that were "bent on Musi's destruction." Dkt. 31 at 1. While these theories have always been legally irrelevant, illogical, and factually unsupportable, they are now foreclosed by the discovery record. As that record demonstrates, Apple received consistent complaints for many years about Musi's app, Apple engaged with complainants at arms-length, and provided Musi ample opportunity to resolve disputes, but Musi was unwilling to do so.

*Complainants consistently raised the same issues with Musi's app*

While complainants consistently raised a number of issues, we highlight two below: background play and advertisements. Notably, the NMPA raised both of these in its letter. Musi's argument to Judge Lee that "Apple hid the ball on the key allegations" because it did not forward the NMPA letter to Musi is contradicted by the overwhelming record, including dozens of Musi's own documents. *See* Jan. 9, 2025 Hr'g Tr. at 42:13-14. Below are some of the many instances where the same issues were raised to Musi, and Musi was unwilling to resolve the issues with the complainant.

### Background Play

- On April 12, 2016, in an email to the App Store Notices email account on which Musi was copied, YouTube noted that "[i]t has recently come to our attention that Musi is once again allowing background play of YouTube content, which is a violation of our TOS and API TOS." APL-MUSI_00003704.



- On [REDACTED] *See* MUSI-0001870.

- On [REDACTED]

WILMERHALE

Page 3
**CONFIDENTIAL**

- ███████████████████████████████ MUSI-0000899 (████████████).

- On May 31, 2019, in an email directed to Musi co-founder and CEO Aaron Wojnowski, Universal Music Group ("UMG") provided numerous screenshots of "UMG-wholly owned content being played from your app even though the screen is locked," noting that "[b]ack play is a violation of YouTube API[.]" APL-MUSI_00001310. ████████████ See MUSI-0001421.

- On ████████████████████████████████████████████████████████████████ MUSI-0000390, at -391.

- On ████████████████████████████████████████████████████████████████ MUSI-0000444, at -451. ████████████████████████████████████████████████████████████████ Id. at -451-52.

- On ████████████████████████████████████████████████████████████████ MUSI-0000444. ████████████████████████████████████████████████████████████████ Id.

- On May 17, 2023, claimant David Colloff asserted that Musi is "[h]osting my copyrighted musical content without license or compensation, in violation of U.S. law" and "is violating the YouTube API terms by running advertisements against their videos, while overriding free tier protections e.g. allowing the user to background the app." APL-MUSI_00024092, at -103.

- On ████████████████████████████████████████████████████████████████



Page 4
**CONFIDENTIAL**

MUSI-0000001.

Notably, from our review of the record, it does not appear that Musi has ever denied that its app allows background play of YouTube content, but instead it has asserted that it is permitted to do so. YouTube and many others have long disagreed with Musi's interpretation of YouTube's policies and terms. Given this evidence, Musi cannot allege in an amended complaint that it had no opportunity to respond to the background play issue, was unaware of it, or had ever resolved it.

### Advertisements

- On June 29, 2018, YouTube wrote in an email to Musi that "[o]ne key requirement" of YouTube's Terms of Service "is that YouTube's normal ads must be displayed on embedded content," and that the Musi app's functionality was "interfering with ad display." APL-MUSI_00003204, at -3212.

- On August 12, 2019, in an email to Musi, YouTube reiterated that "[i]t appears that your app is selling advertisements, sponsorships, or promotions on a page or screen that contains YouTube API Data (see API TOS – Developers Policies Section III.G.1,2), acting as a substantially similar service, mimicking or replicating YouTube's core experience (see API TOS – Developers Policies Section III.I.1), and modifying the YouTube embedded player (see API TOS – Developers Policies Section III.I.4, 6). Furthermore, your app is separating, isolating, and/or modifying the audio or video components of the YouTube audiovisual content (see API TOS – Developers Policies Section I)." APL-MUSI_00003204.

- On [REDACTED] MUSI_0000390, at -391. [REDACTED] *Id.*

- On [REDACTED]

WILMERHALE

Page 5
**CONFIDENTIAL**

    MUSI-0000471, at -471-72.

- On May 17, 2023, claimant David Colloff asserted that Musi is "[h]osting my copyrighted musical content without license or compensation, in violation of U.S. law" and "is violating the YouTube API terms by running advertisements against their videos, while overriding free tier protections e.g. allowing the user to background the app." APL-MUSI_00024092, at -103.

