| | |
|---|---|
| 1 | Jennifer A. Golinveaux (SBN: 203056) |
| | JGolinveaux@winston.com |
| 2 | Samantha K. Looker (SBN: 340564) |
| | SLooker@winston.com |
| 3 | WINSTON & STRAWN LLP |
| | 101 California Street, 21st Floor |
| 4 | San Francisco, CA 94111-5891 |
| | Telephone: (415) 591-1000 |
| 5 | |
| 6 | Jeff Wilkerson (SBN: 284044) |
| | JWilkerson@winston.com |
| | WINSTON & STRAWN LLP |
| 7 | 300 South Tryon Street, 16th Floor |
| | Charlotte, NC 28202 |
| 8 | Telephone: (704) 350-7700 |
| 9 | Attorneys for Plaintiff |
| | MUSI INC. |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC., | **Case No. 5:24-cv-06920-EKL** |
| Plaintiff, | **PLAINTIFF MUSI INC.'S OPPOSITION TO MOTION FOR SANCTIONS BROUGHT BY APPLE INC.** |
| v. | |
| APPLE INC., | Judge: Hon. Eumi K. Lee |
| Defendant. | Hearing Date: July 30, 2025 |
| | Hearing Time: 10:00 a.m. |
| | Courtroom: 7 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 1

III. MUSI'S FACTUAL ALLEGATIONS ARE SUPPORTED BY EVIDENCE ............. 2

IV. MUSI'S COUNSEL PERFORMED A THOROUGH INVESTIGATION ................. 8

V. SANCTIONS AGAINST APPLE ARE APPROPRIATE ............................................ 9

VI. CONCLUSION ............................................................................................................. 10

**TABLE OF AUTHORITIES**

Page(s)

Cases

*arrivia Inc. v. Rowley*,
  2024 WL 3010935 (D. Ariz. June 14, 2024) ........................................................1, 10

*Brubaker v. City of Richmond*,
  943 F.2d 1363 (4th Cir. 1991) ..............................................................................3

*In re Cal. Bail Bond Antitrust Litig.*,
  511 F. Supp. 3d 1031 (N.D. Cal. 2021) ................................................................1

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ..............................................................................1

*Douglas v. TD Bank USA*,
  2021 WL 5861558 (D. Or. Aug. 11, 2021) ...........................................................2

*Frost v. LG Elecs. Inc.*,
  2017 WL 2775041 (N.D. Cal. June 27, 2017) ..............................................1, 2, 4

*Goldwater Bank, N.A. v. Elizarov*,
  2023 WL 4295255 (C.D. Cal. May 9, 2023) .......................................................10

*Hall v. Hamilton Fam. Ctr.*,
  2014 WL 1410555 (N.D. Cal. Apr. 11, 2014) .......................................................8

*Hamer v. Career Coll. Ass'n*,
  979 F.2d 758 (9th Cir. 1992) ................................................................................6

*Himaka v. Buddhist Churches of Am.*,
  917 F. Supp. 698 (N.D. Cal. 1995) .......................................................................1

*U.S. ex rel. Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.*,
  2023 WL 6370921 (C.D. Cal. Aug. 24, 2023) ..................................................1, 4

*In re Keegan Mgmt. Co. Sec. Litig.*,
  78 F.3d 431 (9th Cir. 1996) ..................................................................................8

*Operating Eng'rs Pension Tr. v. A-C Co.*,
  859 F.2d 1336 (9th Cir. 1988) ..............................................................................8

*In re Outlaw Lab'y, LP Litig.*,
  No. 3:18-CV-1882-GPC-BGS, 2019 WL 3858900 (S.D. Cal. Aug. 15, 2019) .....9

*Patelco Credit Union v. Sahni*,
  262 F.3d 897 (9th Cir. 2001) ................................................................................2

ii
PLAINITFF'S OPPOSITION TO MOTION FOR SANCTIONS
CASE NO. 5:24-CV-06920-EKL

*Rich v. Taser Int'l, Inc.*,
  2012 WL 3155137 (D. Nev. Aug. 2, 2012) ................................................................9

*Simpson v. Cal. Pizza Kitchen, Inc.*,
  2013 WL 12114487 (S.D. Cal. Oct. 23, 2013) ......................................................8, 9

*In re W. Die Casting Co.*,
  106 B.R. 645 (Bankr. N.D. Cal. 1989) .....................................................................7

