# EXHIBIT 1



101 California Street, 21st Floor
San Francisco, CA 94111-5891
+1 415-591-1000
+1 415-591-1400

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

JENNIFER A. GOLINVEAUX
Partner
+1 415-591-1506
JGolinveaux@winston.com

April 25, 2025

**CONFIDENTIAL**

**VIA EMAIL**

Jennifer Milici
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
jennifer.milici@wilmerhale.com

Re:     *Musi Inc. v. Apple Inc.*, Case No. 5:24-cv-06920-EKL

Counsel,

We received your April 7, 2025 letter threatening to file a Rule 11 motion based on the filing of Musi's amended complaint. As we explained in our March 31 correspondence, Musi's amended complaint is well-founded in fact and based on entirely reasonable legal positions. Your suggestion that it is frivolous is itself baseless. Should Apple file its improper Rule 11 motion, Musi will in turn seek its costs associated with preparing a response, as Apple's filing would itself be sanctionable. We hope, however, that this will not be necessary. Our firm, at least, takes the filing of Rule 11 motions seriously. We trust that your firm does as well and have detailed below why your threatened sanctions motion lacks any merit and would itself be sanctionable to pursue.

Every factual proposition in the Amended Complaint that you suggest is frivolous is supported by evidence. Indeed, for all its bluster, your letter and draft motion demonstrate only that Apple disagrees with Musi's *interpretation* of that evidence or the inferences to be drawn therefrom. As I am sure you know, that is not a proper basis for a Rule 11 motion. *See FTC v. Kochava Inc.*, 2023 WL 7283113, at *3 (D. Idaho Nov. 3, 2023) ("Rule 11's standard for factual support is not a high one. All that is needed is some evidence to support the party's factual allegations. That includes both circumstantial evidence and the reasonable inferences drawn from that evidence.") (cleaned up). Apple has filed a motion to dismiss and, should that motion be denied, there will be a time for summary judgment and trial. Your suggestion that Musi's claims are sanctionable because Apple disagrees with Musi's interpretation of the evidence is nothing more than "an effort at summary judgment in sanctions' clothing" and thus wholly improper. *Douglas v. TD Bank USA*, 2021 WL 5861558, at *2 (D. Or. Aug. 11, 2021).

*First*, your draft motion takes issue with Musi's allegation that "beginning in May 2024, Apple engaged in outreach to YouTube specifically to 'solicit[] YouTube to resurrect' a complaint



against Musi in order to 'cook up a supposed reason to remove the Musi app.'" Draft Mot. 4. But in fact, you *admit* that Apple "did reach out to YouTube beginning in May 2024." *Id.* And there is also ample evidence that, as part of that reach-out, Apple invited YouTube to reopen a complaint that Apple had previously treated as resolved. Specifically, Ms. Singh testified that she reached out to YouTube at the request of Apple's in-house counsel, Sean Cameron (Singh. Tr. 50:7-17) and that, on the resulting July 15, 2024 call with YouTube, Mr. Cameron began the call by summarizing YouTube's prior complaint, including that "[w]hen YouTube did not respond [] Apple legal believed the issue had been resolved";[1] disclosing that Apple had received complaints from the "music industry"; and then specifically "ask[ing] YouTube if they wanted to continue with the complaint" that Apple had previously treated as resolved (*id.* 49:12-50:2, 50:18-51:2). That same day, Ms. Evan-Karimian emailed YouTube's legal team a copy of the prior 2023 complaint asking YouTube if "you would like to *re-open* your claim." APL-MUSI_00017794 (emphasis added). In short, there is indisputable evidence supporting the allegation that Apple reached out to YouTube beginning in May 2024 and solicited it to resurrect a prior complaint that Apple had previously treated as resolved. Apple's argument that it had "no need to 'solicit' a complaint from YouTube or to 'cook up' a basis for removal" is hardly a basis for Rule 11 sanctions. *See* Draft Mot. 4. Musi is not required to accept Apple's attempts to explain away the evidence in a way that favors its defenses. *Frost v. LG Elecs. Inc.*, 2017 WL 2775041, at *3 (N.D. Cal. June 27, 2017) ("Rule 11 cannot possibly require that an attorney accept as true the uncorroborated denials of an adversary …."). Indeed, Apple's explanation raises more questions than it answers—if it were true that Apple could remove Musi at any time, for any reason, why would it spend months reaching out to YouTube to reopen the 2023 complaint? At the very least, Musi's allegations are *certainly* based on reasonable inferences—regardless of whether Apple believes they are correct inferences—as to why Apple acted in the manner it did. And that is especially true because Apple instructed Ms. Singh not to answer when Musi inquired into the reasons for Apple's affirmative efforts to reach out to YouTube in 2024. Musi is not simply required to accept Apple's after-the-fact spin.

