# EXHIBIT 9

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 5:24-cv-06920-EKL (NC)<br><br>**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

EXHIBIT ___
DEPONENT ___
DATE ___
Rebecca L. Romano, RPR, CSR, CCR

---

No. 5:24-cv-06920-EKL (NC)　　　　　　　DEFENDANT'S FIRST SUPPLEMENTAL RESPONSE TO
CONFIDENTIAL　　　　　　　　　　　　　　PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Civil Local Rules of the U.S. District Court for the Northern District of California, Defendant Apple Inc. ("Apple") hereby provides the following first supplemental response to Plaintiff Musi Inc.'s ("Musi") First Set of Interrogatories (No. 6). Apple's investigation in response to Musi's First Set of Interrogatories is ongoing, and Apple reserves the right to supplement and amend its objections and responses as appropriate in light of its investigation. Apple hereby incorporates the general objections set forth in Apple's Responses and Objections to Plaintiff's First Set of Interrogatories, which Apple served on February 12, 2025.

**GENERAL OBJECTIONS**

Apple makes the following General Objections to Musi's First Set of Interrogatories, which apply to each Interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Apple objects to each Interrogatory, definition, and instruction to the extent it calls for information that is protected from discovery by the attorney-client privilege, work product doctrine, joint defense/common interest privilege, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, any applicable Orders of this Court, and/or relevant statutory or case law. Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

2. Apple objects to each Interrogatory, definition, and instruction to the extent it seeks to impose any requirements or obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, any applicable orders of this Court, any stipulation or agreement between the parties, and/or relevant statutory or case law.

3. Apple objects to each Interrogatory, definition, and instruction to the extent it seeks information that: (a) is not proportional to the needs of the case; (b) is not relevant to any party's claims or defenses; (c) is unreasonably cumulative, repetitive, or duplicative; (d) has already been provided to

Musi; (e) creates a burden or expense outweighing any likely benefit; (f) is not restricted to any particular time frame; and/or (g) is overbroad.

4. Apple objects to each Interrogatory, definition, and instruction to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Musi; or that are publicly available.

5. Apple objects to each Interrogatory to the extent it calls for confidential and/or proprietary information of any individual or entity other than Apple, except as allowed by any court orders, including any applicable orders of this Court, and/or relevant statutory or case law governing the disclosure of such information.

6. Apple objects to each Interrogatory, definition, and instruction to the extent they conflict with or purport to require the production of information prohibited from disclosure by protective orders in other litigations or improperly seek to cross-use information from other litigations.

7. Apple objects to each Interrogatory to the extent it calls for legal conclusions, presents questions of pure law, or calls for expert opinion.

8. Apple objects to each Interrogatory to the extent it seeks mental impressions, legal conclusions, legal opinions, or legal theories of Apple.

9. Apple objects to each Interrogatory as premature to the extent it calls for discovery, including discovery concerning the parties' contentions or expert testimony, in advance of the dates set by the Court for disclosure of such information in the relevant scheduling orders.

10. Apple objects to each Interrogatory as unduly burdensome to the extent the discovery sought could be obtained through less intrusive means or without imposing a disproportional burden on Apple.

11. Apple objects to each Interrogatory, definition, and instruction as overbroad, unduly burdensome, and calling for discovery that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. For example, as noted by the Court in denying Musi's motion

for a preliminary junction, both of Musi's claims turn—and fail—on the express terms of the contract, which allows Apple to remove the Musi app *at any time, with or without cause*. *See* Dkt. 44 at 14 ("Based on the plain language of the [contract], Apple had the express right to remove the Musi app from the App Store 'at any time, with or without cause.' … The covenant of good faith and fair dealing cannot impose an obligation on Apple that contradicts this express term."). The only required documentation or communication was Apple's notice of termination to Musi, which is undisputed. *See id.* at 10 ("Apple had the right to cease offering the Musi app without cause if Apple provided notice of termination to Musi. On the current record, it is undisputed that Apple gave Musi notice of termination."). Accordingly, any Interrogatory seeking information beyond the express terms of the contract calls for discovery irrelevant to the claims or defenses in this litigation.

