Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>         Defendant. | Case No. 5:24-cv-06920-EKL<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>Judge: The Honorable Eumi K. Lee<br>Hearing Date: July 30, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 7 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 1

    A. Musi Fails To Support The Fabricated "Admission" Featured In The FAC .......... 1

    B. Musi Fails To Support The Fabricated YouTube "Disavowal".............................. 2

    C. Musi Fails To Defend Its Misrepresentations Of Specific Documents ................. 3

    D. Musi Fails To Support Its Allegations About Apple's Outreach To YouTube ...... 3

    E. Musi's Allegations About Other Complaints Are False And Misleading .............. 4

    F. Musi's Request For Sanctions Is Frivolous ........................................................... 5

III. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Goldwater Bank, N.A. v. Elizarov*,
  2023 WL 4295255 (C.D. Cal. May 9, 2023) ...............................................................................5

*Lake v. Gates*,
  130 F.4th 1064 (9th Cir. 2025) ...................................................................................................4

*Williamson v. Basco*,
  2007 WL 9711043 (D. Haw. Aug. 21, 2007) ..............................................................................5

## I. INTRODUCTION

Musi's Opposition confirms that material allegations in the First Amended Complaint (FAC), filed after Musi had the opportunity to take discovery, lack evidentiary support in violation of Fed. R. Civ. P. 11(b)(3). Musi attempts to sidestep most of its misrepresentations and offers insufficient support for those it chooses to confront. Musi had ample opportunity to withdraw these allegations, which are the lynchpin of its baseless bad faith claim, and cannot evade sanctions by pretending they do not exist. Apple's motion for sanctions should be granted.

## II. ARGUMENT

### A. Musi Fails To Support The Fabricated "Admission" Featured In The FAC

The first paragraph of Musi's FAC claims that Apple relied on evidence submitted by the National Music Publishers Association when it removed Musi's app even though "Apple *knew* that this 'evidence' was false, as it has since admitted[.]" FAC ¶ 1. Musi provisionally redacted this allegation, misleadingly suggesting that it reflected discovery material. Dkt. 62. But, as Apple demonstrated, there is no evidentiary support *whatsoever* for this alleged "admission"—no Apple witness ever "admitted" that Apple "knew" that "evidence" relied upon by Apple in removing Musi's app was "false." *See* Mot. at 7. Notably, after emphasizing this alleged "admission" in the opening paragraph of its FAC, Musi does not even *try* to defend it in its opposition brief.

Instead, Musi employs a strategy of misdirection, pivoting to an argument that "Musi's allegations that Apple knew by July 2024 that the Musi app was not using YouTube's API are also well supported," and it is a "fact issue" about whether the "evidence is enough to show … knowledge." Opp. at 7. Of course, this is beside the point. The real "fact issue" is whether Musi entirely invented an "admission" that does not exist. Unsurprisingly, Musi's opposition fails to identify *any* evidence that even tangentially supports the allegation that Apple "has since admitted" that it "knew" evidence that it relied upon was false. *See* Opp. at 7 (citing to discovery discussing what a third party represented to Apple). Having refused to withdraw this baseless allegation, Musi cannot evade sanctions by ignoring it.

**B.     Musi Fails To Support The Fabricated YouTube "Disavowal"**

Key to Musi's bad faith claim is its allegation that "[i]t was on [the July 15, 2024 call between YouTube and Apple] that YouTube *supposedly stated to Apple* that its complaint with Musi was *not a violation of its user Terms of Service* … but rather an unspecified violation of YouTube's API Terms of Service."  FAC ¶ 46 (emphases added).  Here, the word "supposedly" does the same work of the word "admitted" in the first paragraph of the FAC, suggesting that Musi's allegation is somehow warranted by specific evidence produced in this case.  Once again, Musi's allegation has no evidentiary support and, once again, Musi fails to defend it.

Musi again employs a pivot, arguing that it is improper for Apple to demand evidence that YouTube "disavowed" a complaint under the user Terms.  Opp. at 7.  But a disavowal is precisely what Musi alleged: YouTube "supposedly stated to Apple" that its complaint was "*not* a violation" of those terms.  Musi now admits that no evidence supports its allegation about what YouTube "supposedly said" to Apple.  Instead, Musi argues that YouTube cited to the API Terms during the July 2024 call, and it is therefore reasonable to *infer* that YouTube was *not* raising a complaint under the user Terms.  But Musi did not allege an inference, it alleged that YouTube "supposedly stated" something directly to Apple.  It cannot avoid Rule 11 by pretending otherwise.

