| | |
|---|---|
| Chris Johnstone, SBN 242152 | Jennifer A. Golinveaux, SBN 203056 |
| WILMER CUTLER PICKERING | Samantha K. Looker, SBN 340564 |
|   HALE AND DORR LLP | WINSTON & STRAWN LLP |
| 2600 El Camino Real, Suite 400 | 101 California Street, 21st Floor |
| Palo Alto, CA 94306 | San Francisco, CA 94111 |
| Telephone: (650) 858-6000 | Telephone: (415) 591-1000 |
| chris.johnstone@wilmerhale.com | jgolinveaux@winston.com |
| | slooker@winston.com |
| Jennifer Milici (*pro hac vice*) | |
| WILMER CUTLER PICKERING | Jeff Wilkerson, SBN 284044 |
|   HALE AND DORR LLP | WINSTON & STRAWN LLP |
| 2100 Pennsylvania Avenue, NW | 300 South Tryon Street, 16th Floor |
| Washington, DC 20037 | Charlotte, NC 28202 |
| Telephone: (202) 663-6000 | Telephone: (704) 350-7700 |
| jennifer.milici@wilmerhale.com | jwilkerson@winston.com |
| Mark A. Ford (*pro hac vice*) | *Attorneys for Plaintiff Musi Inc.* |
| WILMER CUTLER PICKERING | |
|   HALE AND DORR LLP | |
| 60 State Street | |
| Boston, MA 02109 | |
| Telephone: (617) 526-6000 | |
| mark.ford@wilmerhale.com | |

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MUSI INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 5:24-cv-06920-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: The Honorable Eumi K. Lee<br>Hearing Date: July 30, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 7 |

Pursuant to Federal Rules of Civil Procedure 16 and 26, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Court's Standing Order for Civil Cases, and the Court's Order on January 9, 2025 (Dkt. 38) (as adjusted by the clerk's notice on June 2, 2025 (Dkt. 87)), counsel for Plaintiff Musi Inc. ("Musi") and counsel for Defendant Apple Inc. ("Apple," and collectively with Musi, the "Parties"), have met and conferred on certain issues and respectfully submit this Joint Case Management Statement in advance of the case management conference scheduled for July 30, 2025, at 10:00 a.m.[1]

### 1. Jurisdiction and Service

The Parties agree that the Court has subject matter jurisdiction over Musi's claims under 28 U.S.C. §1332(a) (diversity jurisdiction) because Musi is a foreign corporation with citizenship different from Apple, an American corporation. The Parties further agree that the Court has general personal jurisdiction over Apple because it is headquartered in California, and Apple was properly served with the Complaint on October 4, 2024. No other parties remain to be served. Venue is appropriate in this District under 28 U.S.C. § 1391(b) because Apple transacts business within this District and participates in interstate trade and commerce in this District.

### 2. Facts

**Musi's Position:**

Musi is a mobile computing software company that owns and operates the Musi app, an iOS-based mobile application. The Musi app provides users with enhanced functionality to interact with publicly available content on YouTube's website through Musi's proprietary user interface components and organizational features. Importantly, the Musi app does not rely on YouTube's Application Programming Interface ("API"), nor do Musi's servers store, process, or transmit YouTube videos. Instead, the app plays or displays content based on the user's own interactions with YouTube and enhances the user experience via Musi's proprietary technology.

---

[1] Apple's motion for sanctions (Dkt. 79) will also be heard on July 30, 2025.

Case No. 5:24-cv-06920-EKL     2     JOINT CASE MANAGEMENT STATEMENT

Contrary to Apple's assertions, Musi does not interfere with or replace any ads to the extent they are included within the publicly available video media streamed by a Musi user.