Again, Musi does not appear to dispute the facts, although it has been less than forthcoming about them. *See, e.g.,* Jan. 9, 2025 Hr'g Tr. A15:8-10 ("The advertisements that the YouTube player would have served up, they would not see, that is correct, Your Honor"); MUSI-0001622 ; Musi Response to RFA Nos. 24, 25 ( ). Instead of resolving the complaints by altering its conduct, Musi maintains that its conduct is authorized by YouTube, despite YouTube having directly informed Musi that it does not authorize Musi's conduct. Given the factual record, Musi cannot allege in an amended complaint that it was unaware of the allegations or that it had been denied an opportunity to resolve them.

*There was no "scheme" against Musi*

Musi also cannot allege that Musi's removal was part of a "larger backchannel scheme with music-industry conglomerates bent on Musi's destruction" as Musi falsely claimed in the preliminary injunction briefing. Dkt. 31 at 1. Musi knew that statement was false when it made it to the Court because its own documents demonstrate that Apple did *not* remove Musi's app at the first request of a "music industry conglomerate," at the first request of YouTube, or at the first request of any industry association or rightsholder. Instead, over the course of several years, Apple encouraged every complainant to try to resolve its disputes directly with Musi. Musi, however, was never able to resolve those disputes, and complainants continued to raise the same issues in the app dispute process year after year.

Requests that Apple remove Musi's app from the App Store that were copied to Musi include but are not limited to:

- April 18, 2019 (Sony). *See* APL-MUSI_00009175, at -179 ("We … would like Apple to take action to remove Musi from the Apple App Store, as the app (a) infringes on SME's copyrights, (b) has achieved significant scale, and (c) hinders the value proposition of legally sourced music services (including Apple Music).").

WILMERHALE

Page 6
**CONFIDENTIAL**

- May 6, 2019 (Sony). *See* APL-MUSI_00009175 ("[W]e demand that the Musi App be removed from the app store immediately.").

- June 6, 2019 (UMG). *See* APL-MUSI_00001249, at -252 ("Please remove the app from your store. The app as you see is violat[ing] YouTube API as evidenced by the screenshots. The app developer is also inconsistent in his responses.").

- June 13, 2019 (UMG). *See* APL-MUSI_00001249 ("Please remove the app from your store.").

- June 22, 2020 (UMG). *See* APL-MUSI_00016542, at -546 ("I am writing in reference to a copyright infringement claim that was filed for the app, Musi[.]").

- August 24, 2020 (YouTube). *See* APL-MUSI_00008162, at -162 ("We are still waiting to hear from you on our removal request. Below is a copy of the Cease and Desist letter that we sent to you on August 13, 2020.").

- ███████ *See* MUSI-0000444, at -448 ███████

- ███████ *See* MUSI-0000699, at -700 ███████

- ███████ *See* MUSI-0000032, at -36 ███████

- ███████ *See* MUSI-0000032 ███████



- December 19, 2023 (Araldyca). *See* APL-MUSI_00006368, at -6371 ("The Application functions, at a basic level, by allowing users to stream, without relevant authorization, copyright-protected sound recordings derived from YouTube.").

- ███████ *See* MUSI-00002699, at -2710 ███████

- ███████ *See* MUSI-0002555, at -2571 ███████

- ███████ *See* MUSI-00002699, at -2706 ███████



WilmerHale

Page 7
**CONFIDENTIAL**



- *See* MUSI-0002555, at -2569
- *See* MUSI-00002699, at -2703
- *See* MUSI-00002699
- *See* MUSI-0002555, at -2564
- *See* MUSI-0002555, at -2555-2556

- September 6, 2024 (YouTube). *See* APL-MUSI_00009664 ("Musi has not reached out to us despite their message below, and this app continues to violate our Terms of Service. We request that you please proceed with removing this app from the App Store.").

Following document discovery, written discovery, and two depositions, the evidence is unambiguous that Apple made its decision to remove the Musi app independently based on its own assessment of legal risk given the repeated, consistent, and unresolved complaints about Musi's app. Musi's extensive discovery into a phone call between Apple and YouTube has uncovered only that Apple acted at arms-length with YouTube. Discovery has revealed not one scintilla of evidence that Apple acted pursuant to an improper motive. Any allegation to the contrary would be baseless and defamatory.