*Wartsila NSD N. Am., Inc. v. Hill Intern, Inc.*,
  315 F. Supp. 2d 623 (D.N.J. 2004) ..........................................................................9

*Williamson v. Basco*,
  2007 WL 9711043 (D. Haw. Aug. 21, 2007), *amended*, 2008 WL 954173 (D. Haw.
  Apr. 3, 2008) ..........................................................................................................10

**Other Authorities**

Fed. R. Bankr. 9011 ........................................................................................................7

Fed. R. Civ. P. 11 .................................................................................................. *passim*

## I. INTRODUCTION

Apple's Rule 11 motion is frivolous, and this Court should deny it and impose sanctions on Apple for its improper motion. Rule 11 is too often used as a "tactic of intimidation and harassment" in "so-called 'hardball' litigation techniques." *arrivia Inc. v. Rowley*, 2024 WL 3010935, at *5 (D. Ariz. June 14, 2024) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987)). Unfortunately, Apple's motion is a member of that shameful lineage. As Musi already explained to Apple's counsel in a detailed letter with cites to supporting evidence, every one of Musi's allegations that Apple asserts lacks supporting evidence in fact has support. Declaration of Jennifer A. Golinveaux ("Golinveaux Decl."),[1] Ex. 1, Musi's April 25, 2025 Correspondence. Apple's filing of its Rule 11 motion despite Musi's detailed showing is not only baseless, but frivolous and abusive. As shown below, none of Musi's challenged allegations are factually baseless, and all are based on a reasonable and competent inquiry by Musi's counsel. Apple's motion should thus be denied, and Apple should itself be sanctioned and required to pay Musi's attorneys' fees for opposing its baseless motion.

## II. LEGAL STANDARD

Rule 11 sanctions for filing a complaint may be ordered only if (1) the "complaint is legally or factually 'baseless' from an objective perspective" and (2) the attorney failed to conduct a "'reasonable and competent inquiry' before signing and filing" the complaint. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). Sanctions are appropriate "based upon factual assertions" only when "the factual allegations were completely unwarranted by the evidence." *U.S. ex rel. Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.*, 2023 WL 6370921, at *5 (C.D. Cal. Aug. 24, 2023) (citation omitted). Conversely, sanctions are not appropriate if there is even "some credible evidence" in support of a party's statements. *Himaka v. Buddhist Churches of Am.*, 917 F. Supp. 698, 710 (N.D. Cal. 1995) (citation omitted); *see also Frost v. LG Elecs. Inc.*, 2017 WL 2775041, at *3 (N.D. Cal. June 27, 2017). Moreover, "circumstantial evidence, and the reasonable inferences drawn from that evidence, are treated as evidentiary support" for purposes of Rule 11. *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1053–54 (N.D. Cal. 2021)

---

[1] Unless otherwise noted, all future references to "Ex." refer to exhibits to the Declaration of Jennifer A. Golinveaux.

(citation omitted). A Rule 11 motion thus should be denied when it is made to test the merits of a claim. *See Douglas v. TD Bank USA*, 2021 WL 5861558, at *2 (D. Or. Aug. 11, 2021).

"[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed. R. Civ. P. 11 advisory comm. "A party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

### III.    MUSI'S FACTUAL ALLEGATIONS ARE SUPPORTED BY EVIDENCE

Even a cursory examination of the evidence shows that every factual allegation in the Amended Complaint that Apple claims is baseless is in fact supported by *at least* "some factual basis." *Frost*, 2017 WL 2775041, at *3. Apple's motion should thus be denied outright.[2]

*First*, Apple baselessly claims there is "no factual support" for Musi's allegation that, "beginning in May 2024, Apple engaged in outreach to YouTube specifically to 'solicit[] YouTube to resurrect' a complaint against Musi in order to 'cook up a supposed reason to remove the Musi app.'" Defendant's Memorandum of Points and Authorities in Support of Motion for Sanctions ("Mot."), Dkt. 83-1 at 4:17–19 (quoting AC ¶ 8). In fact, those allegations are directly supported by documents and the sworn testimony of Apple's own employees. Apple *admits* that it "reach[ed] out to YouTube in May 2024." Mot. 4:21–22. And during her March 2025 deposition, Arun Singh—Apple's Senior Manager of Worldwide Developer Relations, and the designated manager for Apple's relationship with YouTube— likewise testified repeatedly that, beginning around May 2024, she reached out to YouTube regarding Musi at the request of Apple's in-house counsel, Sean Cameron. Ex. 3, Singh Dep. 50:7–17, 70:10–18, 85:7–15, 109:23–110:2; Ex. 4 (June–July 2024 email chain between Singh and Paulino).