*Second*, your draft Rule 11 motion argues that Musi's complaint is sanctionable for alleging that YouTube appeared to be unaware of the 2023 complaint prior to Apple's 2024 outreach and "could not be bothered to look up its prior complaint." Draft Mot. 5. That is not just wrong, it flies in the face of the evidence. Ms. Singh—Apple's relationship manager for YouTube—testified plainly that her contact at YouTube did not know what Ms. Singh was talking about when she brought up a prior complaint by YouTube and even appeared to be unfamiliar with Musi. Singh Tr. 76:11-22; 80:22 -81:22; 83:4-14. But your motion entirely ignores this evidence, and instead suggests that Musi's allegations are unfounded because **months** later, during the July 15 phone call, YouTube appeared to have some high-level knowledge of the prior complaint and claimed that responsive emails may have "gone to other channels." Draft Mot. 5. That does not render

---

[1] The suggestion in your motion that the evidence is clear that, in fact, YouTube's 2023 complaint was not closed—purportedly to suggest that the use of the word "resurrect" is somehow a Rule 11 violation—is itself highly misleading. You cite testimony from Ms. Evan-Karimian to that effect. Draft Mot. 5 (citing Evan-Karimian Tr. 120:22-121:9). But you neglect to mention that Ms. Evan-Karimian's own contemporaneous email asked YouTube whether it wanted to "re-open" a prior complaint. APL-MUSI_00017794. And you also omit Ms. Singh's testimony that Apple had treated the 2023 complaint as "resolved" after "YouTube stopped responding." Singh Tr. 49:19-21.

Musi's allegations false. And indeed, YouTube's assertion that responsive emails might have gone to other channels (even if that is true, and that is highly dubious, as discussed below), does not explain why YouTube would not have known about *its own previous complaint*. *See* APL-MUSI_00017794.

*Third*, your unfiled motion suggests that Musi or its attorneys have violated Rule 11 because you dispute that YouTube's March 2023 complaint was "closed." Draft Mot. 5-6. At best, this is a disagreement about semantics—not even close to a reasonable basis for a Rule 11 motion. Apple itself admits that YouTube's March 2023 complaint was "stagnant." Draft Mot. 6. And, notwithstanding YouTube's post hoc explanation for why, Ms. Singh *repeatedly* testified, and the record is clear, that YouTube in fact failed to respond and that, as a result, Apple viewed the 2023 complaint as "resolved." Singh Tr. 49:19-21, 97:7-12. Additionally, the record shows that Apple had a past practice of closing YouTube's complaints for lack of responsiveness. Evan-Karimian Tr. 106:14-107:7. Your unfiled motion claims the record shows YouTube did not receive Apple's communications in April 2023 regarding the March 2023 complaint and that is why YouTube failed to respond. Draft Mot. 6. But the evidence for that assertion is far from conclusive. The email was sent to the same YouTube address that sent the complaint, legal-youtube@google.com, which casts significant doubt on YouTube's claim not to have received responsive communications. *See* MUSI-0001999. It is not a Rule 11 violation not to credit YouTube's after-the-fact excuse that it was not receiving communications sent to the same email address that initiated its complaints, and certainly not when YouTube had previously failed to respond to communications sent directly to its outside counsel. And in any event, even if it were true that YouTube was not receiving those communications, Apple did not know that at the time, and viewed the prior complaint as resolved according to its own employees, so Apple's actions up to that point could not have been affected by that fact.

*Fourth*, Apple throws in jabs about the wording of Musi's March 2023 response to Apple. But that has no bearing on whether Musi's amended complaint is sanctionable. As your unfiled motion acknowledges, Musi's Amended Complaint is abundantly clear that its email in response to the 2023 YouTube complaint was "referencing its previous detailed letter from 2021" and noting that Musi had "previously been in contact with YouTube." AC ¶ 5. The complaint never asserts that there were further communications with YouTube in 2023. Rather, Apple seems to be complaining that Musi's communications *with Apple* in 2023 misrepresented the timing of prior communications with YouTube. That is not true, and in any event, it is entirely irrelevant to whether the Amended Complaint—which expressly notes that the 2023 communications were referring to the 2021 letter—violates Rule 11. *See Hamer v. Career Coll. Ass'n*, 979 F.2d 758, 759 (9th Cir. 1992) (claim made during oral argument fell outside of filed complaint and could not be subject to Rule 11 sanctions). Apple is free to take up its own interpretation of Musi's correspondence, but this does not render Musi's allegations false.[2]

*Fifth*, Apple's draft motion suggests that there is a lack of factual basis for Musi's allegations about Apple's knowledge as to Musi's use (or rather, non-use) of YouTube's API. Draft

---

[2] Moreover, your citation to *Apple*'s representation in an April 2023 email that Musi had stated to Apple that the "the matter is now resolved" is itself misleading. Draft Mot. 6. As you well know, Musi did not advise Apple in 2023 that the complaint was resolved.