12. Apple objects to each Interrogatory, definition, and/or instruction as overbroad, unduly burdensome, and calling for discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case to the extent the Interrogatory, definition, and/or instruction seeks identification of "all" facts, documents, persons, evidence, or bases, or that purports to require Apple to marshal "all" evidence concerning any issue in dispute.

13. Apple will construe the terms of all interrogatories to request that Apple use reasonable diligence to locate responsive non-privileged information and documents, based upon inquiry of those persons who reasonably may be expected to possess such information and on examination of those sources that reasonably may be expected to yield such information.

14. In identifying or producing any information, Apple does not admit to its relevance or admissibility and reserves the right to object to any use or admission of the information or document.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Apple objects to each definition and instruction to the extent it purports to alter the plain meaning and/or scope of any specific Interrogatory on the ground that such alteration renders the Interrogatory vague, ambiguous, overbroad, or uncertain.

2. Apple objects to each Interrogatory using the terms "document" and "communication" and "thing," as well as Musi's definition of those terms, to the extent it seeks materials beyond what is

contemplated by Federal Rule of Civil Procedure 34, applicable Local Rules of this Court, or agreements entered into by the parties. Apple objects to each Interrogatory to the extent that it seeks to require Apple to conduct a general search of email or other ESI to identify responsive documents. Apple does not intend to search and produce emails or ESI based on any such search, absent a showing of good cause by Musi. Musi has not made such a showing with respect to any request. Apple will not produce tangible things unless specifically designated in the response.

3. Apple objects to each Interrogatory using the term "person," as well as Musi's definition of that term, as overbroad, vague, and ambiguous. Furthermore, Apple objects to each use of this term to the extent that it requires subjective judgment and speculation on the part of Apple. Apple interprets Musi's definition of "Person" as any natural person or legal entity.

4. Apple objects to each Interrogatory using the term "relating to" or other derivations thereof as overbroad, vague, and ambiguous. Furthermore, Apple objects to each use of this term to the extent that it requires subjective judgment and speculation on the part of Apple.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 6:**

Describe in detail any meetings you have had, outside of Your July 15, 2024 meeting with YouTube, related to Musi and/or the Musi app, including the identities of the attendees, the topics and nature of the discussions, and any related follow-up correspondence related thereto.

**INTERROGATORY NO. 6 (AS NARROWED ON JANUARY 13, 2025):**

Describe in detail any meetings you had from January 1, 2020 onward, excluding Your July 15, 2024 meeting with YouTube, related to any allegations that Musi and/or the Musi app infringes intellectual property or terms of service, including the time and place of those discussions, the identities of the attendees, the topics and nature of the discussions, the length of the discussion, whether any materials were exchanged, and any related follow-up correspondence related thereto.

**RESPONSE TO INTERROGATORY NO. 6 (AS NARROWED ON JANUARY 13, 2025):**

Apple incorporates its General Objections as set forth above. Apple further objects to this Interrogatory because the language "meetings … related to" is vague and overbroad. It is unclear what qualifies as a "meeting," when Musi defines the term as "includ[ing], but [] not limited to communications, occurring in person, via telephone call, via teleconference, and/or videoconference." According to Musi's own definition, a single email would count as a "meeting." Accordingly, "meetings … related to" any allegations that Musi and/or the Musi app infringes intellectual property or terms of service, is vague and overbroad as it encompasses an undeterminable range of internal and external communications.

Based on its investigation to date, and subject to and without waiving the foregoing General Objections and Specific Objections, including as to relevance, Apple responds that it is aware of the following oral communications between Apple and a third party relating to allegations that Musi and/or the Musi app infringes intellectual property or terms of service:

On or around June 18, 2024, Apple's YouTube relationship manager Arun Singh participated in a brief phone call with YouTube relationship contact Kelvin Paulino to inquire about the status of a March 22, 2023 complaint submitted by YouTube regarding the Musi app and YouTube's contention that the Musi app violates its Terms of Service. Mr. Paulino confirmed that YouTube was discussing the matter internally, and would be interested in scheduling a conversation between Apple and YouTube to discuss further. No materials were exchanged for purposes of this discussion, and the follow-up correspondence consisted of Apple and YouTube's scheduling of the July 15, 2024 phone call described in response to Interrogatory No. 1.