Moreover, the premise of Musi's inference is *itself* lacking evidentiary support.  Musi stretches the testimony it cites, claiming that, as an Apple witness "*repeatedly* testified," the "specific basis YouTube gave for its complaint in July 2024 was violations of its 'API guidelines,'" Opp. at 6-7, when the only time the phrase "API guideline[s]" appears in the cited testimony is in reference to the "original" complaint brought by YouTube, *see* Dkt. 83-10 at 52.  The witness elsewhere refers to "API issues" but testified that YouTube did not specify which provisions of which terms were implicated by those issues.  *Id.* at 96:20-22.  And Musi inserts the word "API" into a quote from contemporaneous notes of the call, making the sentence "there are some violations" into "there are some [API] violations."  Opp. at 7.

Even if Musi had an evidentiary basis to allege that YouTube raised violations of the API terms on the phone call, that evidence is plainly insufficient to support Musi's allegation that YouTube also *disavowed* a complaint under the user Terms.  There is a wide range of conduct,

including selling advertisements, modifying YouTube content, and accessing YouTube through unauthorized means, that violates *both* sets of terms. *See* Dkt. 68-9 at 7; Dkt. 30-7 at § 3G.1.a-d. Musi fails to identify any evidence that YouTube "supposedly stated" that its complaint was "not a violation" of the user Terms, and its allegation violates Rule 11.

### C.    Musi Fails To Defend Its Misrepresentations Of Specific Documents

Musi's opposition also ignores that the FAC misrepresents the content of documents, including the April 11, 2024 email from Sony Music Entertainment, *see* Mot. at 7 (highlighting that the document does not say, as Musi alleges it does, that "*years earlier*, Musi had *ceased use* of YouTube's API" (FAC ¶ 44)), as well as Winston & Strawn emails to Apple in early 2023, *see* Mot. at 6 (pointing out that the emails, *see* Dkt. 83-9, never "referenc[e Musi's] previous detailed letter from 2021" and do not say that Musi had "previously" been in touch with YouTube (FAC ¶ 5)). Unable to defend the FAC's allegations, Musi resorts to misdirection. Apple is *not* "argu[ing that] Musi should be sanctioned for the wording of a pre-litigation April 2023 communication," Opp. at 5—rather, Apple argues that Musi and its counsel should be sanctioned because the *allegation* about that communication *in the FAC* is false. And Apple argues that by falsely describing those communications, Musi misleads the Court about why Apple "closed" YouTube's 2023 complaint. Mot. at 6. Musi's failure to defend the FAC's misrepresentations is dispositive.

### D.    Musi Fails To Support Its Allegations About Apple's Outreach To YouTube

In contrast to the other challenged allegations, Musi has attempted to defend its allegations about Apple's outreach to YouTube, but falls short. As just one example, Musi alleges that Apple reached out to YouTube to "goad" YouTube into action, but "[a]n immediate roadblock" to its "plan" "became apparent" when "its contacts at YouTube had no idea what Apple was talking about." FAC ¶ 46. Musi cites testimony demonstrating that Apple's initial outreach was to a person who had never heard of Musi. Opp. at 5. But what Musi's argument elides is that the initial outreach from Ms. Singh, who has a non-legal role at Apple, to her counterpart at YouTube, who also has a non-legal role, was for the purpose of asking him to arrange a call with the YouTube legal team—who *did* know about YouTube's complaint—so the Apple legal team could inquire about its status. *See* Dkt. 86-4 at 76:1-10. And so it is throughout the FAC: Musi takes testimony