Since at least 2015, Musi has engaged in periodic dialogue with YouTube, consistently expressing its commitment to offer the Musi app in a manner compliant with YouTube's Terms of Service. When YouTube has expressed specific concerns to Musi about the app's functionality, Musi has, in good faith, either adjusted the app's functionality or provided detailed explanations of how the app works and why it complies with YouTube's Terms of Service. In April 2021, YouTube's outside counsel raised several questions regarding the Musi app's functionality. Musi promptly responded with a substantive explanation, but YouTube never replied. Nearly two years later, in March 2023, YouTube sent a complaint notification to Apple about the Musi app, stating only "YouTube TOS Violations." Musi again promptly responded to Apple, referring back to its 2021 communications and the lack of response, but YouTube remained silent.

Apple's ultimate removal of the Musi app from the App Store was preceded by a coordinated effort to generate a basis for Musi's removal at the behest of certain music-industry players. For years, several music industry organizations—including the National Music Publishers Association (NMPA), the International Federation of the Phonographic Industry (IFPI), Universal Music Group (UMG), Sony Music Entertainment (SME), and the Recording Industry Association of America (RIAA)—had lodged complaints with Apple regarding the Musi app through the Apple's form app dispute process. Musi responded to such complaints, and they never resulted in the app's removal.

In or around April 2024, the approach from the music industry changed. Rather than filing formal complaints through Apple's established process, at least one music industry player began to pressure Apple directly, expressly seeking its help to secure the permanent removal of the Musi app. Specifically, Sony Music, through Jeff Walker, complained to Apple that its previous attempts to remove Musi via the app dispute process had failed. This company also informed Apple that Google had taken measures to block Musi from using YouTube's API, undermining

the basis for YouTube's later claim that Musi was violating YouTube's API Terms of Service (and Musi had also stated, in prior emails years earlier copying Apple, that it did not use YouTube's API). Sony Music specifically requested Apple's assistance in removing the Musi app.

Apple, presumably recognizing the legal risk of removing a popular app without a clear basis, did not immediately comply. Instead, Apple began a "backchannel scheme" to create the appearance of a legitimate reason for removal. Specifically, Apple proactively reached out to YouTube, encouraging it to "reopen" a previously dormant, 14-month-old complaint that Apple had previously treated as resolved due to YouTube's total lack of response to messages from Apple about the complaint. Apple and YouTube held a July 15, 2024, telephone conference in which the Musi app was discussed. Witness testimony and contemporary notes confirm that, during that call, YouTube explained that the basis for its complaint was an alleged violation of the YouTube API. After that call, Apple sent YouTube its prior complaint and invited YouTube to respond if it wanted to re-open its complaint.

Apple also received (and on information and belief, likely solicited) a letter of support from the NMPA, which purported to provide "evidence" that Musi was violating YouTube's API Terms of Service. Notably, Apple did not share this NMPA letter with Musi until litigation commenced (and only then via filings in this litigation), and the letter itself contained several factual inaccuracies (including the claim that the Musi app was using YouTube's API, which—again—Apple already knew to be false based on previously provided information from both Sony and Musi).

On August 8, 2024, Apple informed Musi that it had received a notice from "YouTube Legal" stating that the Musi app "infringes its intellectual property rights" and "violating YouTube Terms of Service," but provided no further details. Musi's outside counsel responded four days later, explaining that the accusations were unsubstantiated and, in reference to the 2021 communication with YouTube's counsel, that Musi had previously attempted to resolve the dispute directly with YouTube. On September 6, 2024, YouTube emailed Apple and inaccurately claimed

that Musi had never initiated contact to resolve the dispute. Musi's counsel responded to correct the record and reiterated that the Musi app did not infringe YouTube's intellectual property or violate its Terms of Service, and again invited YouTube to discuss its concerns. Musi received no response.