***Musi Abused the App Dispute Process by Making False Statements and Engaging in Fraudulent Conduct***

The record is replete with evidence that Musi and its counsel made repeated false representations to complainants and to Apple, and that it engaged in fraudulent conduct. Among other things, Musi repeatedly responded to artists and publishers that complained of infringement by asserting that Musi had a right to rely on YouTube's licenses and then falsely claiming or implying that YouTube supported Musi's position. We set forth a few of the *many* examples of Musi's dishonesty below:



Page 8
**CONFIDENTIAL**

- On ███████████████████████████████████████
███████████████████████████████████ MUSI-0000823, at -824. ███████████████████

- On August 9, 2020, Musi's founder and CEO responded to a complaint from a copyright holder by stating "I can also say in good faith that we have and maintain a good relationship with YouTube and they are well aware of the service and product that we offer." APL-MUSI_00006502. ███████████████████████████████████████████ *See* MUSI-0000444.

- ███████████████████████████████████████████████████ MUSI-0001669. ███████████████████████████████████████████████ *See* MUSI-0000444, at -451-52. ████ *see id.* at -450 ███████████████████████ *See id.* at -449.

- Musi and its counsel were also dishonest outside of the app dispute process. █████████████████████ MUSI-0000496. ███████████████████████████████████████████ *See* MUSI-0000444.

- On █████████████████████████████████████████████████████ MUSI-0000144. Again, the statement was false. As of May 19, 2023, YouTube had sent multiple cease and desist letters, and Musi was well aware that the app was not ███████████████

WILMERHALE

Page 9
**CONFIDENTIAL**

- On August 12, 2024, Musi's counsel, Mr. Elkin, responded to Apple's August 8, 2024 notice of YouTube's complaint by stating that "[w]e have been in communication directly with the Complainant on this matter in order to attempt to come to a timely resolution of this dispute." APL-MUSI_00000810. As Musi admitted to the Court however, as of August 12, 2024, Musi had not engaged in any discussions with YouTube about YouTube's complaints against the Musi app since 2021. *See* Jan. 9, 2025 Hr'g Tr. 15:12-16:2.

In addition to responding dishonestly to claimants, Musi used fraudulent means to gain readmittance to the App Store after its removal in 2019. On December 10, 2019, Mr. Wojnowski emailed Apple (copying Mr. Lunny and Mr. Herstein) requesting the return of the Musi app to the App Store based on a purported representation from Jason Miller at UMG that "[t]he changes to your app as per your comments appear to satisfy our concerns," sent from the email address jasonmiller@umusic.solar-secure.com. APL-MUSI_00009213. On July 7, 2020, UMG representative Danielle Hardy contacted Apple in-house counsel Violet Evan-Karimian to alert her that:

> it appears that the email that Apple received from [UMG] … indicating compliance was fraudulent. Jason Miller has no record of sending any emails to the app developer and the email address that was cited is 'jasonmiller@umusic.solar-secure.com,' which is not a UMG email address. It appears that the app developer created a false email to misrepresent compliance on behalf of [UMG].

APL-MUSI_000016198, at -200. It further appears that Musi used the same fraudulent email address to submit a false complaint on behalf of UMG against one of Musi's competitors. On July 9, 2020, Ms. Hardy contacted Ms. Evan-Karimian to request that Apple restrict the claimants authorized to file claims on behalf of UMG only to herself and David Benjamin, as UMG had come across an "instance of someone falsely filing a copyright infringement claim with the same fraudulent email address from Jason Miller ('jasonmiller@umusic.solar-secure.com') for a different app called Yokee." *Id.* at -198.

\*\*\*

Much of the above information comes directly from Musi's own files and amply demonstrates that Musi's original complaint was unfounded. Having engaged in discovery on these matters, Musi and its counsel can no longer pretend to be ignorant of the facts.

Should Musi proceed by filing an amended complaint that alleges facts or claims that Musi and its counsel know are false, or that Musi and its counsel cannot reasonably believe will have evidentiary support, Apple will pursue all rights and remedies.

WilmerHale

Page 10
**CONFIDENTIAL**

Sincerely,

*/s/ Jennifer Milici*
Jennifer Milici