The evidence also shows that, as part of those discussions, Apple *invited* YouTube to reopen a 2023 complaint that Apple had previously treated as resolved. Singh testified that, on a July 15, 2024 call between Apple and YouTube that she attended and set up at Cameron's request, Cameron began the

---

[2] Apple previously claimed in the draft Rule 11 motion that it served on Musi on April 7, 2025, that Musi's Amended Complaint was legally baseless and foreclosed by this Court's order on Musi's motion for preliminary injunction, but dropped that argument in its filed motion. While Musi is glad that Apple did not move forward with this baseless argument, the truncated version of Apple's motion filed with this Court remains equally frivolous.

call by explaining "that YouTube had filed a complaint against Musi" in 2023 and that "YouTube stopped responding," causing Apple to believe that "the issue had been resolved." Ex. 3, Singh Dep. 49:12–21. Cameron then told YouTube that Apple had "receive[d] complaints" from the "music industry" about Musi, and then "asked YouTube if they wanted to continue with the complaint" that Apple had previously treated as resolved. *Id.* at 49:12–51:7. And, in an email that same day, Apple lawyer Violet Evan-Karimian asked if YouTube "would like to re-open" its 2023 complaint against Musi. Ex. 5. Thus, contrary to Apple's position, there is plainly evidence supporting Musi's allegations. Apple's Rule 11 motion *does not even mention*, let alone address, Singh's testimony. But that testimony and the contemporaneous documents corroborating it are alone sufficient to overcome Apple's argument. There can be no Rule 11 violation where there is "*any factual basis* for [an] allegation." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis added). Here, the factual basis for Musi's allegation is not just circumstantial, but *direct testimony from a participant in the relevant communications*.

Apple also argues that there is no basis for Musi's allegation that YouTube's 2023 complaint was to be "resurrected" because "[a]n Apple witness [referring to Evan-Karimian] explicitly testified" that "the outreach that culminated in the July 15 phone call was to determine the status of YouTube's *existing* complaint." Mot. 5:6–14 (emphasis added by Apple); *see also* Mot. 5:24–25 (claiming that Musi "falsely alleges that [Apple's 2023 complaint] had been resolved or closed").[3] But at best, this is semantics. Evan-Karimian herself testified that the 2023 complaint was "sort of stagnant." Ex. 7, Evan-Karimian Dep. 121:5–6. And Singh repeatedly testified that, in fact, Apple viewed the 2023 complaint as "resolved." Ex. 3, Singh Dep. 49:12–50:2. There is no meaningful difference between being "stagnant"

---

[3] Apple's motion takes liberties in describing Musi's allegations. For example, Apple refers to YouTube's "2021 and 2023" complaints and then says that Musi alleges "that *those complaints* had been resolved or closed." Mot. 5:23-25 (emphasis added). But in truth, the allegations Apple cites all relate to the 2023 complaint—which, as shown in the body, Apple's own witness repeatedly testified Apple *had* treated as resolved prior to its 2024 reach-outs to YouTube. *See* AC ¶¶ 5 ("Apple, as was its standard practice, ultimately closed this *March 2023* complaint from YouTube because YouTube was not responding"), 42 ("Instead, *in March 2023*, YouTube again lodged a three word complaint[.]"), 44 ("In *April 2024*, nearly *a year after YouTube's complaint was closed* …"); 46 ("Apple repeatedly reached out to YouTube to supposedly 'follow up' on the closed *March 2023* complaint.") (emphases added). As to the *2021 complaint*, Musi alleges that it responded to YouTube substantively, and then "heard nothing further from YouTube until several years later." AC ¶ 5; *see also id.* ¶ 42. Apple does not argue, and cannot show, that there is anything false or unsupported about these allegations either.

and "resolved" and being "closed."  And even if there were, Evan-Karimian's *own contemporaneous email* asked if YouTube wanted to "re-open" its complaint.  Ex. 5.  Musi cannot be sanctioned for making allegations based upon Singh's testimony and Evan-Karimian's own prior statements just because Evan-Karimian later saw fit to change her tune.  *See Frost*, 2017 WL 2775041, at *3 ("Rule 11 cannot possibly require that an attorney accept as true the uncorroborated denials of an adversary[.]").