**WINSTON & STRAWN LLP**

April 25, 2025
Page 4

Mot. 7-8. But there is ample support in the record, via both contemporaneous documents and sworn witness testimony, for these allegations. There is ample evidence that Apple knew that the basis of YouTube's complaint was a violation of its YouTube API Terms of Service. *See* Singh Tr. 51:21-52:23, 96:12-22, 99:9-21, 100:2-8; Evan-Karimian Tr. 128:25-129:4; Singh Dep. Ex. 25. And Musi's allegations regarding Apple's knowledge of Musi's non-use of the YouTube API are equally well-founded. Indeed, Ms. Evan-Karimian testified candidly that as of April 2024, "individuals at Apple were told that Google had removed the API access from Musi." Evan-Karimian Tr. 110:22-111:18; *see also* Evan-Karimian Dep. Ex. 7 at '955–56 (April 2024 email to Evan-Karimian stating "we have worked with YouTube to remove API access from Musi"). And if that were not enough, Musi *itself* had noted in an email *years earlier*, on which Apple was copied, that it did not use YouTube's API. MUSI-0001950 at '956. Apple is free to disagree that this evidence is sufficient to show the requisite knowledge. But that is at best a fact issue (and one on which Musi has the far better of the evidence)—not remotely *close* to a Rule 11 issue.

*Finally*, Apple bizarrely charges Musi with omitting the existence of other complaints about the Musi app from its amended complaint. Apple's is free to argue in defending this case that it was justified in removing the Musi app due to the existence of past complaints, but Musi is aware of no authority requiring it to plead ***Apple's*** defenses in its own complaint. In any event, Musi's amended complaint does acknowledge past complaints against the Musi app. Whether the complaints were closed on the merits or due to lack of response or, in the case of David Colloff, of his own volition, is irrelevant to whether Apple's decision to solicit a complaint from YouTube to benefit the music industry, and remove the Musi on the basis of that complaint, was made in bad faith. This is especially true given that Apple *represented* to Musi that the Musi app's removal from the App Store was predicated on a failure to resolve *YouTube's* apparent 2024 complaint, not the complaints of other unspecified third parties. MUSI-0003249. And your suggestion that it was Musi rather than Apple that engaged in bad faith conduct with regard to some prior complaints (which again, are not even the complaints at issue in this case) is entirely irrelevant to a Rule 11 motion—your draft motion does not and cannot point to any false or unfounded allegations in the Amended Complaint related to this alleged misconduct, and Apple did not and does not purport to have removed the Musi app from the App Store on that basis.

Confined to the last page of your draft motion is yet another rehash of your repeated suggestion that the Court's Order on Musi's motion for a preliminary injunction foreclosed any claim for relief (and now, according to Apple, apparently rendered even the attempt to replead frivolous). Draft Mot. 10. That argument is not just wrong, it is directly contrary to the Court's statements and actions. Sanctions are "reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) (reversing district court award of sanctions because "[t]he award, if upheld, would imply that attorneys in general should exercise little, if any, creativity in their representation of clients, that they should not argue for new but plausible interpretations of agreements, and that they should not read ambiguous cases in the way most favorable to their clients."). Musi's legal position, which is well-supported in the law, is that even if the Developer Program License Agreement gives Apple the discretion to remove apps, it must exercise that discretion in good faith. *See* Dkt. 69, Opp. to Mot. to Dismiss. If anything, Apple's continued assertions that Musi's claims are precluded by the Court's preliminary-injunction ruling are themselves frivolous. As Apple well knows, the Court

expressly said that whether a claim for relief was stated was "another question" from whether a preliminary injunction would be granted—a question that the Court would be addressing on a "motion to dismiss." Jan. 9, 2025 Tr. at 45. Judge Lee went on to say that she was making "no determination as to any of this," that her rulings were "all at the preliminary injunction stage," and that she would address whether a claim was stated "when we come to it." *Id*. at 48. If Apple wants to inform the Court that it was wrong to allow Musi the opportunity to file an amended complaint after her preliminary injunction ruling, it is free to do so. If it wants to argue that the Court should favor its legal position and grant a motion to dismiss with prejudice, it is free to make that argument as well. But to accuse Musi of filing a legally baseless complaint is well beyond the pale.

"The filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions ... the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." *In re Outlaw Lab'y, LP Litig.*, 2019 WL 3858900, at *5. For all the reasons discussed above, Apple's motion is entirely baseless. Should Apple choose to file its entirely unfounded Rule 11 motion, it does so at its own risk. Musi will not hesitate to seek all available remedies, including fees in connection with opposing such a motion.

Sincerely,

*/s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux

cc: All Counsel of Record