In or around August 2024, Apple in-house counsel Elizabeth Miles participated in a call with Ashley Joyce, a representative from the National Music Publishers Association ("NMPA"), regarding the status of the Musi app on the App Store at NMPA's request. In follow-up to that call, the NMPA sent Apple a letter in support of YouTube's complaint against the Musi app on September 11, 2024.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (AS NARROWED ON JANUARY 31, 2025):**

Apple hereby incorporates its February 12, 2025 objections and responses as if fully set forth herein. Based on its investigation to date, and subject to and without waiving the foregoing General Objections and Specific Objections, including as to relevance, Apple responds that it is aware of the following oral communications between Apple and a third party relating to allegations that Musi and/or the Musi app infringes intellectual property or terms of service:

Our document review and fact investigation to date suggests that on June 30, 2020, Apple in-house counsel Violet Evan-Karimian may have participated in a call with Danielle Hardy, Associate Director, Legal – Content Protection at Universal Music Group ("UMG"), regarding the Musi app at UMG's request. Ms. Evan-Karimian does not have any recollection of whether this call occurred or what was discussed. Prior to that call, Ms. Evan-Karimian had forwarded to Ms. Hardy the correspondence for UMG's complaints submitted in 2017 (reference number APP72807) and 2019 (reference number APP46025-J) at Ms. Hardy's request, on June 23, 2020. After the June 30, 2020 call, on July 7, 2020, Ms. Hardy wrote to Ms. Evan-Karimian stating that based on her review of the complaint correspondence, it "appear[ed] that [Musi] create a false email to misrepresent compliance on behalf of Universal," and requested that Apple re-open UMG's complaint. Ms. Evan-Karimian confirmed on July 9, 2020, that UMG's complaint against the Musi app had been reopened.

On or around May 29, 2024, Apple's YouTube relationship manager Arun Singh reached out to YouTube relationship contact Kelvin Paulino to inquire about the status of a March 22, 2023 complaint submitted by YouTube regarding the Musi app and YouTube's contention that the Musi app violates its Terms of Service. In follow-up to that initial outreach, Ms. Singh engaged in email correspondence with Mr. Paulino between June 12 and July 8, 2024, and participated in a brief phone call with Mr. Paulino on or around June 18, 2024, and potentially also on or around June 24, 2024. Through these calls and the email correspondence, Mr. Paulino confirmed that YouTube was discussing the matter internally, and would be interested in scheduling a conversation between Apple and YouTube to discuss further. No materials were exchanged for purposes of these discussions, and

the follow-up correspondence consisted of Apple and YouTube's scheduling of the July 15, 2024 phone call described in response to Interrogatory No. 1.

On May 20, 2024, Apple in-house counsel Elizabeth Miles participated in a call with Jeff Walker, EVP & Head, Business & Legal Affairs, Global Digital Business at Sony Music Entertainment, regarding the status of the Musi app on the App Store at Sony's request. In follow-up to that call, Mr. Walker emailed Ms. Miles on May 29, 2024 stating "I've decided to wait until after we take enforcement action before sending another letter." Ms. Miles later emailed Mr. Walker on October 2, 2024 to notify him that the Musi app had been removed from the App Store.

On August 20, 2024, Apple in-house counsel Elizabeth Miles participated in a call with Ashley Joyce and Eric Sunray, representatives from the National Music Publishers Association ("NMPA"), regarding the status of the Musi app on the App Store at NMPA's request. In follow-up to that call, the NMPA sent Apple a letter in support of YouTube's complaint against the Musi app on September 11, 2024. Ms. Miles later emailed Ms. Joyce, Mr. Sunray, and NMPA representative Danielle Aguirre on September 24, 2024 to notify them that the Musi app had been removed from the App Store.

Dated: March 5, 2025

/s/ Chris Johnstone
Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on March 5, 2025, on all attorneys of record by email.

Dated: March 5, 2025                     /s/ *Chris Johnstone*
                                         Chris Johnstone