supporting an unremarkable fact (here, a single YouTube employee knew nothing about Musi) and then misrepresents that testimony (becoming Apple's "contacts" (plural) at YouTube "had no idea what Apple was talking about").  Then Musi adds a host of embellishments that fundamentally change the meaning of the fact supported by the testimony.  Here, leaving aside other misrepresentations about the outreach, the singular contact's lack of personal knowledge obviously could not be an "immediate roadblock" that "became apparent" after Apple's initial outreach unless Apple *expected* him to have knowledge about YouTube's complaint and contacted him for the purpose of discussing the complaint *with him*.  But there is no evidentiary support for those propositions, which are directly contrary to Ms. Singh's testimony. Ex. 1 at 38:6-13, 39:9-40:21 (describing limited role of her single YouTube contact, with whom she "facilitate[d] communications as necessary" regarding technical issues, e.g., "software bug[s]").[1]  Similar embellishments permeate both the FAC and the opposition.  *See* Mot. at 4-5.[2]  As this Court has made abundantly clear, misrepresentations of fact, even if "subtle," are sanctionable.  Standing Order for Civil Cases, Section VIII.F.

### E. Musi's Allegations About Other Complaints Are False And Misleading

In its opposition, Musi argues that it is not required to plead Apple's defenses and so should not be sanctioned for failing to allege other complaints about Musi, but Musi again fails to address Apple's challenge.  *See* Opp. at 7-8.  Apple challenged Musi's allegation that members of the music industry had raised complaints to Apple and those complaints "were ultimately closed." Mot. at 8 (citing FAC ¶ 7).  As Musi and its counsel were well aware, and Musi does not deny in its opposition, multiple complaints from members of the music industry had *not* been closed and were active at the time of Musi's removal.  Musi violates Rule 11 because the FAC would improperly cause any "reasonable person reading [it to] believe, contrary to the facts," that no complaints against Musi other than YouTube's were pending at the time of removal.  *Lake v. Gates*, 130 F.4th 1064, 1069 (9th Cir. 2025).  The FAC is littered with allegations like this,

---

[1] "Ex. 1" refers to Exhibit 1 to the concurrently filed Declaration of Jennifer Milici.
[2] For example, YouTube's inability to locate Apple's 2023 email and request that it be re-sent becomes "YouTube … could not be bothered to even look up its prior complaint."  FAC ¶ 47.

designed to mislead the reader about the history of complaints and Musi's conduct in responding to those complaints. *See, e.g.*, FAC ¶¶ 3, 6, 7; Dkt. 83-3.

### F. Musi's Request For Sanctions Is Frivolous

As set forth above, Musi makes no attempt to defend many of the challenged allegations, including its allegation that Apple "admitted" that it relied on evidence that it "knew" was false. Musi's attempt to deflect attention from those false allegations by seeking sanctions against Apple should be rejected. There is nothing improper about bringing Rule 11 violations to the Court's attention. Apple is not seeking to litigate the same issues it presents in its motion to dismiss, which argues that, even if *all* of the factual allegations are credited, Musi's FAC must be dismissed because the express terms of the contract preclude Musi's claims. Here, in contrast, Apple argues that Musi violated Rule 11 by making factual allegations that lack evidentiary support, which is an entirely separate issue.

Apple's sanctions motion is also not a premature summary judgment motion. Apple is not asking the Court to determine that Musi lacks sufficient evidence *to prove a claim*. Rather, Apple is challenging *specific* factual allegations under Rule 11(b)(3) because they lack evidentiary support. Musi has failed to identify any factual basis for those allegations, and its cited authority is inapposite. *See Goldwater Bank, N.A. v. Elizarov*, 2023 WL 4295255, at *4 (C.D. Cal. May 9, 2023) (imposing sanctions on defendant who essentially admitted "that his Rule 11 Motion was the motion-equivalent of a mulligan and that it was a thinly veiled attempt to relitigate his denied motion to dismiss"); *Williamson v. Basco*, 2007 WL 9711043, at *2-3 (D. Haw. Aug. 21, 2007) (imposing sanctions because pro se plaintiff failed to comply with the safe harbor provision and because Rule 11 does not apply to statements made in initial disclosures).

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Apple's opening brief, Apple respectfully requests that the Court grant Apple's motion for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Dated: June 5, 2025 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By: */s/ Jennifer Milici*<br>Jennifer Milici (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Telephone: (202) 663-6000<br>*jennifer.milici@wilmerhale.com* |
| | Chris Johnstone, SBN 242152<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: (650) 858-6000<br>*chris.johnstone@wilmerhale.com* |
| | Mark Ford (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>*mark.ford@wilmerhale.com* |
| | *Attorneys for Defendant Apple Inc.* |