Having heard nothing further from either YouTube or Apple, Musi's counsel followed up with Apple on September 19 and again on September 24, 2024, updating Apple that Musi had yet to receive any communication from YouTube in response to Musi's September 6 correspondence. Apple responded by stating, without acknowledging Musi's prior communications, that "your app will be removed from the App Store on the basis of intellectual property infringement." Apple removed the Musi app that same day. Notably, at no time during the discussions in 2024 did Apple ever state or suggest that its removal of the Musi app was based on complaints from any entity other than YouTube. Nor did Apple share with Musi that it had been engaged in discussions with other entities about the Musi app, the nature of those discussions, or the nature of any claims made about the Musi app in the course of such discussions.

Apple justified its decision by citing Schedule 1 § 6.3, Schedule 2 § 7.3, and Schedule 3 § 7.3 of its Developer Agreement with Musi. However, as set forth in Musi's First Amended Complaint, Apple did not comply with the Developer Agreement's requirements, including the implied covenant of good faith and fair dealing. Apple's removal of the Musi app was based on a complaint that Apple itself solicited, and which Apple knew to be based on false allegations. As a result, Musi has suffered and continues to suffer substantial harm to its business and reputation.

**Apple's Position:**

Apple licenses certain technology and tools to third-party developers, to allow them to develop native applications ("apps") for iOS, Apple's proprietary mobile operating system, and to distribute those apps on Apple's App Store. Apple's agreements with third-party app developers expressly provide that Apple reserves the right to remove an app from the App Store at any time in its sole discretion. Apple's contractual right to remove apps from App Store is essential to its

ability to ensure that the App Store remains a safe and trusted environment for both its users and developers.

Musi owns and operates the Musi – Simple Music Streaming app (the "Musi app"). The Musi app allows users to access content from YouTube through Musi's own augmented interface, which replaces YouTube's advertising content with Musi's own advertisements to generate revenue. While the Musi app was on the App Store, the app was free to download, though users could also pay a one-time fee for ad-free streaming. Since launching in or around 2013, the app has amassed millions of users. Musi does not share any of its revenue with YouTube or any of the artists, musicians, or other copyright holders whose music or songs are streamed using the Musi app.

Musi has been in conversation with YouTube about the Musi app and its compliance with YouTube's Terms of Service since at least 2015. In April 2021, outside counsel for YouTube identified several specific concerns YouTube had with the Musi app's functionality, including the Musi app's use of YouTube content for commercial purposes, and in connection with paid advertising. Musi disputed YouTube's understanding of the Musi app's functionality, but Musi and YouTube did not reach a final resolution regarding YouTube's concerns. In March 2023, Apple received a complaint from YouTube that the Musi app infringes YouTube's intellectual property rights—specifically, its Terms of Service. Apple shared this complaint with Musi, and Musi responded that the complaint was unsubstantiated, but the complaint otherwise went unresolved.

During March and April of 2023, outside counsel for Musi—after removing YouTube from the email chain—falsely represented to Apple that Musi had been in communication directly with YouTube to attempt to come to a timely resolution of their dispute. In fact, despite outside counsel's representations that Musi was *currently* communicating with YouTube regarding the complaint submitted in 2023, there were *no* communications between Musi or its counsel and YouTube in March or April 2023. On April 19, 2023, Apple wrote YouTube, copying Musi, to

inform YouTube that Musi had "advised that they have been in contact with you and that the matter is now resolved." YouTube never responded to the April 2023 email, and it is Apple's understanding that the relevant YouTube team did not receive this or any other communications about the March 2023 complaint.

YouTube, however, was not the only entity to complain to Apple about Musi. Over the years, Apple has received multiple complaints from other third parties regarding the Musi app's functionality, including complaints from organizations within the music industry that the app's streaming practices infringe the copyrights of these organizations and their members. Apple has received such complaints from, among others, the International Federation of the Phonographic Industry ("IFPI"), Universal Music Group ("UMG"), Sony Music Entertainment ("SME"), the Recording Industry Association of America ("RIAA"), Araldyca, and BHMedia. In response, Musi repeatedly resorted to deception. For example, Musi appeared to impersonate a UMG representative and misleadingly informed Apple that UMG's complaints had been satisfactorily resolved. In other instances, Musi's counsel falsely represented to a complainant that YouTube had authorized Musi's app. IFPI's formal complaint, however, resulted in extensive correspondence among IFPI, Musi, and Apple over several months in late 2023 and early 2024, culminating in IFPI stating its position that "Apple has the requisite knowledge of [Musi's] illegal activity" and requesting that "the [Musi] app be removed the App Store without further delay." Dkt. 30 at 6.