Apple goes on to argue that Musi's allegations are sanctionable because Apple had "no need" to solicit a complaint from YouTube to "cook up" a reason to remove the Musi app.  Mot. 4:19–24.  This is an improper ground to bring a motion for sanctions, as it amounts to nothing more than Apple's rebuttal of Musi's theory of the case.  *United States ex rel. Jacobs*, 2023 WL 6370921, at *4 ("A Rule 11 motion 'should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.") (citation omitted).  Regardless, there is evidence that Apple reached out to YouTube precisely because of a request (avoiding Apple's normal app dispute process) from Jeff Walker, an executive at Sony Music Entertainment, directly to Elizabeth Miles, Apple's Senior Legal Director for iTunes, Apple Music, Apple TV, Fitness+, and Apple Media Services International, to "help us identify a path forward in our efforts to have the Musi app removed from the Apple app store." Ex. 8; *see also* Ex. 9 (describing meeting between Walker and Miles); Ex. 10 (Miles describing Musi's removal as "complex process-wise").  Following that email from Sony Music, there was an extended discussion between Apple's in-house counsel on the same chain (the substance of which Apple redacted), ending in a direction from Robert Windom, Apple's Chief Counsel of Content and Services, to Cameron on May 24, 2024, to "please try to get that meeting set up."  Ex. 8.  And that was just *days* before Cameron then asked Singh to reach out to YouTube in what culminated in the July 2024 complaint discussed above.  Ex. 3, Singh Dep. 50:7–17; *see also id.* at 109:2–110:2.  Thus, consistent with Musi's allegations, Apple did not determine that it could simply remove the Musi app without cause or based on prior complaints, but instead it resolved to reach out to YouTube to follow up on a 14-month-old complaint that it previously treated as resolved.

*Second*, Apple argues that Musi's Amended Complaint is sanctionable for alleging "in connection with Apple's 2024 outreach that YouTube had no idea what Apple was talking about," and that YouTube "could not be bothered to look up its prior complaint."  Mot. 5:15–19 (quoting AC ¶¶ 46, 47).  But again,

4

Musi's allegations are well supported. Musi did not allege that no one at YouTube *ever* knew anything about YouTube's 2023 complaint during the 2024 communications. That would be absurd, because of course Apple reminded YouTube of that complaint during those discussions. Rather, Musi alleged—accurately—that at the time of Apple's initial, proactive reach-outs to YouTube beginning in late May 2024, Apple's "contacts at YouTube had no idea what Apple was talking about." AC ¶ 46. That is directly supported by Singh's repeated testimony that, when she reached out to YouTube, her contacts were unaware of the 2023 complaint against Musi (and even unaware of Musi itself). Ex. 3, Singh Dep. 76:11–22 ("Q. Okay. Did he know what you were talking about? Had he heard of Musi before? A. He did not - …. He did not indicate he was familiar with Musi."), 83:4–14 ("He wasn't aware of a complaint."). Apple's rejoinder—that *months* later, during the July 15, 2024 video call, YouTube was not "ignorant" of the March 2023 complaint and "expressly reaffirmed its desire to press the complaint"—is a red herring. Mot. 5:21–22. Musi's Amended Complaint never suggests otherwise. To the contrary, Musi goes on to allege—***in the same paragraph that Apple claims is sanctionable***—that YouTube's prior 2023 complaint was discussed on the July 2024 call and that, on that call, YouTube expressed that there were unspecified violations of YouTube's API Terms of Service. AC ¶ 46.

The record evidence also supports Musi's allegation that YouTube could not be bothered to look up its prior complaint. AC ¶ 47. Instead, Arun Singh provided a copy of the complaint thread to Kelvin Paulino after the July 15 call. Ex. 5; *see also* Ex. 3, Singh Dep. 103:17–104:5; Ex. 7, Evan-Karimian Dep. 127:14–23. Evan-Karimian repeated the uncorroborated explanation that YouTube had not received Apple's March and April 2023 follow-up correspondence (Ex. 7, Evan-Karimian Dep. 128:8–11), but this does not explain why YouTube needed to be sent the prior complaint it submitted.