On July 29, 2024, YouTube contacted Apple to reiterate its position in the March 2023 complaint that the Musi app violates YouTube's Terms of Service. This came after a July 15, 2024 call between Apple and YouTube, during which YouTube asserted that Musi continued to violate YouTube's Terms of Service and that it had never intended to abandon its complaint. Apple notified Musi of YouTube's complaint on August 8, 2024, informing Musi that failure to resolve the complaint directly with YouTube could result in removal of the Musi app from App

Store. While Musi repeated its position that YouTube's complaint was unsubstantiated, the complaint remained unresolved even after multiple follow-ups from Apple.

In September 2024, the National Music Publishers Association ("NMPA") submitted a letter to Apple in support of YouTube's July 2024 complaint, which included what NMPA described as evidence of Musi's violations of YouTube's Terms of Service and its impact on the licensing rights of NMPA's members, claiming that the Musi app "leeches its content offerings from YouTube's [API] to avoid paying copyright licensing fees" and thus "diverts royalties from music publishers and songwriters to itself." *Id.* at 7-8.

Apple removed the Musi app from App Store on September 24, 2024, following Musi's failure to resolve the July 2024 YouTube complaint, and following the numerous additional complaints from the music industry outlining Musi's potential copyright violations.

**3. Legal Issues**

**Musi's Position:**

Musi's amended complaint asserts two claims against Apple: (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. The principal legal issues in dispute include:

- Whether Apple's Developer Program License Agreement grants Apple sole discretion to remove apps from the App Store, or whether Apple's discretion is limited by the requirement that it "reasonably believe[]" an app infringes intellectual property before removing it, as set forth in Schedule 1 § 6.3 and related provisions;

- Whether Apple was required to follow its own app dispute process, including providing Musi with notice and an opportunity to respond to the substance of any complaint, before removing the Musi app;

- Whether Apple breached the Developer Agreement by removing the Musi app without a reasonable basis to believe that the app infringed any intellectual property rights;

- Whether Apple breached the implied covenant of good faith and fair dealing by orchestrating and relying on a knowingly false complaint, failing to disclose the basis for removal, and acting in bad faith for the benefit of third parties;
- The scope of Apple's obligations to act in good faith and deal fairly with Musi under California law;
- Whether Musi is entitled to injunctive relief, damages, or other remedies as a result of Apple's conduct.

Apple has also filed a frivolous motion for sanctions against Musi and its counsel for the filing of Musi's Amended Complaint (Dkt. 83.). As explained to Apple prior to the filing of that motion and in Musi's Opposition (Dkt. 86), Musi drafted its amended complaint pursuant to the discovery taken in response to the Court's instructions. The legal issues in dispute include:

1. Whether Apple's motion is frivolous;
2. Whether Musi is entitled to its costs and attorneys' fees for responding to Apple's motion for sanctions;
3. Whether Musi's Amended Complaint is supported by at least some factual basis.

**Apple's Position:**

Apple denies that it violated any laws and maintains that it acted fully within the scope of its contractual rights when it removed Musi's music streaming app from App Store. As this Court has already held in denying Musi's motion for a preliminary injunction: "Based on the plain language of the DPLA, Apple had the express right to remove the Musi app from the Appe Store 'at any time, with or without cause.' … [and t]he covenant of good faith and fair dealing cannot impose an obligation on Apple that contradicts this express term." Dkt. 44 at 14. Apple has moved to dismiss Musi's First Amended Complaint (Dkt. 68) on the grounds that Musi has failed to state any claim for relief. Apple has also moved for sanctions against Musi on the basis that material allegations in its First Amended Complaint lack any evidentiary support and in fact are contrary to undisputed evidence known to Musi and its counsel. Dkt. 83.