*Third*, Apple argues Musi should be sanctioned for the wording of a pre-litigation April 2023 communication from Musi's counsel to Apple, which stated that Musi had "been in communication directly with [YouTube] on this matter in order to attempt to come to a timely resolution of this dispute." Mot. 6:2–23. Apple claims this pre-litigation communication was a "false representation" because the letter from Musi's counsel to YouTube's counsel about claimed Terms of Service violations was sent in 2021 rather than "in March or April of 2023." Mot. 5:12–13. Putting aside that this pre-litigation communication never stated when the letter to YouTube was sent, Apple cannot seek sanctions for

1  conduct that falls outside of the allegations in the Amended Complaint, and ***the Amended Complaint***
2  ***expressly states that the April 2023 communication was "referencing [Musi's] previous detailed letter***
3  ***from 2021."***  AC ¶ 5; Mot. 6:15–18.  What Apple claims it understood in April 2023 is irrelevant to
4  Apple's Rule 11 challenge, which must focus on the allegations in the challenged pleading.  *Hamer v.*
5  *Career Coll. Ass'n*, 979 F.2d 758, 760 (9th Cir. 1992) ("Rule 11 sanctions, of course, are to be based
6  upon the contents of signed filings in district court.").  And the Amended Complaint *expressly* states that
7  the referenced communication was the 2021 letter.  There can be no Rule 11 violation there.

8      In a similar vein, Apple challenges Musi's allegation that Apple closed YouTube's 2023
9  complaint "because of YouTube's 'failure to respond,'" suggesting that this is "doubly false" because
10 the detailed letter from Musi to Apple was sent in 2021.  Mot. 6:19–23.  Apple is apparently suggesting
11 that YouTube could not have "failed to respond" because the relevant communication was Musi's 2021
12 letter, which occurred years earlier.  But as Apple's own exhibits show, YouTube's relevant failure to
13 respond was not to Musi's letter, but to *Apple's own repeated communications with YouTube in 2023*.
14 *See* Dkt. 83-9, Milici Decl. Ex. 7 at '451 (April 4, 2023: "Please update us on the status of your
15 communications"); *id.* at '450 (April 19, 2023: "Unless we hear from you shortly, we will conclude that
16 the matter has been resolved."); *see also* Ex. 3, Singh Dep. 49:19-21.  Apple's claim that the *reason*
17 YouTube did not respond is because it supposedly was not receiving Apple's emails is neither here nor
18 there.  *See* Mot. 5:17–22.  The assertion that YouTube was not receiving those emails is highly dubious.
19 *Compare* Dkt. 83-9, Milici Decl. Ex. 7 (sending emails to legal-youtube@google.com) *with* Ex. 5
20 (showing Evan-Karimian sending emails to the same email address after the July 15, 2024 call); *see also*
21 Dkt. 67-4.  But even crediting Apple's recounting of YouTube's post hoc explanation, it failed to respond,
22 and that is what the Amended Complaint alleges.

23     *Fourth*, Apple baselessly argues that Musi should be sanctioned for alleging that, during the July
24 2024 phone call, YouTube "supposedly stated to Apple that its complaint with Musi was *not* a violation
25 of its user Terms of Service … but rather an unspecified violation of YouTube's API Terms of Service."
26 Mot. 6:24–7:9; AC ¶ 46.  There is evidence supporting this allegation.  Singh *repeatedly* testified that
27 YouTube stated that the basis for its complaint was a violation of its YouTube "API guidelines."  *See,*
28 *e.g.*, Ex. 3, Singh Dep. 51:21–52:23, 96:12–22, 99:9–21, 100:2–8.  And that testimony is corroborated

by contemporaneous notes that Singh took of the July 15 call. Ex. 6 (confirming YouTube believed "[t]here are some [API] violations."). It was further corroborated by Ms. Evan-Karimian. Ex. 7, Evan-Karimian Dep. 128:25–129:4. Apple's argument that the witnesses did not specifically testify that YouTube had *disavowed* any complaints about alleged violations of its user Terms of Service does not hold water. Mot. 7:7–9. The specific basis YouTube gave for its complaint in July 2024 was violations of its "API guidelines," and that amply supports Musi's allegations. Musi is not required to credit Apple's after-the-fact theories that, despite repeatedly stating to Apple in July 2024 that it was complaining about API violations, YouTube was *also* complaining about Terms of Service violations that it did not mention.