The disputed points of law in this case include at least:

- Whether Apple's Developer Program License Agreement grants Apple complete discretion to remove Apps from App Store;
- Whether Musi has adequately stated a claim for breach of contract;
- Whether Musi has adequately stated a claim for breach of the covenant of good faith and fair dealing;
- Whether Musi is entitled to a permanent injunction to have the Musi app restored to App Store;
- Whether Musi is entitled to any other form of relief as a result of Apple's alleged conduct;
- Whether Musi's First Amended Complaint contains material allegations that lack evidentiary support in violation of Fed. R. Civ. P. 11 (b)(3);
- Whether Apple is entitled to costs and attorneys' fees incurred in bringing its motion for sanctions against Musi and defending against Musi's First Amended Complaint;
- Whether, if the Court does not dismiss Musi's First Amended Complaint, Apple is entitled to an order striking the First Amended Complaint with prejudice;
- Whether Apple is entitled to any other form of relief as a result of the alleged misrepresentations in Musi's First Amended Complaint; and
- Whether Musi is entitled to costs and attorneys' fees incurred in responding to Apple's motion for sanctions against Musi.

**4. Motions**

***Motion for a Preliminary Injunction.*** On October 9, 2024, Musi filed a motion for a preliminary injunction. Dkt. 10. The Court denied Musi's motion for a preliminary injunction following a hearing on January 9, 2025, Dkt. 37, and issued a written decision on January 30, 2025, Dkt. 44.

***Motion to Dismiss Musi's Original Complaint.*** On December 11, 2024, Apple filed a motion to dismiss Musi's Complaint with prejudice. Dkt. 33. On January 9, 2025, Musi requested leave to amend its complaint rather than litigate the sufficiency of the allegations in the original complaint. Dkt. 37. In response, the Court terminated Apple's motion as moot after setting a March 10, 2025 deadline for Musi to amend its pleadings. Dkts. 37, 38.

***Motion to Dismiss Musi's First Amended Complaint.*** On March 25, 2025, Apple filed a motion to dismiss Musi's First Amended Complaint with prejudice. Dkt. 68. Musi filed its opposition on April 7, 2025, Dkt. 69, and Apple replied on April 16, 2025, Dkt. 70. The Court held a hearing on Apple's motion to dismiss on April 30, 2025 and took Apple's motion under submission. Dkt. 73.

***Motion for Sanctions.*** On May 14, 2025, Apple filed a motion for sanctions against Musi and its counsel, requesting costs and attorneys' fees and an order striking Musi's First Amended Complaint if Apple's motion to dismiss is denied. Dkt. 79. Musi initially filed its opposition on May 19, 2025, Dkt. 84, which was stricken by the Court for violating the Court's Standing Order for Civil Cases. On May 22, 2025, with leave of the Court, Musi filed an amended opposition, which included a request for costs and attorneys' fees for responding to Apple's motion for sanctions, Dkt. 86, and Apple replied on June 5, 2025, Dkt. 88. The hearing on Apple's motion for sanctions is scheduled for July 30, 2025, the same date as the next Case Management Conference.

***Motion for Summary Judgment.*** Depending upon determination of Apple's motion to dismiss Musi's First Amended Complaint, both Musi and Apple anticipate moving for summary judgment.

**5. Amendment of Pleadings**

**Musi's Position**:

Musi has requested leave to amend its complaint if the Court grants Apple's pending motion to dismiss.