*Fifth*, Musi's allegations that Apple knew by July 2024 that the Musi app was not using YouTube's API are also well supported. *See* Mot. 7–8 (arguing it was sanctionable to allege that Apple "knew" that Musi did not use YouTube's API and thus could not be violating its API Terms of Service). Evan-Karimian testified candidly that, as of April 2024, "individuals at Apple were told that Google had removed the API access from Musi[.]" Ex. 7, Evan-Karimian Dep. 110:22–111:18; *see also* Ex. 8 at '955–'56 (emphasis added) (April 2024 email to Apple's in-house counsel from Jeff Walker stating "we have worked with YouTube **to remove API access** from Musi"). And if that were not enough, Musi noted in an email *years earlier*, on which Apple was *copied*, that it did not use YouTube's API. Dkt. 83-16, Milici Decl. Ex. 14 at '450. Apple can disagree that this evidence is enough to show the requisite knowledge. But that is at best a fact issue (and one on which Musi has far more supporting evidence than Apple), not cause for Rule 11 sanctions.

*Finally*, Apple argues that Musi should be sanctioned for "omitting" the existence of other complaints about the Musi app and other inflammatory accusations about alleged misleading conduct by Musi in connection with *other complaints* filed *by parties other than YouTube*. Mot. 8–10. These arguments too are baseless. As a threshold matter, Musi was not obliged to anticipate or plead around all potential defenses in filing its Amended Complaint. *See In re W. Die Casting Co.*, 106 B.R. 645, 649 (Bankr. N.D. Cal. 1989) (in analyzing Bankruptcy Rule 9011, which is analogous to Federal Rule of Civil Procedure 11, "the Court concludes that Bankruptcy Rule 9011 does not impose a burden on a plaintiff to conduct … an inquiry into what defenses that might be asserted to defeat that claim.").

1    In any event, Musi's complaint does not claim that there were no other complaints about the Musi app. That renders irrelevant Apple's citation to *Hall v. Hamilton Family Center*, where the plaintiff alleged "she was denied the opportunity to apply for open positions because of Defense Counsel" but omitted correspondence between the parties that "directly contradicted" her allegations, stating that she *could* apply for such position through normal channels. 2014 WL 1410555, at *10 (N.D. Cal. Apr. 11, 2014). Musi's Amended Complaint *acknowledges* that there were other complaints against the Musi app. *See* AC ¶ 7. Apple's arguments about why these complaints by parties other than YouTube did not result in the Musi app's removal do not render sanctionable Musi's allegation that Apple's solicitation of a complaint *from YouTube* to benefit the music industry amounts to bad faith. Apple told Musi that its removal of the Musi app was predicated on a failure to resolve *YouTube*'s 2024 complaint. *See* Dkt. 63-8 at 2. That Apple believes it had the right to remove Musi based on other past complaints is a defense Apple is entitled to argue, but it is not one that Musi is required to accept, particularly not when Apple viewed Musi's removal as "complex process-wise." Ex. 10.

Likewise, Apple's claim that Musi engaged in "bad faith conduct in relation to disputes about Musi's app" or misled copyright holders in 2020 and 2021 (Mot. 9:8–20) does not suggest that the Amended Complaint contains unfounded factual allegations. *Simpson v. Cal. Pizza Kitchen, Inc.*, 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) (holding that the court "properly disregarded" alleged misconduct outside of court filings). Apple's stated reason for removing the Musi app was a failure to resolve *YouTube's* July 2024 complaint. *See* Dkt. 63-8 at 2. Apple's argument that it has after-the-fact reasons that could support removal of the Musi app in an alternate world is an untested legal argument, not something that Musi's counsel was required to plead on Apple's behalf. It appears that Apple includes these arguments for the sole purpose of attempting to intimidate or embarrass Musi, which is improper.

### IV.    MUSI'S COUNSEL PERFORMED A THOROUGH INVESTIGATION

When, as here, a plaintiff has a reasonable basis for its factual allegations, there can be no Rule 11 sanctions, and analysis of counsel's pre-filing investigation is unnecessary. *See In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996); *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d

1336, 1344 (9th Cir. 1988). Nonetheless, Musi's counsel's pre-filing efforts only confirm that Apple's Rule 11 motion is bogus.