**Apple's Position**:

Apple's pending motion to dismiss seeks dismissal of Musi's First Amended Complaint with prejudice because the deficiencies in Musi's legal theory cannot be remedied through amendment, as evident from the fact that Musi's First Amended Complaint still fails to plausibly plead any claims to relief, despite months of plausibility discovery including two depositions of Apple employees and the production of thousands of documents on an expedited basis. No amendment can cure the fundamental defect at the heart of Musi's claims, which is that Apple acted within its express contractual rights in removing the Musi app from the App Store.

### 6. Evidence Preservation

The Parties certify that they have reviewed the Northern District of California's Checklist for ESI Meet and Confer, are aware of their obligations, and have taken reasonable and proportionate steps to preserve potentially relevant evidence. The Parties confirm that they have met and conferred concerning these obligations.

### 7. Disclosures

On December 10, 2024, the Court entered an Order requiring the Parties to make initial disclosures by January 2, 2025. Dkt. 32. The Parties served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on January 2, 2025, pursuant to the Court's December 10, 2024 Order. Dkt. 32.

### 8. Discovery

The parties engaged in a first phase discovery on an expedited basis between the January 9, 2025 case management conference and Musi's March 12, 2025 filing of its First Amended Complaint. In addition to the production of thousands of documents (Apple has produced over 6,400 documents at around 37,000 pages and Musi has produced over 1,600 documents at around 13,000 pages), the parties exchanged responses to a first set of written discovery. Pursuant to the Court's order, Musi has also deposed two Apple employees, which were limited to three hours each. Dkt. 59.

Per the Court's May 2, 2025 Order, discovery in this case is now stayed pending resolution of Apple's motion to dismiss Musi's First Amended Complaint. Dkt. 77. Should Apple's motion to dismiss be denied in whole or part, the parties will confer regarding the anticipated scope of discovery and propose a discovery schedule to the Court within 14 days, consistent with the Court's May 2, 2025 Order. *Id.* at 5 ("Should [Apple's] motion be denied, the parties will jointly submit a proposed schedule within 14 days.").

***Limitations or Modifications of the Discovery Rules.*** The parties agree that it is premature at this time to commit to deviations from the Federal Rules' default discovery limitations. If Apple's Motion to Dismiss the First Amended Complaint is denied in whole or part, the parties will confer regarding the scope of anticipated discovery and any proposed limitations or modifications of the discovery rules.

**9. Class Action**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

**Plaintiff's Position:**

Musi seeks the following relief in connection with its Amended Complaint:

- Preliminary and permanent injunctive relief requiring Apple to restore the Musi app to the App Store;
- An award of direct, actual, compensatory, and/or consequential damages resulting from Apple's breach of contract and breach of the implied covenant of good faith and fair dealing;
- Prejudgment interest at the maximum legal rate; and
- Such other and further relief as the Court deems just and proper.

In connection with its opposition to Apple's motion for sanctions, Musi has requested its costs and fees incurred in responding to Apple's frivolous motion.

**Apple's Position:**

Apple denies that Musi is entitled to any relief, and Apple reserves all of its defenses to liability, damages, and as to claims for injunctive or other equitable relief.

Apple seeks costs and attorneys' fees incurred in bringing its motion for sanctions against Musi and for defending against Musi's First Amended Complaint; an order striking Musi's First Amended Complaint with prejudice should the Court deny Apple's motion to dismiss; and any further relief that this Court deems just and proper.

**12. Settlement and ADR**

As set forth in the Parties' stipulations to first extend the Parties' deadline to conduct the initial ADR session and then to vacate the deadline, Dkts. 71, 89, the Parties agree that an ADR session would be premature at least until the Court rules on Apple's motion to dismiss Musi's First Amended Complaint.

The Parties propose to provide the Court with a proposed deadline for the initial ADR session within 14 days of the Court's ruling on Apple's motion to dismiss the First Amended Complaint, to be provided alongside the parties' proposed schedule for discovery deadlines required under the Court's May 2, 2025 order staying discovery. Dkt. 77.