In denying Musi's motion for preliminary injunction, the Court explained that its decision was not meant to "address whether [Musi] could plausibly state a claim against [Apple], as that question is appropriately reserved for [Apple's] forthcoming motion to dismiss [Musi's] amended complaint." Dkt. 44 at 16. Pursuant to that guidance, Musi proceeded with targeted discovery. The Amended Complaint is the fruit of those efforts, as demonstrated above and described in the declaration of Musi's counsel. Golinveaux Decl. ¶¶ 2–4. Apple's motion makes no attempt to disparage those efforts.

## V.   SANCTIONS AGAINST APPLE ARE APPROPRIATE

"The filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions ... the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." *In re Outlaw Lab'y, LP Litig.*, No. 3:18-CV-1882-GPC-BGS, 2019 WL 3858900, at *5 (S.D. Cal. Aug. 15, 2019). "The nonmovant need not bring a cross motion to request costs." *Simpson*, 2013 WL 12114487, at *5.

Rule 11 motions are particularly inappropriate when serving as a mere vehicle to present premature summary judgment arguments or factual disputes. *See Rich v. Taser Int'l, Inc.*, 2012 WL 3155137, at *3 (D. Nev. Aug. 2, 2012) ("A Rule 11 motion is not a proper vehicle for arguing the merits of a case.") (awarding fees to plaintiff in responding to defendant's Rule 11 motion); *Wartsila NSD N. Am., Inc. v. Hill Intern, Inc.*, 315 F. Supp. 2d 623, 630 (D.N.J. 2004) (same). And that describes Apple's motion to a tee. As discussed above, every factual allegation that Apple claims is baseless is supported by evidence premised on Apple's *own documents* and the testimony of its *own employees*. Apple asks this Court to ignore documents and testimony contrary to its position and, instead, focus only on evidence that is, at best, arguably supportive of its positions. Indeed, Apple's motion never addresses Singh's testimony that Apple had treated YouTube's 2023 complaint as "resolved," nor Evan-Karimian's July 15, 2024 email correspondence to YouTube about "re-opening" its complaint, both of which support Musi's allegations. *See also* Dkt. 83-9, Milici Decl. Ex. 7. What's more, Apple's attorneys *knew* when they filed the motion that it was meritless, because Musi had already provided Apple with a letter refuting,

9

point by point, the arguments Apple now makes and pointing to specific record evidence supporting its allegations. Ex. 1, responding to Ex. 2, Apple's draft Rule 11 motion.

*Goldwater Bank, N.A. v. Elizarov* is instructive. 2023 WL 4295255 (C.D. Cal. May 9, 2023). There, a defendant was ordered to pay fees in connection with a frivolous Rule 11 motion filed for the improper purpose of litigating the merits of plaintiff's claims. *Id*. at *3. The court further held that even if counsel "thought that the Rule 11 Motion was meritorious based upon their superior evidence, no reasonable attorney admitted to practice before this Court would have misconstrued a Rule 11 Motion with either a motion to dismiss or a motion for summary judgment." *Id*. at *4; *see also Williamson v. Basco*, 2007 WL 9711043, at *3 (D. Haw. Aug. 21, 2007), *amended*, 2008 WL 954173 (D. Haw. Apr. 3, 2008). Here, Apple's Rule 11 motion repeats many of the same arguments in its pending motion to dismiss. Apple's motion admits the existence of the underlying documents and testimony supporting Musi's Amended Complaint, but argues that the evidence does not state a plausible claim. That is not a proper use of a Rule 11 motion and is sanctionable. *arrivia Inc.*, 2024 WL 3010935, at *4 (awarding fees where "motion merely restated many of the same arguments they made in their motion to dismiss").

It is thus appropriate to award Musi its costs and attorneys' fees in preparing this opposition. Should the Court agree, Musi will submit evidence of the fees it has incurred in mounting its opposition.

## VI.  CONCLUSION

Apple fails to show that Musi or its counsel should be sanctioned. Its motion should thus be denied. Because Apple's motion is baseless, relying on mischaracterizations of Musi's allegations and the evidence in an attempt to litigate the merits, Musi should be awarded costs and attorneys' fees incurred in responding.

Dated: May 22, 2025                                        WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*
    Jennifer A. Golinveaux
    Jeff Wilkerson
    Samantha K. Looker

Attorneys for Plaintiff MUSI INC.