**13. Consent to Magistrate Judge for All Purposes**

The Parties have not consented to have a magistrate judge conduct all further proceedings.

**14. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The Parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**16. Expedited Trial Schedule**

The Parties do not consent to the Expedited Trial Procedure of General Order No. 64.

**17. Scheduling**

The Court's May 2, 2025 order, which stayed discovery pending the Court's decision on Apple's motion to dismiss, held that should Apple's motion be denied, the parties shall jointly submit a proposed schedule within 14 days of the Court's ruling. Dkt. 77. If a proposed schedule needs to be submitted, the parties will propose revisions to the following deadlines from the Court's January 9, 2025 Case Management Order, Dkt. 38, which are technically in place pending further developments in the case:

| Event | Deadline |
|---|---|
| Deadline to file summary judgment and *Daubert* motions | November 13, 2025 |
| Deadline to file oppositions to summary judgment and Daubert motions | December 9, 2025 |
| Deadline to file replies in support of summary judgment and Daubert motions | January 2, 2026 |
| Last day to hear dispositive and Daubert motions | January 28, 2026 |
| Pretrial conference | April 22, 2026 |
| Jury trial (est. 5 to 7 days) | May 26, 2026 |

**18. Trial**

Musi requests a jury trial. Apple believes it is premature to estimate the time required for any trial because the scope of the case—and therefore the length of a trial—may change significantly based on the Court's pretrial rulings. Musi's position is that, based on the current status of the case, it anticipates the trial will require approximately five to seven trial days.

**19. Disclosure of Non-Party Interested Entities or Persons**

The Parties certify they have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. For Apple, other than the named Parties, there are no non-party interested entities or persons to report.

On October 2, 2024, Musi filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. As stated in Musi's Certification, the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

- Aaron Wojnowski
- Christian Lunny

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

None.

| | | |
|---|---|---|
| 1 | Dated: July 16, 2025 | Dated: July 16, 2025 |
| 2 | WINSTON & STRAWN LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 3 | By: */s/ Jennifer A. Golinveaux* | |
| 4 | | By: */s/ Chris Johnstone* |
| 5 | Jennifer A. Golinveaux, SBN 203056<br>Samantha K. Looker, SBN 340564 | Chris Johnstone, SBN 242152 |
| 6 | WINSTON & STRAWN LLP<br>101 California Street, 21st Floor | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 7 | San Francisco, CA 94111<br>Telephone: (415) 591-1000 | 2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306 |
| 8 | *jgolinveaux@winston.com*<br>*slooker@winston.com* | Telephone: (650) 858-6000<br>*chris.johnstone@wilmerhale.com* |
| 9 | | |
| 10 | Jeff Wilkerson, SBN 284044<br>WINSTON & STRAWN LLP | Jennifer Milici (*pro hac vice*)<br>WILMER CUTLER PICKERING |
| 11 | 300 South Tryon Street, 16th Floor<br>Charlotte, NC 28202 | HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW |
| 12 | Telephone: (704) 350-7700<br>*jwilkerson@winston.com* | Washington, DC 20037<br>Telephone: (202) 663-6000 |
| 13 | | *jennifer.milici@wilmerhale.com* |
| 14 | *Attorneys for Plaintiff Musi Inc.* | |
| 15 | | Mark Ford (*pro hac vice*)<br>WILMER CUTLER PICKERING |
| 16 | | HALE AND DORR LLP<br>60 State Street |
| 17 | | Boston, MA 02109<br>Telephone: (617) 526-6000 |
| 18 | | *mark.ford@wilmerhale.com* |
| 19 | | *Attorneys for Defendant Apple Inc.* |

**SIGNATURE ATTESTATION**

I, Chris Johnstone, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: July 16, 2025

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By: */s/ Chris Johnstone*
Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

*Attorney for Defendant Apple Inc.*